# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**RUBEN ESCANO,** *Pro se,*

    Plaintiff,

                                                                               No. 2:22-cv-00360-KRS-GJF

**vs.**

**RCI, LLC et al.**

    Defendants.

## DEFENDANT MEXICAN RIVIERA RESORTS UNLIMITED'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, MEXICAN RIVIERA RESORTS UNLIMITED S.A. DE C.V. ("MXRRU"), by and through its undersigned counsel, moves the Court for an order dismissing the Complaint filed by Plaintiff, RUBEN ESCANO, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds:

1.     Plaintiff alleges violations for telephone calls made outside of the applicable statute of limitations for which no relief may be granted.

This motion is based on the pleadings, the record in this matter, and on the arguments made and authorities cited below in the incorporated Memorandum of Law.

### RELEVANT FACTS

On April 4, 2022, Plaintiff filed a Complaint for alleged violations of the Federal Telephone Consumer Protection Act, the New Mexico Unfair Trade Practices Act, and for common law trespass to chattel.

Among the alleged violations, Plaintiff alleges he was called on February 8, 2018 and April 3, 2018. *See Compl. at ¶¶ 88-90*. The February 8, 2018 telephone call occurred four years, one

month, three weeks, and six days prior to the filing of the complaint (1,516 total days). The April 3, 2018 telephone call occurred four years and one day prior to the filing of the complaint (1,462 total days).

## MEMORANDUM OF LAW

### I. Plaintiff's Alleged Violations are Time Barred

The Telephone Consumer Protection Act ("TCPA"), a federal statute that regulates telemarketing calls and provides a private right of action for alleged violations, provides for a four-year statute of limitations as to those actions. While the TCPA itself does not specify a statute of limitations, courts have long held that the federal "catch-all" statute of limitations for actions, 28 U.S.C.S. § 1658(a), governs TCPA actions. See *Giovanniello v. ALM Media, LLC*, 726 F.3d 106 (2d Cir. 2013). Section 1658(a) states "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." Of Plaintiff's fourteen counts in his Complaint, seven (Counts I through VII) arise from the TCPA and are thus governed by a four-year statute of limitations.

The New Mexico Unfair Trade Practices Act ("UPA"), under which Plaintiff alleges various violations of Section 57-12-22, is also governed by a four-year statute of limitations. Like the TCPA, the UPA does not itself specifically define its statute of limitations. However, New Mexico law states that limitation of actions for "all other actions not herein otherwise provided for and specified [are] four years." NMSA 1978, § 37-1-4 (2021). Of Plaintiff's fourteen counts in his Complaint, six (Counts VIII through XIII) arise from the UPA and are thus governed by a four-year statute of limitations.

Similarly, Plaintiff's lone common law count of trespass to chattel, Count XIV, is governed

by the "catch-all" statute under New Mexico law as a four-year statute of limitations. NMSA 1978, § 37-1-4 (2021).

> In deciding a motion under Rule 12(b)(6), the Court assumes that all of the plaintiffs' well-pleaded factual allegations are true and views them in the light most favorable to the plaintiffs. At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.

*Electric v. Colo. Cas. Ins. Co.*, No. 1:15-cv-01172 RB/WPL, 2016 U.S. Dist. LEXIS 186985, at *6-7 (D.N.M. May 10, 2016) (internal citations omitted).

Here, Plaintiff has pled no instances of a tolling of the statute of limitations. It is clear, even in a light most favorable to the Plaintiff, that some of the calls alleged to be violations of the TCPA, UPA, and New Mexico common law, are outside the bounds of the applicable four-year statute of limitations. Specifically, Plaintiff alleges calls made on February 8, 2018 and April 3, 2018. These calls are clearly outside the applicable statute of limitations for a lawsuit filed on April 4, 2022. Thus, Plaintiff has not pled a claim upon which relief can be granted for those calls, and they should be dismissed with prejudice.

**II.     Conclusion**

Based on the foregoing, Plaintiff's Complaint should be dismissed to the extent some of the alleged telephone calls made fall outside the applicable statute of limitations, and for any other relief this Court deems just and proper.

Dated: May 16, 2022

MALDEGEN, TEMPLEMAN & INDALL, LLP

By: */s/ Michael J. Moffett*
    Michael J. Moffett, Esq.
    1440 S. St. Francis Dr., Ste B
    Santa Fe, New Mexico 87505
    Telephone: (505) 982-4611
    mmoffett@cmtisantafe.com

*Attorneys for Defendant MEXICAN RIVIERA RESORTS UNLIMITED S.A. DE C.V.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day via email and First-Class Mail upon *Pro Se* Plaintiff Ruben J. Escano at rubenescano@gmail.com and 2311 Ranch Club Road, Suite #2-180, Silver City, NM 88061.

*/s/ Michael J. Moffett*
Michael J. Moffett, Esq.