UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RUBEN ESCANO,

    Plaintiff,

v.                                                                                     Civ. No. 22-360 DHU/GJF

RCI LLC, TIMESCAPE RESORTS LLC,
STEPHEN BRADLEY, MEXICAN
RIVIERA RESORTS UNLIMITED, and
JOHN DOES 1–10,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

THIS MATTER is before the Court on Plaintiff's Motion to Commence Limited Discovery on Defendant Mexican Rivera Resorts Unlimited (MXRRU) and Nonparties to Avoid Destruction of Records [ECF 29] (Motion). The Motion is fully briefed. *See* ECFs 34–35 (respective responses by Defendants RCI, LLC and MXRRU), 40 (reply). As discussed below, the Motion's request for expedited discovery lacks sufficient good cause. Consequently, the Court will **DENY** the Motion.[1]

**I. BACKGROUND**

Plaintiff requests that—before discovery in this case would normally commence—"the Court order that he be permitted to serve discovery on MXRRU and nonparty telephone service providers used by MXRRU executives." ECF 29 at 1–6. Plaintiff seeks such "limited discovery" on an expedited basis so that he may obtain business-related "call and text message records [made

---

[1] The Court issues this order separate and apart from its Proposed Findings and Recommended Disposition on Defendants' Motions to Dismiss (PFRD) [ECF 58]. The Court does so because it has been "assigned as [the] pre-trial Magistrate Judge … to preside over all non-dispositive pre-trial matters" in this case. D.N.M.LR-Civ. 73.1(a); *see also* 28 U.S.C. § 636(b)(1)(A) (authorizing United States magistrate judges to be designated to "hear and determine any pretrial matter pending before the court"); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988) (observing that "[d]iscovery is clearly a pretrial matter").

via 'personal cell phones' or otherwise] of executives of MXRRU, indicating communications between those executives and Timescape"—thus "further establish[ing] the joint enterprise between MXRRU and Timescape." *Id.* at 4–5; ECF 40 at 4 & n.4. Plaintiff fears that—"[w]ithout an *immediate* gathering of [these] records"—such records "may be destroyed or purged before [they] can be obtained by ordinary discovery." ECF 29 at 3–5 (emphasis added) (asserting that "many of the major telecommunications providers will only retain call record information for 12 to 18 months" (citing Ex. A: U.S. Department of Justice, Computer Crime and Intellectual Property Section – Retention Periods of Major Cellular Service Providers (Mar. 2011)).

For their part, RCI and MXRRU contend that the Motion is premature in light of the pending dispositive motions. ECF 34 at 4; *see also* ECF 35 at (representing that "MXRRU . . . joins in and adopts" RCI's response). In addition, they argue that Plaintiff has not shown good cause because (1) the request is "not narrowly tailored" and (2) "Plaintiff fails to demonstrate how he will be prejudiced" without such expedited discovery—e.g., by explaining "why the ordinary discovery process does not provide sufficient protections against destruction." ECF 34 at 3–7. RCI and MXRRU represent that they are "aware of [their] preservation obligations and [are] in compliance with them." *Id.* at 6.

MXRRU separately contends that Plaintiff's sense of urgency (1) inappropriately relies on an 11-year-old law enforcement publication addressing retention policies of major cellular service providers and (2) is inconsistent with the timing of his request. *See* ECF 35 at 2–3. In addition, MXRRU argues that Plaintiff's request is objectionable because it makes "no attempt to define a

timeframe for the requested intrusion into [MXRRU executives'] personal cell phones"—thus raising issues of proportionality, privacy, and confidentiality. *Id.* at 3–4.

## II. DISCUSSION

### A. Applicable Legal Standard

"Under Rule 26(d)(1), the Court *may* grant expedited discovery outside the normal timing and sequence of discovery—i.e., prior to the parties' conferring—for good cause." *United States ex rel. Kuriyan v. Health Care Servs. Corp.*, Civ. No. 16-1148 JAP/KK, 2019 U.S. Dist. LEXIS 236324, at *9 (D.N.M. Jul. 23, 2019) (Khalsa, J.) (emphasis added) (citation omitted). To be sure, however, "[t]he party seeking expedited discovery has the burden of demonstrating good cause"—thus helping to ensure "the fairness of civil litigation." *Id.* (quotation and citation omitted). Furthermore, "courts should not grant such leave without some showing of the necessity for the expedited discovery." *Id.* (quotation omitted). Although "[g]ood cause could be found . . . when the physical evidence may be destroyed with the passage of time," expedited discovery "is frequently appropriate in cases involving requests for preliminary injunction." *Falcon Indus. v. Combat Optical, Inc.*, Civ. No. 12-679 JCH/ACT, 2012 U.S. Dist. LEXIS 198345, at *4–5 (D.N.M. Sept. 26, 2012) (Torgerson, J.) (citing cases).[2] Importantly, "[t]he District Court has *wide discretion* in its regulation of pretrial matters." *Si-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) (emphasis added).

---

[2] *See also Ellsworth Assocs., Inc. v. U.S.A.*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings."); *Falcon*, 2012 U.S. Dist. LEXIS 198345, at *8–9 (finding plaintiff's assertion that "the information it [sought] . . . 'may be' destroyed [was] a less than compelling reason to depart from the orderly approach to discovery contemplated by Rule 26 especially in light of the confidential nature of the files sought").

**B. Analysis**

The Court begins by noting that Plaintiff's concerns regarding any 12-to-18-month "records-destruction" deadline are essentially obviated by the timing of his June 2022 motion for expedited discovery—regardless of how reasonable the timing of this motion may be in light of his efforts to prosecute his case. Specifically, of the 26 calls identified in the Complaint as having occurred between April 2018 and January 2021, *see* Compl. [ECF 1-1] at ¶¶ 90–118, only three calls (made in January 2021) were within this 12-to-18-month window (by about a month) when Plaintiff filed his motion in June 2022. But after accounting for the parties' normal briefing schedule and the Court's docket, there is no more 12-to-18-month window to be concerned with—at least with regards to records of calls and text messages of MXRRU executives that existed in the servers of nonparty telephone service providers before May 2021 (i.e., well after the last offending call was made in January 2021).

Furthermore, Plaintiff provides no specific timeframe for the records he is seeking. *See* ECFs 29, 40. And neither does he provide sufficient assurance for this Court to conclude that such records (in the possession of unspecified nonparty telephone service provider(s) for as-yet unspecified timeframe(s)) are on the cusp of imminent destruction—and will forever disappear unless the Court expedites their discovery. *See* ECF 29 at 4–5. Moreover, as RCI and MXRRU note, Plaintiff has failed to show how the ordinary discovery procedures and protections afforded him in this case are insufficient—particularly in light of RCI and MXRRU's representation that they will remain in compliance with their evidence-preservation obligations. *See id.* at 5.[3] In

---

[3] *See also Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009) (observing that (1) "plaintiffs . . . should seek sanctions under Federal Rule of Civil Procedure 37 to remedy any prejudice caused by spoliation"; (2) spoliation sanctions are proper when "a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and . . . the adverse party was prejudiced by the destruction of the evidence"; and (3) "an adverse inference [may] remedy the spoliation" in instances of bad faith (quotation omitted)).

addition, Plaintiff has failed to convince this Court of the *necessity* of obtaining these executives' cellphone records on an *expedited* basis to "*further establish* the joint enterprise between MXRRU and Timescape." *Id.* at 4–5 (emphasis added).  For instance, Plaintiff's cursory explanation has not convinced the Court that such a connection can likely only be established—or receive the necessary bolstering—through particular phone records that also happen to be on the brink of extinction.  *See id.* at 4–5.

In light of the foregoing, the Court concludes that Plaintiff has not shown the required good cause for this expedited discovery of MXRRU executives' phone records.  Consequently, the Court will exercise its wide discretion to deny this request.  Plaintiff must therefore await "the orderly approach to discovery contemplated by Rule 26." *Falcon*, 2012 U.S. Dist. LEXIS 198345, at *8.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **DENIED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE