UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RUBEN ESCANO,

    Plaintiff,

v.                                                                Civ. No. 22-360 DHU/GJF

RCI LLC, TIMESCAPE RESORTS LLC,
STEPHEN BRADLEY, MEXICAN
RIVIERA RESORTS UNLIMITED, and
JOHN DOES 1–10,

    Defendants.

## DISCOVERY ORDER

THIS MATTER is before the Court pursuant to the parties' discovery disputes as reflected in two emails to the Court: one from Plaintiff on July 11, 2023, and one from Timescape and Bradley on July 20, 2023. The Court held a hearing on these disputes on July 31, 2023. *See* ECF 115 (clerk's minutes). For the reasons stated on the record at the hearing, **IT IS ORDERED** as follows.

I. **Plaintiff's Interrogatories to Timescape (Nos. 2–4, 7, 12, 15, 19–25)**

    a. Nos. 2–4: Timescape sufficiently answered the interrogatories.[1]

    b. No. 7: If Plaintiff will provide Timescape with the dates on which Plaintiff's "previous letters" were sent to Timescape, then Timescape shall supplement its answer to include any pre-litigation investigation(s) into such letters. If Timescape wishes to withhold any such information as privileged, it shall disclose a privilege log.

    c. Nos. 12, 15: Timescape sufficiently answered the interrogatories.

    d. No. 19: Timescape's relevance objection under Fed. R. Civ. P. 26(b)(1) is sustained.

    e. No. 20: If Plaintiff will provide Timescape with the applicable date restriction to this

---

[1] The Court reminds the parties that Federal Rule of Civil Procedure 26(e) imposes on them a continuing duty to supplement responses to interrogatories, requests for production, and requests for admission. Furthermore, if any Defendant wishes to withhold any responsive *pre-litigation* information on the basis of attorney-client privilege or the work product doctrine, the information withheld must be disclosed in a privilege log. Responsive *post-litigation* information that is withheld on this basis does not need to be disclosed on a privilege log.

    interrogatory, then Timescape shall supplement its answer.

    f. No. 21: Timescape's relevance objection is sustained.

    g. No. 22: Although it need not disclose its monthly revenue, Timescape shall supplement its answer to address how, if at all, Timescape acquired timeshare owners since August 2016.

    h. No. 23: Timescape's objection is sustained.

    i. No. 24: If Timescape intends to withhold anything in response to Plaintiff's pre-litigation letters, it shall disclose a privilege log.

    j. No. 25: Timescape sufficiently answered the interrogatory.

## II. Plaintiff's Requests for Production (RFPs) to Timescape (Nos. 1–2, 5, 7, 10–15)

    a. No. 1: Timescape sufficiently answered the request.

    b. No. 2: The Court will postpone ruling on Plaintiff's objections until Plaintiff (1) sufficiently narrows the scope of the request, including the applicable timeframe, and (2) properly presents any updated objection(s) (based on Timescape's response to the narrowed request) to the Court that the parties could not resolve between themselves.

    c. No. 5: The Court will not consider Plaintiff's objections unless Plaintiff (1) sufficiently narrows the scope of the request to seek only relevant and proportional information, (2) gives Timescape an opportunity to answer the renewed request, and (3) properly presents any resulting objection(s) to the Court that the parties could not resolve between themselves.

    d. Nos. 7, 10: Timescape sufficiently answered the requests.

    e. No. 11: Timescape shall supplement its production. In doing so, if Timescape maintains its position that "it has no documents responsive to this request," Timescape shall not qualify this position by referring to "[documents] that are relevant to the subject matter of this case," given the Court's role in assessing relevance.

    f. No. 12: Timescape shall produce, subject to the protective order [ECF 101], the consolidated chargeback report (or similar report) that is maintained by Timescape for the 2018 calendar year. If Timescape is unable to comply with this particular order, it shall email the Court and the parties, explaining what is preventing it from complying with this order.

    g. No. 13: Although the Court overrules Timescape's objections, the Court finds that Timescape sufficiently answered the request.

    h. Nos. 14–15: Timescape sufficiently answered the requests.

**III. <u>Plaintiff's Interrogatories (Nos. 3–4, 6) and RFPs (Nos. 1–3, 5) to Bradley</u>**

    a. Interrogatory Nos. 3–4, 6: Bradley sufficiently answered the interrogatories.

    b. RFP No. 1: Bradly to supplement by disclosing a privilege log for any otherwise responsive documents withheld as privileged.

    c. RFP Nos. 2, 3, 5: Bradley sufficiently answered the requests.

**IV. <u>Plaintiff's Interrogatories to RCI (Nos. 1–6, 8–11, 13, 15–17)</u>**

    a. No. 1: The Court sustains RCI's overbreadth objection and overrules RCI's "unduly burdensome" and "equally accessible" objections.

    b. No. 2: RCI shall supplement its answer by explaining the nature of RCI's relationship with "(1) Orlando Arroyo; (2) Promotora Sunset Beach Club S.A. de C.V.; (3) Ascendant Holidays, LLC; (4) Timescape Resorts, LLC; (5) Stephan Bradley; (6) Calypso Cay Resort; (7) Calypso Cay Vacation Villas Owners Association, Inc. and (8) Jorge Bravo."

    c. No. 3: RCI shall supplement its response to include reference to any contracts that it had during the relevant period with the eight entities or individuals listed above. (RCI, however, may redact the dollar figures within these contracts.) RCI's supplemental response shall also include references to any awards, commissions, or fees that RCI gave to any of these eight entities or individuals during the relevant period (but may redact dollar figures).

    d. No 4: If Plaintiff desires more information beyond what he was provided through RCI's response to interrogatory number 2, Plaintiff must serve additional interrogatories that name specific entities/individuals.

    e. No. 5: RCI sufficiently answered the interrogatory.

    f. No. 6: Plaintiff may reframe this interrogatory to first establish that RCI had something like a "marketing division." Plaintiff can then ask for a description of such a division.

    g. No. 8: RCI must submit an answer, limited to the timeframe of January 1, 2017, through January 1, 2021, that addresses how many demand letters or lawsuits it received and/or was named in involving TCPA violations or allegations.

    h. No. 9: RCI must supplement its answer by identifying any third-party with which RCI has had an unprivileged communication about this lawsuit.

    i. No. 10: The Court's order regarding interrogatory number 3 above resolves this issue.

    j. No. 11: RCI sufficiently answered the interrogatory. If Plaintiff wants further information regarding this issue, he may obtain that information through a deposition.

    k. No. 13: As agreed by RCI, RCI shall provide to Plaintiff the applicable SEC statement for RCI's parent company, Travel and Leisure.

    l. No. 15: RCI sufficiently answered the interrogatory. If Plaintiff wants further information regarding this issue, he may obtain that information through a deposition of RCI's Rule 30(b)(6) witness. Plaintiff may also substantially narrow his request to address the overbreadth and unduly burdensome objections the Court has sustained.

    m. No. 16: For calendar year 2018, RCI shall provide the total number of people who were owners of timeshare interests at Calypso Cay Resort or Sunset World Group who "utilized RCI's timeshare exchange network to stay at other properties within RCI's timeshare exchange network."

    n. No. 17: As agreed by RCI, RCI shall provide a privilege log for any responsive information that preceded the filing of this lawsuit that RCI seeks to withhold as privileged.

## V. Plaintiff's RFPs to RCI (Nos. 1–7)

    a. No. 1: RCI sufficiently answered the request.

    b. No. 2: RCI's overbreadth objection is sustained. If Plaintiff wants further information, he must refine and/or itemize his requests in separate RFPs.

    c. No. 3: RCI must supplement its disclosure with unprivileged, responsive documents.

    d. No. 4: The request is multiplicitous and disproportionate. RCI's objections are therefore sustained.

    e. No. 5: The agreements that RCI had during the relevant period with the eight individuals/entities in interrogatory number 2 will be disclosed.

    f. Nos. 6–7: RCI sufficiently answered the requests.

## VI. Timescape and Bradley's RFPs (Nos. 1–6)

    a. No. 1: Plaintiff must disclose all document and tangible things identified in his initial disclosures, including (1) copies of the audio recordings of his telephone calls and (2) the seven categories of documents—in unredacted format—identified in the second paragraph of Timescape/Bradley's July 20, 2023, email.

    b. After in camera review of the redacted and unredacted versions of the excerpt of Plaintiff's personal phone records, which Plaintiff provided to the Court on August 2, 2023, the Court will allow permit Plaintiff to disclose the records as redacted. The Court finds that, at least as of the date of this Order, the redacted information is not relevant to any claim or defense.

c.  No. 2: Plaintiff's objections are overruled.  Plaintiff must disclose "[c]opies of . . . any documents containing information or disclosing facts about the telemarketing calls underlying the claims in [Plaintiff's] Complaint and [his] allegations of liability for those calls against defendants in this case."  If Plaintiff wishes to invoke the work product doctrine for this or any other request, he must provide a privilege log and a motion for protective order to support his legal position.[2]

d.  No. 3: Plaintiff's objections are overruled.  Unless Plaintiff convinces the Court by motion for protective order that Rule 26 permits him to withhold responsive documents, Plaintiff must disclose "[c]opies of any documents . . . containing information or disclosing facts about the telemarketing calls underlying the claims [his] your complaint in *Escano I* and [his] allegations of liability for those calls against defendants in that case."

e.  No. 4: Plaintiff's objections are overruled.  Unless Plaintiff convinces the Court by motion for protective order that Rule 26 permits him to withhold responsive documents, Plaintiff must disclose the requested documents.

f.  No. 5: Plaintiff's objections are overruled.  Unless Plaintiff convinces the Court by motion for protective order that Rule 26 permits him to withhold responsive documents, Plaintiff must disclose the requested documents (or affirm that no such documents exist).

g.  No. 6: Although Plaintiff already provided certain damage information, Plaintiff must either (1) supplement his response if he intends to rely on any not-yet-disclosed damage information or (2) confirm that there is no additional damage information to disclose.

h.  As to Timescape's request that the Court order Plaintiff to disclose all copies of documents received from third-parties pursuant to Rule 45 subpoenas, the Court will require Timescape to propound a formal RFP to that effect.  The Court reminds Plaintiff that he will not be able to use at trial any documents, electronically stored information, or tangible things that he did not produce in pretrial discovery.

**IT IS FURTHER ORDERED** that the deadline for the parties to comply with the above rulings is **August 14, 2023**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court is mindful that Federal Rule of Civil Procedure 26(b)(b)(3) permits a *party* to withhold disclosure of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."  The Court further notes that the language of Rule 26(b)(3) is broad enough to include pro se parties and not just those represented by counsel.