IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RUBEN J. ESCANO,**
    **Plaintiff,**

                                                **CASE NO: 2:22-CV-00360-DHU-GJF**

    **v.**

**RCI, LLC, a Delaware corporation;**
**TIMESCAPE RESORTS, LLC, Florida**
**Limited Liability Company, d/b/a CALYPSO**
**CAY RESORT; STEPHEN BRADLEY, an**
**Individual; MEXICAN RIVIERA RESORTS**
**UNLIMITED S.A. DE C.V., CO., a Country**
**Of Mexico corporation, d/b/a SUNSET WORLD**
**GROUP; and JOHN DOES 1 through 10,**
    **Defendants.**
_____/

**DEFENDANTS TIMESCAPE RESORTS, LLC AND STEPHEN BRADLEY'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
REGARDING PRO SE WORK PRODUCT**

Defendants Timescape Resorts, LLC and Stephen Bradley (together, "Timescape") file their response in opposition to the Motion for Protective Order Regarding Pro Se Work Product (ECF 119) (the "Motion") filed by Plaintiff Ruben Escano ("Plaintiff"), and state as follows:

**SUMMARY OF ARGUMENT**

Plaintiff's Motion only establishes that a party, including a pro se plaintiff, may validly assert the work-product privilege in documents the party prepares in anticipation of litigation. But it goes no further. The Motion fails to establish the applicability of the work-product privilege to the documents he seeks to withhold from discovery. Plaintiff does not even disclose to the Court what documents he is withholding, or attach a privilege log to his Motion. Rather, he makes a blanket assertion of work product privilege in "correspondence, legal notes, and investigative notes" and asks the Court to enter a protective order preventing Timescape from obtaining documents requested in discovery six months ago. The Motion must be denied, as Plaintiff fails

1

to satisfy his burdens of demonstrating the work product doctrine applies, and that good cause exists to support the entry of a protective order under Fed. R. Civ. P. 26(c).

Moreover, two privilege logs that Plaintiff has provided Timescape (and not the Court) show on their face the deficiency of Plaintiff's work product claims.[1]  They do not satisfy the minimum requirements for a privilege log under Rule 26(b)(5)(A), lacking sufficient information to enable Timescape to assess his claims of work product based on "investigative notes" and "legal theories."  More glaringly, Plaintiff makes an absurd assertion of work product for his "legal theories" in seven pre-suit demand letters *that he sent to third parties claiming they were liable for the telemarketing calls in this case, including the defendants*.  Plaintiff has no basis to assert work product in communications he sent to third-party adversaries as a basis to withhold discovery sought by Timescape in this case.[2]  His wildly overbroad application of the work product doctrine suggests his selection of redactions for "investigative work" in his notes of the telemarketing calls, and recently disclosed Word and Excel documents he is withholding entirely as "investigative notes" or "legal theories," is an attempt to hide unfavorable facts from Timescape.

Accordingly, Plaintiff has failed to satisfy his burden to show the work product doctrine applies to justify a protective order withholding relevant discovery from Timescape, and the Motion should be denied outright.  Alternatively, the Court should deny his Motion in part in regard to the pre-suit demand letters, and conduct an *in camera* inspection of his redacted notes and spreadsheets to verify he is not hiding facts that Timescape is entitled to discover in this action.

---

[1] *See* First Privilege Log and Second Privilege Log, attached hereto respectively as **Exhibit "1"** and **Exhibit "2"**.

[2] Even if he did, Plaintiff would have waived the privilege by not originally raising work product in response to Timescape's request for these documents.  He only raised work product in a supplemental discovery response after the Court's lengthy discovery conference.  Also, he has already produced one of these letters (Escano-000021-000023), and Timescape has itself produced another one in response to Plaintiff's discovery. *See* Ltr. from R. Escano, attached as **Exhibit "3"**.

**RELEVANT PROCEDURAL BACKGROUND**

1. On February 20, 2023, Timescape served their First Requests for Production of Documents to Plaintiff ("First RFP"), seeking six categories of documents including copies of Plaintiff's notes of the telemarketing calls at issue in this case that he had disclosed in his Initial Disclosures and copies of his communications with any third party that he had accused of being liable for the calls underlying his claims in this case ("Request No. 4").

2. On March 22, 2023, Plaintiff responded to the First Request with boilerplate objections, asserting a claim of work product privilege to every request except Request No. 4, and refusing to provide any specific responses or produce documents. *See* Response (**Exhibit "4"**).

3. After conferring with Timescape on his objections on June 23, 2023, Plaintiff produced a heavily-redacted copy of his "contemporaneous notes" on July 12, 2023, and six months of telephone statements on July 13, 2023, all of which he also marked "confidential" pursuant to the Confidentiality Order (ECF 101) in this case.

4. On July 31, 2023, several hours before a discovery conference with this Court, Plaintiff produced his First Privilege Log (Exh. 1) claiming a work product privilege for "investigative work" as the basis for his redaction of his "contemporaneous notes," which was the only claim of work product by Plaintiff at issue during the discovery conference.

5. On August 10, 2023, the Court entered a Discovery Order overruling all of Plaintiff's objections to Timescape's discovery and ordering him to produce all responsive documents "[u]nless Plaintiff convinces the Court by motion for protective order that Rule 26 permits him to withhold responsive documents," and he provides a privilege log. ECF 116, at 5.

6. On August 14, 2023, Plaintiff filed the Motion asserting work product privilege in documents he described only as "correspondence, legal notes, and investigative notes," while he

3

also served Supplemental Responses to Timescape's First RFP (**"Exhibit "5"**) asserting *for the first time* a work product objection to Request No. 4 and served the Second Privilege Log (Exh. 2) disclosing *for the first time* that he was withholding eight (8) Excel spreadsheets, seven (7) Word documents, and seven (7) letters based upon a claim of work product privilege described only as "investigative notes" or "legal theories."

7.      In his Motion, Plaintiff falsely suggested that he attempted to confer in good faith before filing the Motion, and counsel for Timescape ignored his calls, but counsel for Timescape had no advance notice of the Motion because Plaintiff (he later disclosed) had called the telephone number of counsel's prior law firm. Plaintiff made no effort to email counsel for Timescape.

8.      Nevertheless, counsel for Timescape coordinated a telephone conference with Plaintiff on August 25, 2023, to resolve or narrow the issues in the Motion, and suggested that Plaintiff withdraw his assertion of work product in the third-party letters he was withholding and submit his notes and spreadsheets to the Court for an *in camera* inspection, but Plaintiff refused to consider this suggestion, and even threatened to pursue sanctions against Timescape if it opposed his Motion.

## ARGUMENT

### I.      Legal Standards

Under Fed. R. Civ. P. 26(c), a Court may grant a protective order when it is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order bears the burden to show "good cause" for the protective order, and "good cause" requires the party to submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan.1996); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16,

101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).  The movant for a protective order must initiate the request for protection in a timely manner, and the Tenth Circuit has held that "a motion under [rule] 26(c) for protection ... is timely filed if made before the date set for production." *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 669 F.2d 620, 622 n. 2 (10th Cir.1982)(citing *United States v. Int'l Bus. Mach. Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y.1976)).

Under the Tenth Circuit's definition, Plaintiff's request for a protective order is untimely because it was filed nearly six months after the date of production (March 20, 2023) in response to the First RFP.  With respect to the Plaintiff's assertion of work product in his "contemporaneous notes" at the time of the discovery conference, Plaintiff's Motion was timely filed as permitted under the Court's Discovery Order.  However, his efforts to bootstrap onto his Motion his previously undisclosed assertion of work product in letters and notes in Word and Excel documents is untimely, and should be rejected on that basis alone. Plaintiff's Motion otherwise depends solely upon whether he has asserted a valid claim of work product, which is the only basis for good cause offered to justify a protective order.

The work product doctrine protects against "disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative," which also "'applies equally to pro se parties.'"  *Ortego v. N. Mex. Legal Aid, Inc.*, 2019 WL 5864784, *3 (D. N.M. Nov. 8, 2019) (quoting *U.S. v. Melot*, 2012 WL 12898791, at *3 (D.N.M. Aug. 6, 2012)).  "However, like any other privilege limiting discovery, the work-product doctrine is narrowly and strictly construed."  *Id.*  Furthermore, the party asserting the work product privilege as grounds to withhold relevant discovery has the burden of establishing that it is applicable.  *Barclaysamerican Corp. v. Kane,* 746 F. 2d 653, 656 (10th Cir. 1984).  "A blanket assertion of the work-product doctrine does not satisfy the burden of the party asserting the protection."  *Ortega,* 2019 WL

5

5864784 at *3 (citing *Burke v. Glanz*, 2013 WL 3994634, at *1 (N.D. Okla. Aug. 5, 2013)). Additionally, the work product doctrine is not absolute, and can be waived through disclosure to third parties and other conduct inconsistent with the privilege. *See In re Qwest Commc'ns Int'l, Inc.,* 450 F.3d 1179, 1185 (10th Cir. 2006).

Most notably, the work product doctrine "does not protect facts contained within the work product but is meant rather to provide protection for legal impressions and strategies." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995).

## II. Plaintiff's Motion Fails to Demonstrate the Work Product Doctrine Applies to Withhold Relevant Discovery from Timescape, and Lacks Good Cause to Support a Protective Order

In his Motion, Plaintiff makes a blanket assertion of work product privilege in "correspondence, legal notes, and investigative notes." He neither describes specific documents he is withholding, nor explains the basis for his claim of a work product privilege in his "legal notes," "investigative work," or "investigative notes." As such, his Motion fails to satisfy his burden to make a "particular and specific demonstration of fact" as required to show good cause for a protective order, or to provide a "detailed and specific showing" justifying his claims of work product, through a privilege log or otherwise, which must be narrowly and strictly construed. *Shivers*, 164 F.R.D. at 256; *Kannaday v. Ball*, 292 F.R.D 640, 645 (D. Kan. 2013). Without such a showing, Timescape and the Court cannot assess whether Plaintiff's work product claims seek protection of his legal impressions and strategies, or improperly conceal facts that Timescape is entitled to discover to defend this case.

The detailed and specific showing required to assert a valid claims of work product are typically made through a privilege log as described in Rule 26(b)(5)(A):

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection

6

> as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Plaintiff's assertion of the work-product doctrine in his Motion is woefully deficient based on the foregoing standards. He has not provided a privilege log to the Court, nor has he described the nature of the documents withheld in a manner that would enable the Court and Timescape to assess his entitlement to the doctrine's protection. The privilege logs that Plaintiff has furnished to Timescape, which are being presented to the Court for the first time with this response, are similarly defective to assert a valid claims of work product privilege. Plaintiff's privilege logs do not comply with the minimum standards articulated by the *Ortega* court that he cites in his own Motion:

> At a minimum, Ms. Ortega's [the *pro se* plaintiff in that case] privilege log must indicate: (a) the type of document, e.g., handwritten notes, calendar entry, journal entry; (b) the date(s) on which the document was prepared; (c) the identity of all person(s) who participated in preparing the document and, for persons other than Plaintiff, the nature of each such person's association with Plaintiff; (d) the identity of all person(s) who have reviewed the document and the nature of each such person's association with Plaintiff; (e) a general description of the topic(s) the document addresses; (f) the reason(s) the document was prepared; and, (g) the document's length.

*Ortega*, 2019 WL 5864784 at *4.

Plaintiff's privilege logs fail to specify the dates upon which his hand-written notes were prepared, do not indicate the identities of any other persons who reviewed any of the documents, including the letters that he sent to third parties, and none of his entries contain a general description of the topics addressed in the documents withheld that would enable Timescape, and the Court, to assess what discoverable facts are contained in the documents.

Notwithstanding the defects in his actual privilege logs, Plaintiff has no good faith basis to assert work product in letters or communications that he sent to third-party adversaries as grounds to withhold communications that Timescape requested in discovery in February.  He never raised a work product objection to Request No. 4 when he originally responded to this discovery request in March.  He should not be permitted to raise a work product objection for the first time only after the Court conducted a 5+-hour discovery conference and overruled all of his timely asserted objections.  In any event, Plaintiff's untimely work product objection to Request No. 4 was facially defective because he cannot claim work product in pre-suit communications he sent to third parties who he had accused of making the telemarketing calls at issue in this case, including letters to Defendants in this lawsuit.  Indeed, his attempt to assert work product in these documents raises a reasonable suspicion in Timescape that Plaintiff is trying to hide facts unfavorable to his case through selective redactions of his notes of the telemarketing calls, and his wholesale withholding of Word and Excel documents pertaining to this case that he only recently disclosed.

Accordingly, the Motion must be denied because Plaintiff fails to satisfy his burdens to provide a "detailed and specific showing" justifying his claims of work product and show good cause for a protective order.

## CONCLUSION

Timescape respectfully requests that the Court enter an Order denying the Motion, as aforesaid, and immediately order Plaintiff to produce all documents he is withholding based on a claim of work product privilege.  Alternatively, Timescape respectfully requests that the Court deny his Motion in part in regard to the letters, ordering Plaintiff to produce all letters and any drafts immediately, and to conduct an *in camera* inspection of his unredacted notes of the

8

telemarketing calls, and his Excel spreadsheets and Word documents, to assess his claims of work product in them.

| | |
|---|---|
| Dated: August 28, 2023 | /s/ *Brian R. Cummings* <br> Brian R. Cummings, Esq. <br> Florida Bar No. 25854 (*Pro Hac Vice*) <br> STINSON LLP <br> 100 S. Ashley Drive, Suite 500 <br> Tampa, FL 33602 <br> Phone: (813) 534-7334 <br> Brian.Cummings@stinson.com <br><br> Steven J. Lucero, Esq. <br> New Mexico Bar No. 137288 <br> GREENSPOON MARDER LLP <br> 500 Marquette NW, 12th Floor <br> Albuquerque, NM 87102 <br> Phone: (888) 491-1120 <br> Steven.Lucero@gmlaw.com <br> *Attorneys for Defendants* <br> *Timescape Resorts, LLC and Stephen Bradley* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document is being served this 28th day of August, 2023, via email as follows: pro se Plaintiff Ruben J. Escano, 2311 Ranch Club Road, Suite #2-180, Silver City, NM 88061, rubenescano@gmail.com; rjescano@gmail.com; Melanie B. Stambaugh and Angelica M. Lopez, Rodey, Dickason, Sloan, Akin & Robb, P.A., Post Office Box 1888, Albuquerque, New Mexico 87103, mstambaugh@rodey.com, alopez@rodey.com; Joseph C. Wylie II, K&L Gates, LLP, 70 West Madison, Suite 3100, Chicago, Illinois 60602, joseph.wylie@klgates.com; and by mail to: Mexican Riviera Resorts Unlimited, Boulevard Kukulkan Km 7, Cancun, Quintana Roo, Mexico, Phone: 01152 998 2874100 ext. 6106 | (800) 040-3635.

/s/ Brian R. Cummings
Brian R. Cummings, Esq.

9

10