UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RUBEN ESCANO,

    Plaintiff,

v.                                                              Civ. No. 22-360 DHU/GJF

RCI LLC, TIMESCAPE RESORTS LLC,
STEPHEN BRADLEY, MEXICAN
RIVIERA RESORTS UNLIMITED, and
JOHN DOES 1–10,

    Defendants.

## ORDER ALLOWING WITHHOLDING OF WORK PRODUCT

THIS MATTER is before the Court on Plaintiff's Motion for Protective Order Regarding Pro Se Work Product [ECF 119] ("Motion"). The Motion is fully briefed. *See* ECFs 124 ("Resp."), 129 ("Reply"). As discussed below, the Court will grant the Motion in part by allowing Plaintiff to withhold the fifteen documents described in his September 12, 2023, privilege log. The Court will otherwise deny the Motion.

**I.  BACKGROUND**

Following a five hour and twenty-minute telephonic status conference on July 31, 2023, the Court entered a discovery order. ECF 116. This order, among other things, overruled Plaintiff's objections to Timescape and Bradley's Requests for Production ("RFPs") numbers 1–5. *Id.* at 4–5. In overruling these objections, the Court required Plaintiff to "disclose the requested documents (or affirm that no such documents exist)"—unless Plaintiff could "convince[ ] the Court by motion for protective order that Rule 26 permit[ted] him to withhold [the] responsive documents." *Id.* at 5. The Court further instructed that "[i]f Plaintiff wish[ed] to invoke the work product doctrine," he was to "provide a privilege log [to support his] motion for protective order."

*Id.*[1]

### A. Plaintiff's Request for Protective Order

On August 14, 2023, Plaintiff supplemented his responses to RFPs 1–5 by providing all requested documents—except for "work product redacted from [his] call notes" for RFP 1 and "work product as indicated in [his] privilege log" for RFPs 2–4. ECF 124-5 at 2–4. Consistent with the Court's discovery order, Plaintiff now seeks a protective order through the instant (two-page) Motion. Mot. at 1–2. The Motion requests that, for RFPs 1–4, "the Court permit Plaintiff to withhold his correspondence, legal notes, and investigative notes which encompass his legal theories, opinions, and mental impressions concerning the calls in question." *Id.* at 2. Although Plaintiff's Motion did not include a privilege log, it represented that he would "provide Defendants with a privilege log." *Id.*

### B. Timescape and Bradley's Objections

Timescape and Bradley assert that the Motion, which was "filed nearly six months after the date of production (March 20, 2023)," is untimely—particularly for RFP 4, as he "never raised a work product objection" to that RFP. Resp. at 4–5, 8.[2] These Defendants also contend that the "untimely work product objection to [RFP] 4 was facially defective" because it seeks to withhold "pre-suit communications [i.e., seven demand letters] he sent to third parties who he had accused of making the telemarketing calls." *Id.* at 2, 8. Furthermore, Timescape and Bradley argue that such a "wildly overbroad application of the work product doctrine" for these letters suggests that,

---

[1] The Court noted that "Federal Rule of Civil Procedure 26(b)(3)(A) permit[ted] a *party* to withhold disclosure of 'documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative'" and that "the language of Rule 26(b)(3) [was] broad enough to include pro se parties and not just those represented by counsel." ECF 116 at 5 n. 2 (quoting Fed. R. Civ. P. 26(b)(3)(A)).

[2] RFP No. 4 requests "[c]opies of demand letters or other such communications that [Plaintiff] sent to any third party (whether defendants in this case or not) complaining about the telemarketing calls at issue in this case or in *Escano I* [*Escano v. Holidays Network Group, LLC, et al*, 2:22-cv-00058-JB-SMV], including all follow-up communications with those third parties or their attorneys." ECF 129-2 at 4.

2

for RFPs 1–3, Plaintiff might be wrongfully "hid[ing] unfavorable facts" in his (a) redacted notes, (b) seven Word documents, and (c) eight Excel sheets. *Id.* at 2, 8.[3]

Timescape and Bradley also contend that Plaintiff has failed to "describe the nature of the [withheld information] . . . in a manner that . . . will enable [them] to assess the claim." *Id.* at 6–7 (quoting Fed. R. Civ. P. 26(b)(5)(A)). For instance, they assert that Plaintiff's privilege log is defective because it fails to list specific dates, identities of persons who reviewed the documents, or a description of the topics addressed. *Id.* at 6–7. Timescape and Bradley ultimately conclude that Plaintiff has failed to "show good cause for a protective order" and thus request that the Court deny the Motion. Resp. at 1–2, 8. Alternatively, they request that the Court "order[ ] Plaintiff to produce [the seven pre-suit demand] letters [corresponding to RFP 4]" and "conduct an *in camera* inspection of his [a] unredacted notes of the telemarketing calls, [b] [eight] Excel spreadsheets, and [c] [seven] Word documents, to assess his claims of work [in RFPs 1–3]." *Id.* at 8.

**C. Plaintiff's Amended Privilege Log and Additional Disclosures**

In Reply, Plaintiff includes an Amended Privilege Log, which describes—in significantly more detail than his previous log—the documents he still intends to withhold as work product (i.e., seven Word documents and eight Excel sheets). *Compare* ECF 129-1 (Amended Privilege Log), *with* ECFs 124-2 (cursory privilege log for RFPs 2–4) and 124-1 (simply referring to work product redactions from notes). In addition, he now asserts that he has provided all responsive documents for RFPs 1 and 4, as well as his "fully unredacted version of his notes." Reply at 2–3; ECF 129-2 (Plaintiff's Second Supplemental Responses to RFPs 1–4, served the same date the Reply was

---

[3] RFP 1 seeks "all documents identified or referenced in [Plaintiff's] Initial Disclosures"; RFP 2 seeks "any documents that comprise [Plaintiff's] 'file' for this matter"; and RFP 3 seeks "any documents that comprise [Plaintiff's] 'file' for *Escano I*." ECF 124-5 at 2–3.

filed).⁴  With respect to RFPs 2–3, Plaintiff requests that the Court "permit him to withhold [the fifteen] responsive documents prepared in anticipation of litigation or for trial" without the need for an in-camera review.  Reply at 3.

## II. DISCUSSION

### A. Applicable Legal Standards

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party."  Fed. R. Civ. P. 26(b)(3)(A).  Such materials "may be discovered if: (i) they are otherwise discoverable . . . and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  *Id.*  Furthermore, "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B).

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material," the party must "(i) expressly make the claim; and (ii) describe the nature of the [withheld information] . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A); *see also* Advisory Committee Notes ("Providing information pertinent to the applicability of the privilege or protection should reduce the need for in camera examination of the documents."); *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551-52 (10th Cir. 1995) ("Whether to conduct an in camera review is left to the sound discretion of the

---

⁴ Plaintiff asserts that, because RFP 4 seeks "demand letters . . . . that [Plaintiff] *sent* to any third party," he need not produce his *drafts* of unsent letters.  Reply at 2–3 (representing that the seven letters at issue were "included in the [previous] privilege log in error"—as they were "not copies of correspondence").

district court."). "The court may, for good cause, issue an order to protect a party" during discovery disputes by "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1).

### B. The Fifteen Documents Are Protected from Disclosure

Having reviewed Plaintiff's Amended Privilege Log, the Court finds that the fifteen listed documents—which correspond to RFPs 1–2 and are from Plaintiff's litigation files (for the instant case and for *Escano I*)—were "prepared in anticipation of litigation or for trial by [Plaintiff]." Fed. R. Civ. P. 26(b)(3)(A). The Court further finds that Timescape and Bradley have not established (or even argued) that (1) they have "a substantial need for [any of these fifteen documents] to prepare [their] case and cannot, without undue hardship, obtain their substantial equivalent by other means," *id.*; and (2) the documents they are seeking do not contain the "mental impressions, conclusions, opinions, or legal theories" of Plaintiff, Fed. R. Civ. P. 26(b)(3)(B). *See* Resp. at 1–2, 6–8.

Admittedly, Timescape and Bradley did not have the benefit of Plaintiff's Second Supplemental Responses to RFPs 1–4 or his Amended Privilege Log when drafting their Response. Indeed, their Response, which essentially addressed the inadequacy of Plaintiff's previous discovery responses and privilege log, seems to have prompted these amendments. Nevertheless, the Court finds that—based on the Amended Privilege Log's descriptions (the veracity and sufficiency of which the Court has no reason to question)—none of these fifteen documents could reasonably satisfy the requirements set forth in Fed. R. Civ. P. 26(b)(3)(A)–(B) for the disclosure of work product information. The Court will therefore not require Plaintiff to submit these documents—some of which were *post-litigation* documents that never needed to be on the privilege log to being with, *see* ECF 116 at 1 n. 1—for in camera review.

Finally, the Court finds that Plaintiff's representations that he has now (1) disclosed his

"fully unredacted version of his notes" and (2) otherwise produced all responsive documents for RFPs 1 and 4, *see* Reply at 3; ECF 129-2 at 2–4, obviate the need for the Court to further address his responses to these RFPs.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion [ECF 119] is **GRANTED IN PART** in that Plaintiff may, in response to Timescape and Bradley's Requests for Production Nos. 2–3 [ECF 129-3 at 6–7], withhold as work product the fifteen documents described in his September 12, 2023, privilege log [ECF 129-1].

**IT IS FURTHER ORDERED** that Plaintiff's Motion is otherwise **DENIED**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE