UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RUBEN J. ESCANO,

    Plaintiff,

v.                                                          Civ. No. 2:22-360 DHU/GJF

RCI, LLC, *et al.*,

    Defendants.

**ORDER GRANTING DEFENDANTS' JOINT MOTION TO QUASH AND
DENYING AS UNTIMELY PLAINTIFF'S THIRD MOTION TO COMPEL**

THIS MATTER is before the Court on Defendants' Joint Motion to Quash Plaintiff Ruben J. Escano's Motion to Compel Discovery Answers and Responses from Defendants RCI, LLC and Stephen Bradley ("Motion to Quash"), filed on November 21, 2023. ECF 177. Plaintiff having responded, and Defendants having opted not to file a reply, the Motion is fully briefed. *See* ECFs 179; 183. Having reviewed the briefing and the relevant law, the Court will GRANT Defendants' Motion to Quash [ECF 177] and will DENY Plaintiff's Motion to Compel Discovery Answers and Responses from Defendants RCI, LLC and Stephen Bradley ("Third Motion to Compel") [ECF 170] as untimely.

On June 9, 2023, this Court entered its Order Vacating Settlement Conference, Lifting Stay of Discovery, and Amending Pretrial Scheduling Order ("June 9, 2023 Order'). ECF 99. Pertinent to the instant Motion, the June 9, 2023 Order extended the deadline for "[m]otions relating to discovery (including but not limited to motions to compel or for protective order)" to **October 13, 2023**. *Id.* at 1. On October 31, 2023, 18 days past the discovery motions deadline and without seeking leave to do so, Plaintiff filed his Third Motion to Compel. *See* ECF 170. Plaintiff's motion seeks an order compelling Defendant RCI to more fully respond to Requests for Production 12–

16 and Interrogatory 20 and compelling Defendant Bradley to more fully respond to Interrogatory 8. *See* ECF 170 at 2–9.

In lieu of responding to the merits, Defendants RCI and Bradley filed the instant Motion to Quash asking the Court to deny Plaintiff's Third Motion to Compel as untimely. *See* ECF 177. Defendants contend that the Third Motion to Compel runs afoul of two applicable deadlines. First, they emphasize that the motion was filed outside the October 13, 2023 discovery motions deadline imposed by the Court in its June 9, 2023 Order. ECF 177 at 1 (citing ECF 99). Second, they insist that the motion was untimely under Local Rule of Civil Procedure 26.6. *Id*. (citing D.N.M. LR-Civ. 26.6).

Because Plaintiff is proceeding *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This is not to say, however, that there are no limits to the liberal construction of his filings. The Tenth Circuit has "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). Thus, Plaintiff's *pro se* status notwithstanding, Defendants' Motion to Quash is governed by the procedural rules implicated by the belated filing of his Third Motion to Compel.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), the deadlines contained in a court's scheduling order "may be modified *only for good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). Because Plaintiff did not file his Third Motion to Compel by the discovery motions deadline established in the June 9, 2023 Order, he must demonstrate good cause for modification of that order. *See id*. Moreover, Plaintiff's failure to request an extension of the discovery motions deadline *prior to its expiration* means that he must also demonstrate

excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B) (providing that "when an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect"); *see also Lujan v. Defenders of Wildlife*, 497 U.S. 871, 896 (1990) (reasoning that a party requesting a post-deadline extension must do so by motion and must demonstrate that his failure to meet the deadline "was the result of excusable neglect").

In addition, Local Rule of Civil Procedure 26.6 requires a party served with an objection to a discovery request to proceed with a motion to compel within 21 days of service of the objection unless the response indicates that documents will be produced, in which case the party must proceed with a motion to compel within 21 days from production. *See* D.N.M. LR-Civ. 26.6; *see also* D.N.M. LR-Civ. 37.1. As with its scheduling order deadlines, the Court may alter Rule 26.6's 21-day deadline on a showing of good cause. *See* D.N.M.LR-CIV 26.6. Insofar as the Rule 26.6 deadline passes before the party files a motion showing good cause for extension, however, the movant must also demonstrate excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).

The Court begins its analysis by observing that Plaintiff did not—either in advance of filing his Third Motion to Compel or thereafter—file a motion requesting an extension of time to file his Third Motion to Compel. At most, Plaintiff makes the conclusory assertion within that motion that "there is good cause for [its] delay," attempting to assure the Court that he will explain "the gamesmanship displayed by RCI and Bradley" in a forthcoming motion to amend scheduling order. ECF 170 at 1 n.1. But in Defendants' view, these statements "do[] not explain what that good cause is." ECF 177 at 2.

In response, Plaintiff suggests that his "[Third] Motion to Compel explains the good cause in three separate instances." ECF 179 at 2. First, he contends that the second paragraph of the

3

motion describes the "procedural caltrops RCI and Bradley laid for [him]." *Id*. (citing ECF 170 at 1). In the referenced paragraph, Plaintiff accuses Defendant RCI of "abus[ing] the discovery conferral process, fail[ing] to produce a knowledgeable witness for two duly-noticed depositions, and toy[ing] with the rules of discovery to frustrate Plaintiff's preparation for trial and delay this case." ECF 170 at 1. He further alleges that Defendant "RCI has strung Plaintiff along with promises to produce documents which never materialize" and that Defendant "Bradley . . . has relied on doublespeak and gamesmanship to conceal his involvement with the telemarketing scheme at issue." *Id*. Defendants argue that the "vague accusations included on Page 1" of Plaintiff's Third Motion to Compel do not demonstrate why it was "impossible for him to comply with the Court's scheduling order or with the Local Rules." ECF 177 at 4. The Court agrees. Indeed, these undeveloped arguments strike the Court as accusations aimed at the underlying discovery disputes and not at showing good cause for the untimely filing of Plaintiff's Third Motion to Compel.

Second, Plaintiff highlights his Third Motion to Compel's reference to the yet-to-be-filed Motion to Amend Scheduling Order in which he would "explain in more detail the good cause." ECF 179 at 2 (citing ECF 70 at 1 n.1). That forecasted Motion to Amend Scheduling Order was indeed filed two days after Plaintiff's Third Motion to Compel, and Defendants responded in opposition. *See* ECFs 171; 178. Plaintiff now insists that the Motion to Amend Scheduling Order apprised Defendants of "exactly what that good cause is for the delay" in the filing of his Third Motion to Compel. ECF 179 at 2.

Much like his Third Motion to Compel and his response to the instant Motion, Plaintiff's Motion to Amend Scheduling Order accuses Defendant RCI of "procedural gamesmanship [that] resulted in [him] missing the deadlines in the Court's scheduling order." ECF 171 at 1.

4

Specifically, he accuses Defendant RCI of: (1) leading him to "believe RCI would produce a witness for th[e] first [Rule 30(b)(6)] deposition (which was set for September 8, 2023)" but then failing to do so; and (2) "representing to Plaintiff *and the Court* that RCI would comply with Plaintiff's second [30(b)(6) deposition] notice" but then "fail[ing] to produce a knowledgeable witness." *Id*. Plaintiff further maintains that Defendant RCI's noncompliance with his Rule 30(b)(6) deposition notices made it necessary for him to "research, draft, and file a second motion to compel (which also seeks an imposition of sanctions on RCI), which Plaintiff filed on October 6, 2023."[1] *Id*. at 2 (citing ECF 154). As the Court understands Plaintiff's argument, his Third Motion to Compel was late because he was busy working on his Second Motion to Compel.

To the extent Plaintiff suggests that his choice to focus his efforts on a *different* discovery issue constitutes good cause and/or excusable neglect for his failure to file his Third Motion to Compel in compliance with applicable deadlines, the Court is not persuaded. There is little doubt that the discovery phase of this case has been an onerous one for Plaintiff, just as it has been for Defendants. Indeed, a review of the docket reveals that Plaintiff has filed no less than 15 motions as well as numerous response/reply briefs during the discovery phase of this case, and this is not Plaintiff's only active case in federal court. Yet, that Plaintiff is a prolific and prodigious litigant does not diminish his duty to follow the rules of civil procedure or this Court's orders. Like any

---

[1] Arguments in Plaintiff's Response to Defendants' Motion to Quash likewise center around Defendant RCI's alleged failure to produce a knowledgeable Rule 30(b)6) representative:

> Conspicuously missing from the Motion to Quash is any mention of the Defendants' eleventh-hour procedural hoodwink inflicted on Plaintiff. There is no mention of RCI's deliberate failure to produce a knowledgeable witness for two duly-noticed depositions . . . . [And t]here is no mention of the fact that Plaintiff was required to research, draft, and file a motion to compel production of a knowledgeable witness and impose sanctions, (Doc. 154), to unravel the procedural Gordian knot RCI laid onto this case. There is no mention of the fact that this happened when Plaintiff ordinarily would have been wrapping up loose ends and filing discovery motions within the time prescribed by the Court's scheduling order and Local Rule 26.6.

ECF 179 ¶ 1.

5

litigant, he will necessarily face strategic choices as to how to allocate his time and resources so as to advance his litigation position *while complying with applicable deadlines*. Here, those deadlines required that he file any motions to compel by October 13, 2023, and within 21 days of Defendants' objections to his discovery requests or that he seek leave to extend those deadlines by filing a pre-deadline motion showing good cause for an extension.

In his Motion to Amend Scheduling Order, Plaintiff offers what could perhaps be considered an additional reason for the untimely filing of his Third Motion to Compel. He explains that while he might have, "under normal circumstances, . . . been able to meet the discovery deadlines, or move to amend sooner, . . . other obligations [left him] unable to do so." ECF 171 at 5. He elaborates: "Between September 30, 2023 and October 19, 2023, Plaintiff was out of state providing care for his 94-year-old, immobile grandmother[,]" and "[w]hile traveling back to New Mexico, [he] acquired COVID and was ill with a high fever through October 24, 2023." *Id*. at 6. According to Plaintiff, these personal circumstances "hindered the pace at which [he] could research, draft, and file motions with the Court." ECF 171.

Again, the problem for Plaintiff is that when he found himself with inadequate time and bandwidth to prepare his Third Motion to Compel by the applicable deadlines, he did not seek an extension of those deadlines or leave to file his motion out of time. He simply ignored the elapsed deadline and filed the untimely motion. As Defendants put it, "Plaintiff chose to ask for forgiveness rather than permission." ECF 177. Had Plaintiff timely requested an extension of deadlines based on his personal circumstances, the Court may have been more sympathetic to his predicament. Moreover, the Court is generally receptive to timely-filed motions to extend the Rule 26.6 deadline, as allowing additional time for parties to confer often promotes informal resolution of disputes and avoids the time and expense associated with motions practice. But as the Court

admonished Plaintiff at the November 14, 2023 status conference, allowing deadlines to expire and filing belated motions as if the deadlines had not expired is a "disapproved practice." ECF 175 at 3. That was putting it lightly. This Court cannot tolerate disregard of its scheduling orders or its local rules absent a timely-filed motion showing good cause or a post-deadline motion showing both good cause and excusable neglect. *See* Fed. R. Civ. P. 16(b); D.N.M. LR-Civ. 26.6; Fed. R. Civ. P. 6(b)(1). Even if the Court were to consider the personal circumstances discussed in Plaintiff's Motion to Amend Scheduling Order, Plaintiff has failed to establish excusable neglect. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) ("[I]t is widely accepted that neglect due to a busy schedule is not excusable." (citation omitted)). Nor does Plaintiff's explanation at the November 14, 2023 status conference that he did not understand he was required to seek leave before filing his Third Motion to Compel [*see* ECF 175 at 2] satisfy the excusable neglect standard. *See also Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) ("inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)") (citation omitted).

In an effort to demonstrate that Plaintiff's Third Motion to Compel was also not filed within Rule 26.6's 21-day period, Defendants outline the relevant timelines as they pertain to objections to Plaintiff's discovery requests or future production of documents:

- Defendant RCI produced documents in response to Plaintiff's Request for Production No. 12 on September 25, 2023, and "confirmed on October 2, 2023, that RCI did not have any additional responsive documents." ECF 177 ¶ 5; *see also* ECF 170-3 at 3.

- With respect to Plaintiff's Request for Production No. 13, Defendant RCI "confirms that it has not located any responsive documents" and asserts that Plaintiff's Third Motion to Compel "is moot with respect to this request." ECF 177 ¶ 6; *see also* ECF 170-3 at 3 (Oct. 2, 2023 email from counsel for Defendant RCI to Plaintiff explaining that "RCI has produced all documents responsive to Request No[. 13] that it has been able to locate").

- The last communication from Defendant RCI relating to Plaintiff's Request for Production 14 was on October 2, 2023. ECF 177 ¶ 7; *see also* ECF 170-3 at 3 (Oct. 2, 2023 email from

counsel for Defendant RCI to Plaintiff explaining that "RCI has produced all documents responsive to Request No[.] 14 . . . that it has been able to locate").

- On September 11, 2023, Defendant RCI objected to Plaintiff's Request for Production No. 15 (*i.e.*, that the request was "overly broad and unduly burdensome" and that it was limiting its search and production of documents to "non-privileged emails to the mxrru.com domain that refer or relate to telemarketing"). ECF 177 ¶ 8; *see also* ECF 170-2 at 4. Thereafter, on October 6, 2023, RCI confirmed by supplemental discovery response that it had no documents responsive to the request related to telemarketing activities. ECF 177 ¶ 8; *see also* ECF 170-5 at 3.

- Defendant RCI advised Plaintiff on September 20, 2023, that it "stands on its objections to Request [for Production] No. 16 regardless of [Plaintiff's] offer to modify the request." ECF 177 ¶ 9; *see also* ECF 170-3 at 5.

- Defendant RCI objected to Interrogatory No. 20 on October 2, 2023, and did not provide any information. ECF 177 ¶ 10; *see also* ECFs 170 at 7. Plaintiff and counsel for RCI then conferred by phone on October 3, 2023, at which time Defendant RCI refused to supplement. ECF 177 ¶ 10; *see also* ECF 170 at 7.

- Plaintiff was apprised of Bradley's position as to Interrogatory No. 8 on September 29, 2023, when counsel for Defendant Bradley "fully explained the rationale for limiting Bradley's answer [to Interrogatory No. 8] to his individual capacity . . . and noted that Bradley's answer would be the same even if he had answered in regard to contracts he may have signed as representative for Timescape – none."[2] ECF 177 ¶ 11.

Nothing in Plaintiff's response to the Motion to Quash demonstrates that he proceeded with his Third Motion to Compel within 21 days of service of Defendants' objections or within 21 days of Defendants' promise of production of documents or discovery responses. *See* ECF 179. And notably, the Court clarified in a footnote to its June 9, 2023 Order that the October 13, 2023 discovery motions deadline "*shall* not be construed to extend the 21-day time limit in Local Rule of Civil Procedure 26.6." ECF 99 at 1 n.2. Thus, even apart from Plaintiff's failure to comply with the October 13, 2023 discovery motions deadline, his failure to comply with Local Rule 26.6 is a sufficient ground for denial of his Third Motion to Compel. *See* D.N.M. LR-CIV 26.6 ("Failure to

---

[2] Plaintiff's response to Defendants' Motion to Quash suggests that he was apprised of Defendant Bradley's position as to Interrogatory 8 on an even earlier date: "[I]t became apparent, during Bradley's September 25, 2023 deposition, that Bradley had limited Interrogatory No. 8. Thus, Plaintiff could not have filed the Motion to Compel prior to September 25, 2023." ECF 179 at 4.

proceed within this time period constitutes acceptance of the objection."); *Thymes v. Verizon Wireless, Inc.*, No. 16-66 KG/WPL, 2017 WL 4534838, at *2 (D.N.M. Feb. 9, 2017) (holding that a violation of Local Rule 26.6. was a sufficient ground on its own to deny a motion to compel).

For all these reasons, **IT IS ORDERED** that Defendants' Joint Motion to Quash Plaintiff Ruben J. Escano's Motion to Compel Discovery Answers and Responses from Defendants RCI, LLC and Stephen Bradley [ECF 177] is GRANTED, and Plaintiff's Motion to Compel Discovery Answers and Responses from Defendants RCI, LLC and Stephen Bradley [ECF 170] is DENIED as untimely.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE