UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RUBEN J. ESCANO,

  Plaintiff,

v.                   Civ. No. 2:22-360 DHU/GJF

RCI, LLC, *et al.*,

  Defendants.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL
DEFENDANT RCI, LLC TO PRODUCE A WITNESS FOR
RULE 30(b)(6) DEPOSITION AND IMPOSE SANCTIONS**

  THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendant RCI, LLC to Produce a Witness for Rule 30(b)(6) Deposition and Impose Sanctions ("Motion to Compel Second Rule 30(b)(6) Deposition") [ECF 154], which is fully briefed [ECFs 157; 161]. Plaintiff asks the Court to compel RCI to produce a witness or witnesses for an additional Rule 30(b)(6) deposition and to award costs for a deposition that took place on September 29, 2023, for which Plaintiff asserts the corporate representative was not adequately prepared. For the reasons that follow, the Court will **GRANT IN PART** the Motion.

**I. BACKGROUND**

  Plaintiff's First Amended Complaint ("FAC") asserts various claims under the Telephone Consumer Protection Act ("TCPA") and the New Mexico Unfair Practices Act ("UPA") as well as a claim for trespass to chattels. *See* ECF 80. Underlying these claims is Plaintiff's allegation that, from February 8, 2018, to January 20, 2021, he received "at least twenty-seven automatically-dialed and unsolicited [telemarketing] calls" to his cell phone. *Id*. ¶¶ 1, 15. According to the FAC, "MXRRU and Timescape made [these] calls as part of a joint enterprise, and on behalf of and under the direct, implied, or apparent authority of RCI." *Id*. ¶ 16. Plaintiff alleges that Defendants

initiated the subject calls in an attempt to sell vacation packages and timeshares for Sunset World Group resorts in or near Cancun, Mexico or for the Calypso Cay Resort in Kissimmee, Florida, which Timescape owns and operates. *Id*. ¶¶ 6, 19, 45. Plaintiff further alleges that MXRRU and Timescape owned and operated resorts within RCI's timeshare exchange network and that RCI financially benefitted from MXRRU and Timescape being a part of the network and from the new members generated through MXRRU and Timescape's joint telemarketing operation. *Id*. ¶¶ 71–73. Relying on alternative theories of liability, Plaintiff asserts first that RCI "is *vicariously* liable for the telemarketing calls under the theory of apparent authority" and "because [the calls] were transmitted . . . with [its] ratification." *Id*. ¶¶ 78, 82 (emphasis added). Alternatively, he alleges that "RCI is *directly* liable for the calls because RCI was part of the joint enterprise." *Id*. ¶ 79 (emphasis added).

On August 22, 2023, Plaintiff served a Rule 30(b)(6) Notice of Deposition of a Company Representative on RCI. ECF 127-9 at 2–3 ("first deposition notice"). This notice stated that RCI's Rule 30(b)(6) deposition would take place via Zoom on September 8, 2023, and September 11, 2023, and it identified 66 topics to be covered at the deposition. *Id*. at 5–12. Counsel for RCI emailed Plaintiff the day after the notice was issued, explaining that, following Plaintiff's "unilateral[] schedul[ing]" of the Rule 30(b)(6) deposition, he was attempting to confer with his client and with counsel for Defendants Timescape and Bradley to determine whether the proposed deposition dates would work with the schedules of those involved. ECF 127-10 at 4. Counsel for RCI advised that if the dates Plaintiff selected did not work, he would propose alternative dates. *Id*.

When Plaintiff had not heard from counsel for RCI by September 6, 2023, two days before the first date identified in his first deposition notice, he sent an e-mail requesting the name(s) of

RCI's Rule 30(b)(6) designee(s). *See id*. at 3–4. Counsel for RCI responded: "I have never agreed to produce a witness on September 8. I will confer with my client and propose dates to see what works for [Plaintiff] and [counsel for Timescape and Bradley]." *Id*. at 3.

On September 8, 2023, RCI served on Plaintiff its Objections and Responses to Plaintiff's Notice of Deposition of Company Representative. *See* ECF 154-1 at 2–50. RCI objected on various grounds to each of the 66 deposition topics Plaintiff identified in his deposition notice. *Id*. Additionally, RCI counter-designated eight topics about which it agreed to prepare a witness or witnesses to testify. *See id*. at 48–50. That same day, Plaintiff filed his First Motion to Compel, seeking among other relief an order requiring RCI to produce a Rule 30(b)(6) witness. *See* ECF 127. The motion did not address the deposition topics and focused instead on RCI's "fail[ure] to propose any dates for deposition." *See id*. at 6. Before Plaintiff's First Motion to Compel was fully briefed, the parties agreed to an alternate date for RCI's Rule 30(b)(6) deposition: September 29, 2023. *See* ECFs 145 at 2; 145-2 at 2–3.

On September 15, 2023, Plaintiff served his second Notice of Deposition of Company Representative for Defendant RCI, LLC for a deposition to be held September 29, 2023 ("second deposition notice"), which identified the same 66 deposition topics as before. *See* ECFs 145-3; 154-1. In its September 19, 2023 response brief, RCI explained that it had "provided [Plaintiff] with a date on which its corporate representative can be available for a deposition, and [Plaintiff] ha[d] noticed that deposition for the date proposed by RCI." ECF 139 at 1. RCI argued that because Plaintiff "already has received the discovery requested in the [First] Motion to Compel," the motion should be denied as moot. *Id*. at 2. In his reply brief, Plaintiff acknowledged that "RCI appears willing to produce a witness for this [September 19, 2023 Rule 30(b)(6) deposition]." ECF

3

145 at 2. With the issue of whether and when RCI would produce a Rule 30(b)(6) witness resolved, the Court denied Plaintiff's First Motion to Compel as moot. ECF 148 at 3.

RCI represents that Plaintiff did not "indicate that he disagreed with the scope of topics that RCI proposed" in connection with its objections to his first deposition notice. ECF 157 at 2. Conversely, Plaintiff notes that RCI did not respond with objections or a counter-designation to Plaintiff's second deposition notice, nor did it file a motion for protective order with respect to Plaintiff's 66 designated topics. *See* ECF 161 at 2. In any event, the deposition of RCI's Rule 30(b)(6) designee, Jennifer Dongus, proceeded on September 29, 2023. *See* ECFs 154 at 3; 157-1 at 2–7.

After the deposition, just before midnight on the day of the discovery deadline, Plaintiff e-mailed counsel for RCI to inquire when he was available to confer regarding "attendance of a witness at a deposition with knowledge of the topics listed in my last notice of deposition to RCI." ECF 154-3 at 2–3. Plaintiff advised that if counsel for RCI was not available for a conference, he "intend[ed] to file a motion to compel." *Id*. at 3. Counsel for RCI responded the next morning:

> RCI will oppose any motion for contempt and/or sanctions relating to the deposition of RCI's designated representative. As you know, RCI objected to [your] list of more than sixty topics, and informed you of the topics for which RCI would designate a representative. You did not respond to those objections or counter-designation, and did not seek to meet and confer on the subject prior to the deposition. As discovery is now closed, RCI is not required to produce another witness to testify. I am available today . . . to discuss.

*Id*. at 2.

Following this email, Plaintiff and counsel for RCI conferred regarding a different discovery issue; however, counsel for RCI represents, and Plaintiff does not dispute, they did not discuss issues relating to the substance of the September 29, 2023 deposition of RCI's 30(b)(6)

4

designee. ECF 157 at 2–3. The instant Motion followed on October 6, 2023, outside of the discovery deadline but within the deadline for discovery motions. *See* ECFs 99; 154.

## II. PARTIES' PRIMARY ARGUMENTS

Plaintiff accuses RCI of "flouting the federal rules in a bad faith struggle to set procedural snake pits for Plaintiff." ECF 154 at 1. More particularly, he asserts that, after failing to produce a witness for the Rule 30(b)(6) deposition he "duly-noticed" for September 8, 2023, RCI produced a Rule 30(b)(6) witness on September 29, 2023, who was "unprepared to testify on all the topics designated." *Id*. As Plaintiff puts it, "RCI produced only a manager of its call center which initiates calls limited to *existing or prior* customers of RCI, facts entirely unrelated to the claims in the instant case." *Id*. Plaintiff emphasizes that the deponent had no knowledge of "RCI's sales awards or prior complaints of illegal telemarketing," which he describes as topics he "clearly designated in the notice of deposition." *Id*. In terms of relief, Plaintiff asks the Court to "order RCI to produce a fully-knowledgeable witness, impose sanctions, and grant any other relief the Court deems just and proper." *Id*. at 2.

In response, RCI argues that when Plaintiff "identified 66 deposition topics, most of which would have required RCI to designate a witness to testify in excruciating detail about facts that are not relevant to the claims or defenses of any party in this case," it "followed the appropriate procedural path" by conferring with Plaintiff as to the scope of the deposition notice, serving objections to his topics, and proposing a counter-designation of topics. ECF 157 at 1 (citing ECF 154-1). When Plaintiff did not respond to RCI's objections or counter-designation and did not move to compel, RCI insists that it "reasonably believed the scope of the deposition had been resolved" in accordance with its counter-designation. *Id*. at 3. RCI maintains that it "produced the witness it agreed to produce, to which Plaintiff did not previously object." *Id*. As to Plaintiff's

position that RCI produced an uninformed designee who merely managed a call center, RCI observes that Plaintiff has alleged, at least in the alternative, that RCI placed the calls in question. *Id*. (citing ECFs 1-1 at 13; 152-1 at 12).

### III.  LEGAL STANDARD

Rule 30(b)(6) allows a party to depose a corporate entity on topics noticed and described with reasonable particularity. Fed. R. Civ. P. 30(b)(6). "The law is well-settled that corp[orate entities] have an 'affirmative duty' to make available as many persons as necessary to give 'complete, knowledgeable, and binding answers' on the corporation's behalf" to questions on noticed topics. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007) (quoting *Reilly v. NatWest Mkts. Grp., Inc.*, 181 F.3d 253, 268 (2d Cir. 1999)). "The purpose behind designating a witness to represent the corporation is to prevent bandying, which is the practice of presenting employees for their depositions who disclaim knowledge of the facts known by other individuals within the organization." *Gulfstream Worldwide Realty, Inc. v. Philips Elecs. N. Am. Corp.*, No. CIV 06-1165 JB/DJS, 2007 WL 5704041, at *4 (D.N.M. Oct. 24, 2007) (quotation marks and citation omitted).

A Rule 30(b)(6) designee must testify based on both his personal knowledge of the noticed matters and also on "information known or reasonably available to the organization" as a whole. Fed. R. Civ. P. 30(b)(6). This requirement amounts to "an affirmative obligation to educate himself as to [such] matters . . . ." *Peshlakai v. Ruiz*, No. CIV 13-0752 JB/ACT, 2014 WL 459650, at *22

(D.N.M. Jan. 9, 2014) (quoting *Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 43 (D. Conn. 2004)).

## IV. DISCUSSION

Plaintiff argues that Jennifer Dongus, the witness who testified on RCI's behalf at the September 29, 2023 Rule 30(b)(6) deposition, was "wildly unprepared for the deposition and failed to have knowledge of hardly any of the designated topics." ECF 154 at 3. According to Plaintiff, the bulk of Ms. Dongus's deposition was devoted to ascertaining the extent of her knowledge rather than focused on exploring the facts of the case. *Id*. RCI, on the other hand, insists that Ms. Dongus adequately testified as to the topics that RCI counter-designated. ECF 157 at 2.

The first issue with which the Court must grapple is whether it was proper under the applicable procedural rules and under the circumstances of this case for RCI to produce a Rule 30(b)(6) witness who was only prepared to testify as to the eight topics RCI counter-designated rather than the 66 topics that Plaintiff identified in both of his deposition notices. In this regard, RCI contends that Plaintiff's silence in the face of its objections and counter-designation led it to "reasonably believe[] the scope of the [Rule 30(b)(6)] deposition had been resolved" in accordance with its counter-designation. *Id*. As described below, RCI's position gives the Court pause.

Although RCI served objections and a counter-designation of topics in response to Plaintiff's *first* deposition notice, it did not object in any manner to Plaintiff's *second* deposition notice, which referenced the same 66 deposition topics. By way of additional context, the Court observes that, between the time Plaintiff served his first and second deposition notices, Plaintiff filed his First Motion to Compel. That motion recounted Plaintiff's previous attempts to confer with RCI regarding the scheduling of the Rule 30(b)(6) deposition and asked the Court to order RCI to "produce a witness for a Rule 30(b)(6) deposition." ECF 127 at 1, 5–6. The motion made

7

no mention of deposition topics, objections to those topics, or a counter-designation of topics. But his omission is less surprising when one considers the timing of RCI's objections, which were signed the very same day Plaintiff filed his First Motion to Compel. *Compare* ECF 127, *with* ECF 154-1. Indeed, Plaintiff likely had not received the objections and counter-designation at the time he prepared and/or filed his First Motion to Compel. But he certainly would have reviewed them by the time he filed his reply brief on September 24, 2023, and yet, he asserted only the following with respect to RCI's 30(b)(6) deposition:

> On September 15, 2023, Plaintiff served a notice of company deposition on RCI, attached hereto as Exhibit C. The deposition is noticed for September 29, 2023. RCI appears willing *to produce a witness for this date*, however, due to RCI's previous last-minute changes and misleading statements regarding its production of witnesses, Plaintiff still requests an order requiring RCI to produce a witness for this deposition.

ECF 145 at 2 (emphasis added). In other words, Plaintiff's First Motion to Compel sought relief as to the production of a Rule 30(b)(6) witness on a given date, not as to the production of a witness or witnesses who could knowledgeably testify as to the 66 topics he identified in his deposition notices. RCI having ultimately agreed to produce a Rule 30(b)(6) witness in response to Plaintiff's second deposition notice, the Court denied Plaintiff's First Motion to Compel as moot. ECF 148 at 3.

In opposing Plaintiff's Motion to Compel Second Rule 30(b)(6) Deposition, RCI emphasizes that Plaintiff never responded to its objections to his deposition topics or to its counter-designation of topics and, further, that Plaintiff did not seek relief from the Court as to those objections until he filed the instant Motion. ECF 157 at 2. As a result, RCI insists that its understanding going into Ms. Dongus's September 29, 2023 deposition—that Plaintiff had accepted RCI's counter-designated topics—was a reasonable one. *Id*. RCI further maintains that it

8

"followed the proper procedural path . . . concerning the scope of the notice." *Id*. at 1. The Court disagrees on both accounts.

First, the Court questions the reasonableness of any assumption that Plaintiff had accepted RCI's counter-designated topics. While it may be true that Plaintiff did not directly respond to RCI's objections or counter-designation, the timing of relevant filings discussed above sheds light on why he may not have done so. To summarize, the objections that RCI lodged against Plaintiff's first deposition notice were outstanding for a mere week when Plaintiff served a *new* deposition notice *to which RCI did not object*. In the Court's view, RCI's failure to object to the second deposition notice, its failure to seek a protective order aimed at narrowing the deposition topics, and its representation to the Court that it would produce a Rule 30(b)(6) witness in response to the second deposition notice, would reasonably have led Plaintiff to expect, going into the September 29, 2023 deposition, that RCI's Rule 30(b)(6) designee would be prepared to testify as to the topics designated in the operative deposition notice.

Second, the Court is not convinced that RCI "followed the appropriate procedural path." In this regard, Plaintiff argues that RCI's failure to seek a protective order as to the proposed Rule 30(b)(6) deposition topics dictates that it cannot now rely on its "boilerplate" objections and counter-designation to the first deposition notice to save it from a second Rule 30(b)(6) deposition. *See* ECF 154 at 5–6. He reasons that a Rule 30(b)(6) deponent's lack of preparedness to testify as to the identified topics "is not excused on the ground that the discovery sought was objectionable, unless the part[y] failing to act has a pending motion for a protective order under Rule 26(c)." *Id*.

(citing *Go v. Clark Cnty.*, No. 2:19-cv-01775-RFB-DJA, 2020 WL 6566835, at *3 (D. Nev. Nov. 9, 2020)).

For its part, RCI insists that no motion for protective order was required to preserve its opposition to Plaintiff's deposition topics. *See* ECF 157 at 2 (citation omitted). Maintaining that it timely objected to the deposition topics when they were first proposed, RCI apparently rests on those objections in opposing Plaintiff's Motion to Compel Second Rule 30(b)(6) Deposition.

To begin, the Court observes that in contrast to the procedural rules governing interrogatories, requests for production, and requests for admission, which contain provisions permitting a party to serve objections, *see, e.g.,* Fed. R. Civ. P. 33(b), Rule 30 has no corresponding provision. *See* Fed. R. Civ. P. 30. Indeed, Rule 30 is silent as to the permissibility of filing formal objections to corporate deposition topics in advance of a deposition. *See id*. By contrast, Rule 30(c)(2) explicitly permits certain objections *during* a deposition. *See* Fed. R. Civ. P. 30(c)(2). And relatedly, that provision addresses when a deponent may be instructed not to answer, providing that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court [e.g., a protective order], or to present a motion under Rule 30(d)(3)." *Id*. Similar in effect to a motion for protective order, Rule 30(d)(3) permits a court to terminate or limit a deposition at any time *during* the deposition on the basis that it "unreasonably annoys, embarrasses, or oppresses the deponent." Fed. R. Civ. P. 30(d)(3). But the Court finds no support in the express language of Rule 30(b) for the serving of objections to Rule 30(b)(6) deposition topics in lieu of seeking a protective order. On the other hand, Rule 30(d) permits a court to "limit [a deposition's] scope and manner as provided in Rule 26(c)." Fed. R.

Civ. P. 30(d)(3). In other words, Rule 30 specifically contemplates the narrowing of a deposition's scope *through a protective order*.

Accordingly, even if RCI had properly objected to Plaintiff's *second* deposition notice, it is not clear to the Court that doing so would have nullified RCI's obligation to produce a witness on the topics designated in the notice for which it did not file a motion for protective order. *See Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, No. 19-4007-DDC, 2023 WL 2269780, at *1–2 (D. Kan. Feb. 29, 2023) (concluding that a party noticed under Rule 30(b)(6) "cannot avoid its obligation to produce a witness on a topic designated in the notice of deposition by objecting to it"). Moreover, Rule 37(d)(2) is clear that a failure to appear at a Rule 30(b)(6) deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). And "[i]t is well-established across jurisdictions that '[p]roducing an unprepared [Rule 30(b)(6)] witness is tantamount to a failure to appear." *Scott Hutchison Enters., Inc. v. Cranberry Pipeline Corp.*, 318 F.R.D. 44 (S.D.W. Va. 2016); *see also Faraday 100 LLC v. Acuity*, No. 1:20-cv-00767-WJ-SCY, 2021 WL 3370256 (D.N.M. Aug. 3, 2021) ("a party that produces an unprepared witness for a 30(b)(6) deposition 'is tantamount to failure to appear at a deposition'"). It logically follows that inadequate preparation of a Rule 30(b)(6) deposition is likewise not excused by objections unaccompanied by a protective order.

Relying on *Aikens v. Deluxe Financial Services, Inc.*, 217 F.R.D. 533 (D. Kan. 2003), RCI nevertheless maintains that it "was not required to file a motion for protective order." ECF 157 at 2. In *Aikens*, the defendant sought a protective order relieving it of the obligation to respond to interrogatories and requests for production. 217 F.R.D. at 534. In support of its request for a protective order, the defendant argued that the plaintiff's discovery requests were not reasonably

11

calculated to lead to the discovery of admissible evidence. *Id*. The court declined to enter a protective order on that ground, however, explaining that "[a] party may obtain a protective order only if it demonstrates that the basis for the protective order falls within one of the categories enumerated in Rule 26(c)," which include "annoyance, embarrassment, oppression, or undue burden or expense." *Id*. (quoting Fed. R. Civ. P. 26(c)).

Although *Aikens* is not directly on point, the Court acknowledges that a party's objection that a discovery request is not reasonably calculated to lead to the discovery of admissible evidence may not properly support a motion for a Rule 26(c) protective order. *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense.") The same would be true for an objection based on relevance, as Rule 26(c) does not, by its express language, protect a party from the production of information not relevant to the claims or defenses in the case. *See* Fed. R. Civ. P. 26(c). But notably, RCI's objections to Plaintiff's deposition topics here did not rest merely on grounds of relevance or failure to seek information reasonably calculated to lead to the discovery of admissible evidence. Instead, RCI asserted that nearly every deposition topic Plaintiff designated was "unduly burdensome" [*see* ECF 154-1], a ground for which a motion for protective order *was* available. *See* Fed. R. Civ. P. 26(c). Relatedly, RCI's arguments in opposition to Plaintiff's Motion to Compel Second Rule 30(b)(6) Deposition strike the Court as complaints that certainly could have been addressed by a protective order. *See, e.g.*, ECF 157 at 1 ("Plaintiff's 30(b)(6) deposition notice identified 66 topics . . . [that] would have required RCI to designate a witness to testify in excruciating detail."), 5 ("Plaintiff's deposition topics are so wide-ranging, and of such marginal value (if any) to the merits of this case that RCI should not be forced to spend

the time and effort necessary to prepare a witness."). And, yet, RCI did not pursue a protective order in advance of the Rule 30(b)(6) deposition.

Under these circumstances, the Court cannot agree that RCI "followed the proper procedural path" such that its formal objections obviated the need to file a motion for protective order. Rather, the Court's reading of the applicable procedural rules leads it to conclude that the proper procedure for a party opposing Rule 30(b)(6) deposition topics is to request a protective order in advance of the deposition or to otherwise move to limit the deposition pursuant to Rule 30(d)(3), not merely to respond to those topics with objections or a counter-designation of topics. *See Orchestrate HR, Inc.*, 2023 WL 2269780, at *2 (reasoning that "[a] party noticed under Fed. R. Civ. P. 30(b)(6) cannot avoid its obligation to produce a witness on a topic designated in the notice of deposition by objecting to it [and that, i]nstead, when the responding party claims the notice improperly designates topics for testimony, requesting a protective order represents a proper method of response") (citation omitted); 8A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2103 n.12 (3d ed. 2010) (explaining that when a party seeking a Rule 30(b)(6) deposition has not adequately designated the subjects on which it seeks information, "the corporate party may seek relief from the court" and observing that some courts hold that a corporate party cannot avoid the obligation to produce a witness by serving objections to a deposition notice) (citing *New England Carpenters Health Bens. Fund v. First DataBank, Inc.*, 242 F.R.D. 164 (D. Mass. 2007)).

In sum, the Court concludes that RCI may not rest on objections it made to an *earlier* deposition notice to justify its failure to produce a corporate representative who was prepared to testify as to the topics Plaintiff designated. Because RCI did not seek a protective order, its failure

13

to produce a corporate representative prepared to testify regarding the designated topics is doubly problematic.

The Court now turns to the issue of whether sanctions are appropriate. Notably, when "a party . . . produces an unprepared 30(b)(6) witness, the Court may impose any of the sanctions listed in Rule 37(b)(2)(A)(i)–(vi)" and "'[i]nstead of or [in] addition to' [those] sanctions, . . . 'must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses . . . caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Scott Hutchison Enters., Inc.*, 318 F.R.D. at 54 (quoting Fed. R. Civ. P. 37(d)(3)).

Plaintiff seeks reimbursement for $1,228.33 in deposition expenses as a Rule 37(d) sanction. ECF 154-4 at 2. Whether to grant that request is a *very* close question but after balancing the equities for both sides of this skirmish, the Court concludes that it should deny Plaintiff's request for four primary reasons: (1) RCI produced a corporate representative prepared to testify as to the topics it counter-designated and as to at least *some* of the 66 topics Plaintiff designated; (2) RCI advances a colorable argument, albeit one the Court ultimately did not find convincing, that a Rule 26(c) protective order was not available, at least as to discovery it considered irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; (3) Plaintiff never responded nor attempted to confer with RCI as to the objections RCI advanced against the 66 deposition topics in his first notice, which silence no doubt led RCI to believe that Plaintiff had accepted the objections; and (4) after Ms. Dongus's deposition took place and before filing the instant Motion, Plaintiff did not confer with counsel for RCI concerning his outstanding contention that Ms. Dongus was not adequately prepared for the Rule 30(b)(6) deposition. Together, these

reasons lead the Court to conclude that ordering RCI to reimburse Plaintiff for the deposition expenses would be unjust under Rule 37(d)(3).

Although RCI may have made procedural missteps, the Court retains broad discretion to manage the scope of discovery, *see Cruces v. Utah State Veterans Nursing Home*, 222 F. App'x 776, 781 (10th Cir. 2007), including to determine the proper scope of any second Rule 30(b)(6) deposition. In light of the additional discovery that has taken place since Ms. Dongus's deposition and the expansive nature of Plaintiff's deposition topics, the Court is disinclined to permit a second deposition covering all 66 topics that Plaintiff identified. After all, as RCI emphasized in its response brief, and Plaintiff does not dispute, RCI has supplemented interrogatory answers to provide some of the information Plaintiff sought in his deposition topics. *See, e.g.*, ECF 157 at 5–6 (citing ECF 153). In addition, there appears to be considerable overlap between the eight topics RCI counter-designated and the 66 Plaintiff designated.

As to Ms. Dongus's testimony on the eight counter-designated topics, the Court pauses to discuss Plaintiff's position that Ms. Dongus lacked sufficient knowledge to testify even as to those topics. ECF 154 at 40. In support, Plaintiff directs the Court to an excerpt of Ms. Dongus's deposition testimony in which she responded in the negative when Plaintiff asked whether she had "any knowledge of RCI's investigation into the allegations made in any of the complaints in this case" or into the allegations in the Amended Complaint. *See* ECFs 154 at 4; 154-2 at 5–6. Because one of the topics identified in RCI's counter-designation was "RCI's investigation into the allegations made in the Amended Complaint," Plaintiff insists that Ms. Dongus did not have knowledge even of the topics that RCI itself proposed. *See* ECF 154 at 4. RCI, on the other hand, maintains that Ms. Dongus "testified clearly as to the various bases on which RCI had investigated and concluded that it did not place the calls in question." ECF 157 at 5 (citing ECF 157-1 at 67:22–

69:9). To that end, RCI highlights a separate portion of testimony in which Ms. Dongus described the actions RCI took to determine whether it placed any phone calls to Plaintiff. ECF 157 at 5 (citing ECF 157-1 at 67:22–69:9). Those actions included searching its system to determine whether Plaintiff's number was called by any of RCI's computers or personnel and whether the phone number Plaintiff reported from his caller ID was a number that belonged to RCI. ECF 157-1 at 67:22–68:5. Ms. Dongus explained that the investigation determined that RCI had not contacted Plaintiff and the number displayed on Plaintiff's caller ID did not belong to RCI. ECF 157-1 at 68:6-8; 68:15-17. In the Court's view, this testimony, which relates to RCI's investigation of the telemarketing calls that are central to Plaintiff's Amended Complaint, tempers her earlier disclaimer of knowledge as to investigations regarding that Complaint. Ultimately, the Court's review of the referenced testimony does not persuade it that Ms. Dongus lacked adequate knowledge to testify with respect to the eight topics RCI counter-designated.

As far as the Court can surmise, Plaintiff's principal complaint in his Motion to Compel Second Rule 30(b)(6) Deposition, appears to be that Ms. Dongus "had no specific knowledge of RCI's sales awards or prior complaints of illegal telemarketing." ECF 154 at 1. Additionally, in related motions, Plaintiff specifically seeks deposition testimony from an RCI corporate representative concerning the manner of sale of RCI's memberships. *See, e.g.*, ECFs 171 at 5; 173-1 at 2. Beyond these topics, Plaintiff does not identify specific deposition topics on which RCI's testimony is crucial. Balancing the competing interests in this case and in view of the approaching trial date, the Court will permit a *limited* second deposition of RCI's Rule 30(b)(6) designee or designees concerning topics which, in the Court's assessment, directly relate to RCI's sales awards, prior complaints alleging illegal telemarketing practices, and the manner of sale of RCI's memberships. Those topics include the following:

16

- Deposition Topic No. 33: Knowledge of awards given to MXRRU and/or Sunset World Group, including the "Gold Crown" award and the "President's Award" during the RP.[1]
- Deposition Topic No. 58: Knowledge of all Telemarketing Complaints.
- Deposition Topic No. 59: Knowledge [of] all claims made against RCI in Telemarketing Complaints, including mentions of RCI and/or connections to RCI during the alleged calls in those Telemarketing Complaints.
- Deposition Topic No. 66: Knowledge of the manner of sale of RCI's Memberships at the Calpyso Cay Resort in Kissimmee, Florida; Sunset World Resorts; BlueBay Grand Esmeralda in Mexico; Reserve at Paradisus in Punta Cana, Dominican Republic; and/or Villas Sol Hotel and Beach Resort in Costa Rica.

*See* ECF 154-1.

**V. CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Defendant RCI, LLC to Produce a Witness for Rule 30(b)(6) Deposition and Impose Sanctions [ECF 154] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions is **DENIED**.

**IT IS FINALLY ORDERED** that within ten (10) days of entry of this Order, if he wishes to do so, Plaintiff may serve an additional Rule 30(b)(6) deposition notice on RCI with respect to previously-designated Topics 33, 58, 59, and 66 and setting forth a date for a deposition not less than 14 days after the date of the notice.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court acknowledges that Plaintiff also sought testimony by a corporate representative with "[k]nowledge of all the awards given to, or received from, RCI Membership Closers during the RP, including the purpose of those awards" (Topic 9) and with "[k]nowledge of all RCI awards, and their purpose, including RCI's "Top Seller," "Alpha," "President's" and "Diamond" awards, during the RP" (Topic 30). Because these topics are not limited to awards received by MXRRU or Sunset World Group, however, they are overbroad and seek information outside the scope of the issues alleged in the FAC. The Court therefore will not require RCI to produce a Rule 30(b)(6) witness to testify as to these topics.