UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RUBEN J. ESCANO,

    Plaintiff,

v.                                                                      Civ. No. 2:22-360 DHU/GJF

RCI, LLC, *et al.*,

    Defendants.

### ORDER ON PLAINTIFF'S MOTION TO REOPEN DISCOVERY
### AND FOR RELIEF UNDER RULE 56(d)

THIS MATTER is before the Court on Plaintiff's Motion to Amend Scheduling Order and Reopen Discovery ("Motion to Reopen Discovery") [ECF 171], and Plaintiff's Motion for Extension of Time to Respond to Defendants' Motions for Summary Judgment ("Rule 56(d) Motion") [ECF 173]. The motions are fully briefed.[1] For the reasons that follow, the Court will DENY these motions, except that it will reopen discovery for the limited purpose of permitting Plaintiff to conduct a supplemental Rule 30(b)(6) deposition of RCI's corporate designee(s) as outlined in the Court's March 1, 2024 Order Granting In Part Plaintiff's Motion to Compel Second Rule 30(b)(6) Deposition [ECF 188].

**I.   BACKGROUND**

    **A.  Procedural History**

On February 24, 2023, the Court entered a scheduling order imposing a September 20, 2023 deadline for discovery and an October 11, 2023 deadline for discovery motions. ECF 71. On May 11, 2023, the Court set a settlement conference for June 16, 2023, and stayed discovery. ECF 93. Approximately a month later, on June 9, 2023, after considering the parties' settlement

---

[1] *See* ECFs 171, 178, 180–82 (briefing on Motion to Reopen Discovery); 173, 178, 180–82 (briefing on Rule 56(d) Motion).

exchanges and confidential submissions, the Court determined that the scheduled settlement conference would not be productive. ECF 99. As a result, the Court vacated the settlement conference, lifted the discovery stay, and set new deadlines, including an October 2, 2023 discovery deadline, an October 13, 2023 discovery motions deadline, and an October 27, 2023 pretrial motions deadline. *Id*.

A few months later, on August 3, 2023, Plaintiff issued a subpoena to Capital Vacations, LLC ("Capital Vacations"). *See* ECF 178-1. Counsel for Capital Vacations objected to that subpoena on September 15, 2023 [*see* ECF 178-2], and Plaintiff did not move to enforce it [*see* ECF 178 at 4].

The day after discovery closed, Plaintiff filed his Second Motion to Amend Complaint [ECF 152], and on October 27, 2023, while Plaintiff's Second Motion to Amend was pending, Defendants filed their motions for summary judgment. *See* ECFs 99; 164; 165. Thereafter, on November 2, 2023, and November 9, 2023, respectively, Plaintiff filed his Motion to Reopen Discovery and his Rule 56(d) Motion. *See* ECFs 171; 173.

**B. Plaintiff's Claims**

Plaintiff's First Amended Complaint ("FAC"), currently the operative complaint in this case, asserts various claims under the Telephone Consumer Protection Act ("TCPA") and the New Mexico Unfair Practices Act ("UPA") as well as a claim for trespass to chattels. *See* ECF 80. Underlying each of these claims is Plaintiff's allegation that from February 8, 2018, to January 20, 2021, he received at least 26[2] "automatically-dialed and unsolicited [telemarketing] calls" to his cell phone. *Id*. ¶¶ 1, 15. Plaintiff alleges that "MXRRU and Timescape made [these] calls as part

---

[2] Although Plaintiff asserts in his FAC that he received 27 telemarketing calls, the Court has trimmed those calls to 26, having determined that the call allegedly made on February 8, 2018, is barred by the statute of limitations. ECFs 58 at 36; 59.

of a joint enterprise, and on behalf of and under the direct, implied, or apparent authority of RCI." *Id*. ¶ 16; *see also id*. ¶ 56 ("MXRRU and Timescape united to set up, direct, and control a telemarketing operation together[,] . . . which resulted in the calls alleged"). Plaintiff specifies that Defendants initiated the subject calls in an attempt to sell vacation packages and timeshares for Sunset World Group resorts in or near Cancun, Mexico or for the Calypso Cay Resort in Kissimmee, Florida, which Timescape owns and operates. *Id*. ¶¶ 6, 19, 45. Plaintiff further alleges that MXRRU and Timescape owned and operated resorts within RCI's timeshare exchange network and that RCI financially benefitted from MXRRU and Timescape being a part of the network and from the new members generated through their joint telemarketing operation. *Id*. ¶¶ 71–73. With respect to RCI, Plaintiff's FAC relies upon alternative theories of liability: first, that RCI "is vicariously liable for the telemarketing calls under the theory of apparent authority" and "because [the calls] were transmitted . . . with [its] ratification," *id*. ¶¶ 78, 82, and alternatively, that "RCI is directly liable for the calls because RCI was part of the joint enterprise." *Id*. ¶ 79.

## II.  PLAINTIFF'S MOTION TO REOPEN DISCOVERY

### A.  Parties' Primary Arguments

In his Motion to Reopen Discovery, Plaintiff asks the Court to allow "an additional 45 days of full discovery, 60 days for discovery motions, and 75 days for filing of dispositive motions." ECF 171 at 6. Alternatively, he seeks limited discovery, including a second Rule 30(b)(6) deposition from RCI, a second deposition of a Timescape representative, responses to discovery he previously moved to compel, and the ability to serve/enforce subpoenas on nonparties. *Id*. In Plaintiff's view, the applicable factors weigh in favor of reopening discovery because: (1) trial is not imminent; (2) the need for additional discovery is the result of Defendants' bad faith procedural maneuvering; (3) Defendants will not be prejudiced; (4) Plaintiff has been diligent in obtaining

3

discovery within the deadlines; (5) it was foreseeable that discovery would need to be reopened; and (6) reopening discovery will lead to relevant evidence. *Id*. at 4–5. Plaintiff further explains that personal circumstances during the discovery period hindered the pace at which he could conduct discovery. *Id*. at 5–6.

Conversely, Defendants insist that Plaintiff has failed to demonstrate good cause to reopen discovery because "each of the factors enumerated by the Tenth Circuit weighs against reopening discovery." ECF 178 at 7–10. Defendants insist that (1) trial is imminent; (2) Plaintiff's request is opposed; (3) Defendants will be prejudiced not only with additional expense but with inconveniences, distractions, and likely an extension of the trial date; (4) Plaintiff was not diligent in obtaining discovery within the applicable deadlines; (5) the parties did not and could not contemplate that the time allowed for discovery would be insufficient; and (6) the additional discovery Plaintiff seeks will not result in relevant evidence. *Id*. Defendants also note that to the extent Plaintiff seeks to reopen discovery to re-depose an RCI corporate representative and to obtain previously-requested discovery from RCI and Stephen Bradley, his motion is duplicative of other motions before the Court. Defendants posit that resolution of those related motions will largely resolve Plaintiff's Motion to Reopen Discovery. ECF at 178 at 6–17.

**B. Applicable Legal Standards**

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[E]xcusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 392 (1993) (quotation marks omitted). "[T]he

4

determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395. Such circumstances include:

> (1) the danger of prejudice; (2) the length of delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes [sic] "whether it was within the reasonable control" of the party seeking to show excusable neglect; and (4) whether the party acted in good faith.

*Utah Repub. Party v. Herbert*, 678 F. App'x 697, 701 n.2 (10th Cir. 2017).

When a party seeks to modify a scheduling order, the Court must also determine whether "good cause" exists to support the requested modification. *See* Fed. R. Civ. P. 16(b)(4). To demonstrate "good cause" under Rule 16(b)(4), the movant must show that the "scheduling deadlines [could not] be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal citation and quotation omitted). In deciding whether to modify a scheduling order to reopen discovery, courts look to "several relevant factors"—the so-called *Smith* factors—which include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The Tenth Circuit "afford[s] 'wide discretion' to a district court's determination of whether good cause was shown under Rule 16(b)(4)." *Perez v. Denver Fire Dep't*, 724 F. App'x 646, 650 (10th Cir. 2018).

**C. Analysis**

At the outset, the Court notes that Plaintiff's Motion to Reopen Discovery, like his Rule 56(d) Motion discussed hereafter, is related to and largely duplicative of discovery motions already decided by this Court. First, Plaintiff filed a Motion to Compel Discovery Answers and Responses

5

from Defendants RCI, LLC and Stephen Bradley ("Third Motion to Compel") in which he sought, among other forms of relief, a more complete response to an interrogatory he served on Bradley and which he asserted Bradley "unilaterally limited." ECF 170 at 8. The Court denied that motion as untimely. ECF 184. Second, Plaintiff filed his Motion to Compel a Witness for Rule 30(b)(6) Deposition and Impose Sanctions, in which he asked the Court to permit a second deposition of RCI's corporate designee. ECF 154. In its March 1, 2024 Order granting that motion in part, the Court permitted Plaintiff to serve on RCI an additional Rule 30(b)(6) deposition notice with respect to four previously-designated topics. ECF 188. Finally, in addition to seeking a second deposition of a Timescape representative in the context of the instant Motion, Plaintiff recently filed a separate Motion for Leave to Re-Depose Defendant Stephen Bradley [ECF 185], which remains pending before this Court.[3]

Turning to Plaintiff's Motion to Reopen Discovery, the Court observes that both sides focus their attention on the *Smith* factors, seemingly bypassing the "excusable neglect" analysis under Rule 6(b)(1) and certain aspects of the "good cause" inquiry under Rule 16(b)(4). Yet, because the Court's application of the *Smith* factors effectively resolves Plaintiff's Motion to Reopen Discovery, and because there is considerable overlap among all the relevant factors, the Court follows the parties' lead in turning directly to those six factors.

As to the first and second *Smith* factors, the trial date in this case is rapidly approaching, set for April 1, 2024 [ECF 72], and Defendants vehemently oppose Plaintiff's Motion to Reopen Discovery. These factors weigh strongly against reopening discovery.

---

[3] The Court stayed briefing on this motion because it was filed more than four months after the close of discovery and the issues raised therein are "largely redundant of those previously briefed in Plaintiff's Motion to Reopen Discovery." ECF 187 at 1.

As to the third factor, Defendants would no doubt suffer prejudice if the Court were to reopen discovery at this stage of the litigation. Indeed, they would be burdened not only with the expense associated with producing additional information or deponents after discovery has closed, but they would also face the likelihood of losing their trial date and having resolution of this matter delayed. Defendants have expressed their eagerness to have the issues in this case resolved as soon as possible and for Plaintiff's frequent e-mail communications and discovery motions to cease. *See, e.g.*, ECF 178 at 2 ("This has to end. Plaintiff has subjected Defendants to eighteen months of unwarranted litigation based on nothing more than speculation and unfounded accusations"), 9 n.9 (explaining that between September 30, 2023, and November 2, 2023, Plaintiff "sent no fewer than forty emails to defense counsel" with a "tactic of harassing counsel for Defendants at all times of the day and night, seven days a week, throughout the pendency of this case.").

With respect to the fourth factor, the Court is not persuaded that Plaintiff was diligent in obtaining all of the discovery he seeks within the deadlines the Court established. Putting aside Plaintiff's request for a second Rule 30(b)(6) deposition of RCI, which was addressed by separate order, the Court remains unconvinced that with reasonable diligence Plaintiff was unable to obtain the other discovery he enumerates, including: (1) deposition testimony from a corporate representative of Timescape; (2) discovery responses that were the subject of his Third Motion to Compel; and (3) responses to subpoenas from nonparties, including Capital Vacations, LLC. ECF at 171 at 6.

First, Defendants insist that Plaintiff already "took Mr. Bradley's deposition for an entire day, but now seeks to re-depose him to ask him questions that were already asked, or could have been asked, during that deposition." ECF 178 at 8. Plaintiff does not respond or otherwise explain why he was unable ask Mr. Bradley the questions he now seeks to ask at the deposition that

7

occurred within the discovery period.[4] Next, the Court has already denied Plaintiff's Third Motion to Compel as untimely and will not revisit that ruling here. Finally, Plaintiff fails to identify to whom he would direct third-party subpoenas, other than Capital Vacations, or what evidence he would seek. Notably, Capital Vacations previously objected to a subpoena issued by Plaintiff, and Plaintiff did not move to enforce the subpoena. *See* ECF 178-2 (Capital Vacations' Sept. 15, 2023 objections to requests for documents in Plaintiff's subpoena); *see also* Fed. R. Civ. P. 45(d)(B) (providing that when the recipient of a subpoena seeking documents objects, the serving party may move the court for an order compelling production or inspection). In sum, the Court is not persuaded that Plaintiff made reasonable efforts yet could not meet the discovery deadlines with respect to the outstanding discovery he outlines in his Motion to Reopen Discovery.

To be clear, Plaintiff's record of filing untimely discovery-related motions in this case does not bode well for his position that he has been devoted to seeking the discovery he requires *within the applicable deadlines*. *See, e.g.*, ECFs 184 (concluding that Plaintiff filed his Third Motion to Compel 18 days past the discovery motions deadline, without seeking leave to do so, and without establishing "excusable neglect" or "good cause"); 187 at 1 (noting that Plaintiff filed his Motion for Leave to Re-Depose Defendant Stephen Bradley more than four months after the close of discovery). In this regard, Defendants suggest that Plaintiff has "prioritized other tasks over moving to amend the [discovery] schedule." ECF 178 at 9. Plaintiff responds that "all the tasks described show the extent of the discovery matters with which [he] was required to contend,

---

[4] In his separate Motion for Leave to Re-Depose Defendant Stephen Bradley, Plaintiff suggests that he seeks to "re-depose Bradley because new information has come to light showing that Timescape conducted business with [MXRRU] in 2005 and 2012." ECF 185 at 1. Plaintiff explains that at Bradley's first deposition, he "focused his questioning on the period of time during which Plaintiff received the robocalls . . . at issue—between February 2018 and January 2021." *Id*. In terms of the information that "c[a]me to light," Plaintiff represents that he discovered invoices on MXRRU's websites showing that MXRRU was conducting business with Timescape in 2005 and 2012. *Id*. at 2–4. Even if the Court were to consider Plaintiff's representations in this belated motion, they fail to establish good cause for reopening discovery after the deadline for the purpose of permitting a second deposition of a corporate representative of Timescape.

including the forty emails Plaintiff was required to send" and that he was "indeed prosecuting this case at all hours and was still hampered in his attempts to meet the discovery deadlines." ECF 181 at 4. The Court has previously acknowledged that "the discovery phase of this case has been an onerous one for Plaintiff, just as it has been for Defendants," but it nevertheless concluded—as it does again here—that Plaintiff's nature as a "prolific and prodigious litigant does not diminish his duty to follow the rules of civil procedure or this Court's orders." ECF 185 at 5. To the extent Plaintiff focused his efforts elsewhere and in so doing neglected to seek additional time within which to conduct the discovery he considered necessary, such an approach was ill-advised. And even if, as Plaintiff reports, his pace was "hindered" by the care he provided his 94-year-old grandmother or the illness he suffered in October 2023 [ECF 171 at 5–6], the Court has already determined that these personal circumstances do not demonstrate excusable neglect. ECF 184 at 6-7 (citing *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) ("[I]t is widely accepted that neglect due to a busy schedule is not excusable." (citation omitted))).

As to the fifth *Smith* factor, the Court has no reason to find that extensive additional discovery was foreseeable to the parties when the Court initially imposed a September 20, 2023 discovery deadline [*see* ECFs 70; 71], or when it extended the discovery deadline following a brief discovery stay [*see* ECF 99]. At the initial scheduling conference, held on February 22, 2023, Plaintiff "expressed his amenability to a six-month discovery window." ECF 70 at 1. The Court initially gave the parties almost seven months to complete discovery. *See* ECF 71. Even accounting for the nearly one-month discovery stay during which the parties focused their efforts on preparing for a settlement conference that was ultimately vacated, the parties still had more than six months to conduct discovery. *See* ECFs 71; 93; 99. Defendants represent that they "had no reason to believe that Plaintiff would view the [discovery period] as insufficient until after discovery

9

closed." ECF 178 at 10. And critically, neither party asked the Court to extend the time for discovery until after the deadline passed on October 2, 2023.

Plaintiff's position on this fifth factor is that RCI's failure to produce a knowledgeable Rule 30(b)(6) witness made it "conceivable, if not likely" that it would be necessary to "reopen discovery to rectify RCI's procedural gamesmanship which frustrated [his] efforts to meet the deadlines." ECF 171 at 5. Plaintiff explains that while he "[a]nticipated he would be able to meet [the discovery] deadline[,] . . . that was before the eleventh-hour procedural gamesmanship to which the Defendants have resorted." ECF 181 at 5. As the Court understands Plaintiff's position, the gamesmanship about which he complains relates to RCI's Rule 30(b)(6) deposition. Although the Court determined by separate order that Plaintiff is entitled to a second Rule 30(b)(6) deposition from RCI, this determination does not weigh in favor of opening discovery as to other subjects Plaintiff identifies. As to the other discovery Plaintiff seeks, the Court finds no foreseeability and no compelling justification for reopening discovery.

As to the sixth and final factor, Plaintiff insists that reopening discovery will lead to relevant evidence. ECF 171 at 5. But the "relevant evidence" Plaintiff identifies relates to discovery requests on which the Court has already passed. Once again, Plaintiff highlights discovery he seeks from a second RCI's Rule 30(b)(6) deposition: testimony from a designee as to the "'manner of sale of RCI's Memberships' at the resorts specified in that notice (and mentioned during the telemarketing calls at issue)." *See* ECF 171 at 5. As stated in its March 1, 2024 order, the Court has permitted limited discovery outside of the discovery period as to this deposition topic. ECF 188 at 17. In addition, Plaintiff refers the Court to a portion of his Rule 56(d) Affidavit in which he attests that certain "facts cannot be presented because Bradley unilaterally limited a written discovery request which inquired if he has ever been involved in any contracts

10

that contemplate any party to the contract conducting telemarketing." *See* ECF 173-1 ¶ 11. This attestation is reminiscent of relief sought in Plaintiff's Third Motion to Compel [*see* ECF 170 at 8], which the Court denied as untimely [*see* ECF 184]. As explained above, the Court will not revisit its discovery ruling on this issue in the context of Plaintiff's Motion to Reopen Discovery. And, critically, Plaintiff fails to otherwise identify any relevant evidence likely to result from additional discovery he seeks. As such, this factor, too, weighs against reopening discovery.

In sum, each *Smith* factor weighs against reopening discovery. As such, the Court denies Plaintiff's Motion to Reopen Discovery except as to the limited discovery the Court has already permitted in its March 1, 2024 Order in the form of a second Rule 30(b)(6) deposition from RCI [ECF 188]. Moreover, given the Court's determination that there are no grounds for otherwise reopening discovery, including as they relate to the deposition testimony of Bradley, the Court denies as moot Plaintiff's Motion for Leave to Re-Depose Defendant Stephen Bradley [ECF 185].

### III. PLAINTIFF'S RULE 56(D) MOTION

#### A. Parties' Primary Arguments

Plaintiff submits a Rule 56(d) Affidavit, which he contends "identifies the facts that are not available, . . . why those facts cannot be presented, . . . what steps have been taken to obtain the facts, . . . and how additional time will enable [him] to obtain the facts to rebut the motions for summary judgment." ECF 173 at 4. "[C]onsidering the procedural gamesmanship at play," as Plaintiff puts it, he insists that it would be "unfair and prejudicial" not to allow him to take the depositions and to conduct the discovery necessary to rebut Defendants' summary judgment evidence. *Id*. at 4–5. To rebut such evidence, he seeks discovery on five topics, including: "[t]he manner of sale of RCI's timeshare exchange memberships at resorts within [MXRRU] network"; "RCI's knowledge of the telemarketing activities of MXRRU and its executives"; "Timescape and

11

Bradley's knowledge of the telemarketing activities of MXRRU and its executives"; "Timescape and Bradley's involvement in contracts related to telemarketing"; and "[t]he benefit that RCI earned from the telemarketing scheme at issue." ECF 173-1 at 2. In previous attempts to obtain evidence as to these topics, Plaintiff reports that he: (1) designated as a topic for RCI's Rule 30(b)(6) deposition the manner of sale of RCI timeshare exchange memberships; (2) propounded an interrogatory on Bradley related to contracts contemplating telemarketing, though he insists Bradley "unilaterally limited" his response to that interrogatory; and (3) "served a Rule 45 subpoena on a nonparty who Plaintiff was informed . . . possesses a contract between Timescape and a telemarketing firm in the Country of Mexico." *Id*. at 2–3. Plaintiff posits that "[a]dditional time will enable [him] to obtain the facts to rebut the motions for summary judgment because [he] has filed motions to compel such discovery, . . .[and] a Motion to . . . Reopen Discovery." *Id*. at 3.

In response, Defendants observe that Plaintiff's Rule 56(d) Motion seeks discovery that is "the subject of separate motion practice." ECF 178 at 10. Specifically, Defendants note that the "only reasons Plaintiff cites to justify his claim that he cannot respond to the motions for summary judgment are that RCI's witness was (in his view) unprepared, and that he claims that Mr. Bradley did not accurately respond to an interrogatory." *Id*. Finally, Defendants insist that Plaintiff's Rule 56(d) request is untimely and cannot be used "as a vehicle to reopen discovery after it closed." ECF 178 at 10 (citing *Huntingford v. Pharmacy Corp. of Am.*, No. 1:17-cv-1210-RB-LF, 2019 WL 78783, at *6 (D.N.M. Jan. 2, 2019); *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179–80 (10th Cir. 2008)).

B. **Applicable Legal Standards**

Federal Rule of Civil Procedure 56(d) allows for limited discovery relating to a motion for summary judgment when facts are unavailable to the nonmovant. Fed. R. Civ. P. 56(d). The Rule

12

is based on the general principle that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).  Although Rule 56(d) enables a party to obtain discovery in order to respond to a motion for summary judgment, it "is not a license for a fishing expedition," *Lewis v. Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990), and there is no requirement that all discovery be completed before summary judgment may be entered.  *See Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 784 (10th Cir. 2000).

"A party seeking to defer a ruling on summary judgment . . . must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'" *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)). Having identified the unavailable facts and the steps taken to obtain them, the party must then "explain how additional time will enable him to rebut the movant's allegations of no genuine issue of fact." *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask*, 446 F.3d at 1042).

"The protection afforded by [Rule 56(d)] . . . is designed to safeguard against a premature or improvident grant of summary judgment." *Guthrie v. Sawyer*, 970 F.2d 733, 738 (10th Cir. 1992) (quoting *Pasternak v. Lear Petroleum Expl., Inc.*, 79 F.2d 828, 833 (10th Cir. 1986)). Courts have long been required to ensure that motions under Rule 56(d) are "liberally treated" unless the party seeking relief under that provision has been dilatory or the motion otherwise lacks merit. *See Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (citation omitted); *see also King Airway Co. v. Pub. Tr. of Routt Cnty., Colo.*, 111 F.3d 140, 1997 WL 186256, at *5 (10th Cir. Apr. 17, 1997) ("[B]ecause the purpose of Rule 56[(d)]

'is to provide an additional safeguard against an improvident or premature grant of summary judgment,' the rule 'should be applied with a spirit of liberality.'" (quoting 10A Charles A. Wright, et al., Federal Practice and Procedure § 2740 (2d ed. 1983))).

### C. Analysis

In his Rule 56(d) Affidavit, Plaintiff insists that granting him additional time to conduct discovery he seeks in his Motions to Compel and his Motion to Reopen Discovery will enable him to present facts to rebut the motions for summary judgment. ECF 173-1 at 3. In other words, the outcome of Plaintiff's Rule 56(d) Motion hinges on a favorable outcome as to his other discovery motions. But critically, all of these discovery motions have now been denied, save one. As to the one motion on which the Court granted relief, the Court determined that Plaintiff is entitled to a second Rule 30(b)(6) deposition by a corporate representative of RCI for the limited purpose of exploring a narrow category of previously designated topics, including the manner of sale of RCI timeshare exchange memberships. *See* ECF 188. Thus, to the extent Plaintiff asserts that he is entitled to such discovery in his Rule 56(d) Motion, that issue is effectively moot.

Even so, a favorable ruling permitting a second Rule 30(b)(6) deposition from RCI does not necessarily resolve the distinct issue of whether Plaintiff is entitled to a continuance for his summary judgment responses. After all, in the context of his Rule 56(d) Motion, Plaintiff fails to make any showing that the topics he seeks to explore at a second Rule 30(b)(6) deposition will preclude the entry of summary judgment in RCI's favor. *See* Fed. R. Civ. P. 56(d) (providing relief only when an affidavit shows that "for specified reasons, [the summary judgment nonmovant] cannot present facts essential to justify its opposition"). At most, Plaintiff contends that his efforts to obtain discovery on the manner of sale of RCI's timeshare exchange memberships were hindered by RCI's production of an unprepared witness. ECF 173-1 ¶ 10. Plaintiff having failed

to meet his burden to demonstrate the requisite basis for relief under Rule 56(d), the Court will not delay Plaintiff's response deadline on account of such outstanding discovery.

As to the other discovery areas that Plaintiff identifies in his Rule 56(d) Affidavit, he is likewise not entitled to relief, as he has again made no showing that facts were unavailable to him during discovery, which has now ended. *See* Fed. R. Civ. P. 56(d). Fundamentally, Rule 56(d) is a vehicle through which diligent litigants are assured an opportunity for fair discovery before the Court decides a motion for summary judgment. *See Anderson*, 477 U.S. at 250 n.5. Here, with the exception of the Rule 30(b)(6) deposition discussed above, the Court has no reason to believe that Plaintiff was denied a reasonable and fair opportunity to conduct discovery during the discovery period and in advance of Defendants' summary judgment motions. Instead, Plaintiff enjoyed a full discovery period of more than six months—during which he requested no extension of the discovery deadline—before Defendants moved for summary judgment on the last day on which they were permitted to do so. Critically, Rule 56(d) "does not compel the court to grant a continuance to a party that has been dilatory in conducting discovery." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1151 (10th Cir. 2006). Moreover, Plaintiff has failed to offer any explanation of how the discovery he seeks would preclude summary judgment in Defendants' favor. *See Arciero*, 741 F.3d at 1116 (concluding that the Rule 56(d) movant must "explain how additional time [and discovery] will enable him to rebut the movant's allegations of no genuine issue of material fact.") (citation omitted).

## IV. CONCLUSION

For all these reasons, **IT IS ORDERED** that Plaintiff's Motion to Amend Scheduling Order and Reopen Discovery [ECF 171] and Motion for Extension of Time to Respond to Defendants' Motions for Summary Judgment [ECF 173] are **DENIED** except that Plaintiff may

conduct a limited Rule 30(b)(6) Deposition as explained in this Court's March 1, 2024 Order [ECF 188].

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Re-Depose Defendant Stephen Bradley [ECF 185] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's responses to Defendants' Motions for Summary Judgment [ECFs 164, 165] are due within 14 days of entry of this Order.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE