# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**Before the Honorable Gregory J. Fouratt**
**United States Magistrate Judge**

**Clerk's Minutes**

**Civ. No. 22-360 DHU/GJF**

*Escano v. RCI, LLC, et al.*

**Date of Hearing: 3/7/24**
*(recorded via Liberty MARS)*

| | |
|---|---|
| **Attorney for Plaintiff**: | Ruben Escano, Pro Se |
| **Attorneys for Defendants**: | Joseph Wylie and Jeffrey Taylor (for RCI), Brian Cummings (for Timescape and Mr. Bradley) |
| | Defendant MXRRU unrepresented |
| **Proceedings**: | Telephonic Status Conference |
| *Start Time*: | 1:15 p.m. |
| *Stop Time*: | 1:36 p.m. |
| **Total Time**: | **21 minutes** |
| **Clerk**: | AEM |

**Notes:**

- The Court explained that it scheduled the telephonic status conference pursuant to Mr. Wylie's March 5, 2024 e-mail requesting the Court's assistance in determining whether and how counsel for Defendants may communicate with Plaintiff.

- The Court asked Mr. Escano why he sent his March 4, 2024 letter regarding his consultation with an attorney to counsel for Defendants.

- Mr. Escano advised that the purpose of his letter was to ensure that attorney fees would be reimbursable in this case.

- Noting that the First Amended Complaint identified attorney fees as a form of relief Plaintiff might seek, the Court asked whether Mr. Escano had a theory under which such fees are recoverable if a consulting attorney does not enter an appearance on his behalf or take over his representation.

- Mr. Escano responded in the affirmative but noted that he had not yet paid any attorney for his or her consultation.

- In response to the Court's inquiry as to whether he considered himself to be represented by an attorney in this case, Mr. Escano responded, "Definitely not."
- The Court asked Mr. Escano whether he had signed an engagement letter, a retainer agreement, or any similar document concerning a lawyer's services in this case, even if limited to a consulting role.
- Mr. Escano advised that he had not signed such a document.
- The Court asked Mr. Escano whether it was his intention to have a lawyer enter his or her appearance in this case on his behalf.
- Mr. Escano explained that it was a possibility that he may retain a lawyer in this case, though not his present intention.
- The Court asked Mr. Escano what might make him decide to obtain a lawyer in this case.
- Mr. Escano advised that he may decide to retain a lawyer if it becomes necessary to do so during trial preparation.
- The Court asked Mr. Escano to describe the timing and type of consultation that he had received from a lawyer in this case.
- Mr. Escano explained that the communications with the lawyer referenced in his March 4, 2024 letter took place within the last two months, and he characterized those discussions as "superficial."
- The Court asked Mr. Escano how involved the consulting lawyer was in directing the activity in this case or in prosecuting his claims.
- Mr. Escano responded that the lawyer was not at all involved in directing the prosecution of his claims and clarified that there is no ongoing consulting relationship between himself and the lawyer he recently consulted.
- In response to the Court's inquiry as to whether he believed he had entered into an attorney-client relationship with the lawyer referenced in the letter, Mr. Escano indicated that he did not believe he had.
- The Court asked Mr. Escano whether he considered his communications with that lawyer to be privileged.
- Mr. Escano indicated that he did not have an opinion as to whether his communications with the consulting lawyer were privileged but suggested that they may be subject to work product protections.
- The Court asked Mr. Escano whether the lawyer he consulted in 2024 was the only lawyer with whom he had consulted in this case.
- Mr. Escano represented that he had previously and superficially discussed this case with other attorneys but had decided back then against obtaining legal representation.
- Mr. Escano emphasized that no lawyer was preparing his filings or directing his actions in this case and that no one was authorized to speak on his behalf.
- The Court asked Mr. Escano whether, in the event he decides to hire a lawyer to represent him in this case, he intended to hire the attorney with whom he had consulted or a different attorney.

- Mr. Escano responded that he had not decided.
- The Court asked Mr. Escano whether, if it were to call the attorney with whom he consulted in the past two months, that lawyer would have a different view as to whether they represented Mr. Escano.
- Mr. Escano opined that the lawyer in question would not have a different view and would be confused as to why they were involved in this matter.
- Mr. Escano indicated that he had assured counsel for RCI that he was not represented by counsel and argued that counsel had disingenuously misconstrued his letter as a delay tactic in this case.
- The Court asked Mr. Wylie whether there was any additional information that it could elicit from Mr. Escano to allay the concerns that prompted the request for a status conference.
- Mr. Wylie indicated that he believed the Court's questions and Mr. Escano's responses had resolved the matter under Comment 7 of Rule 16-402.
- Mr. Wylie insisted that he had not sought the Court's involvement in this matter to delay the scheduling of the recently-permitted supplemental Rule 30(b)(6) deposition but, rather, believed he had an ethical duty to resolve the issue of Plaintiff's legal representation.
- The Court asked Mr. Cummings whether he believed there was any additional information that it could elicit from Mr. Escano that would be helpful to clarify Plaintiff's status as an unrepresented party.
- Mr. Cummings explained that he found the Court's questioning sufficient and represented that his client had joined Mr. Wylie's request for a status conference to seek a Court order out of an abundance of caution.
- Mr. Cummings also noted that Comment 3 to Rule 16-402 provides that "[t]he rule applies even though the represented person initiates or consents to the communication."
- Based on the information learned during the course of the status conference, the Court issued the following findings and conclusions: Mr. Escano is not represented by counsel as that phrase is understood in Rule 16-402, and Defendants' counsel may continue to have direct communications with Mr. Escano in this case without violating that rule.
- The Court instructed Mr. Escano to advise opposing counsel and the Court at the earliest possible moment if he decides to retain a lawyer to represent him in this case.
- Mr. Wylie asked the Court to address an issue that had arisen with respect to the location of the outstanding Rule 30(b)(6) deposition scheduled to take place on March 19, 2024.
- Mr. Escano responded that he could confer further with Mr. Wylie as to the location of the supplemental Rule 30(b)(6) deposition.
- The Court indicated that it would leave it to counsel and Mr. Escano to confer regarding the deposition and that if they are unable to resolve the issue, they will need to file a motion with the Court.
- The Court adjourned.