UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| RUBEN J. ESCANO, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | 2:22-CV-00360-DHU-GJF |
| vs. | § | |
| | § | |
| RCI, LLC, *et al.* | § | |
| | § | |
| Defendants. | § | |

**MOTION TO QUASH SUBPOENA TO APPEAR AND TESTIFY AT TRIAL**

Pursuant to Federal Rule of Civil Procedure 45(d)(3), intervenor Ryan Morettini ("Morettini"), through undersigned counsel, hereby submits this Motion to Quash Subpoena to Appear and Testify at Trial, and, in support, states as follows:

1. Plaintiff has spent the last two years pursuing an increasingly aggressive course of litigation. Not content to harass RCI at the corporate level, Plaintiff has now begun a campaign against RCI's current and former employees.

2. Plaintiff simply ignores his obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). He also ignores his obligation to litigate in a way that results in the "inexpensive determination" of this action. Fed. R. Civ. P. 1.

3. Plaintiff has informed counsel for RCI that Plaintiff intends to serve subpoenas for trial testimony on ten different individuals, all of whom are current or former RCI personnel. At least three are attorneys or assist attorneys. Plaintiff has not deposed any of the ten individuals he intends to subpoena. All of the ten reside well outside the geographical limits for service of a trial

1

subpoena, and Plaintiff does not claim otherwise. In other words, Plaintiff knows that the subpoenas are invalid on their face. The subpoenas also call for attendance at trial on April 1, 2024, even though the Court has vacated that trial date. [Dkt. 197.]

4. Nonetheless, Plaintiff has refused to withdraw the subpoenas on the stated basis that he will only confer on the subpoenas with attorneys who have been retained specifically by the individuals he seeks to subpoena. The only reason to refuse to confer is to impose inconvenience and expense on RCI and its personnel.

5. For instance, on March 15, 2024, Plaintiff purported to serve on Morettini a subpoena to appear and testify at trial in this matter ("Subpoena"). *See* **Exhibit A**. Although Plaintiff purports to have served Morettini, he has not filed an affidavit of service. It is unclear if Plaintiff is attempting to serve the remaining nine threatened subpoenas.

6. The Subpoena further requires Morettini to bring "(1) any personal electronic device, such as cell phones and laptops, able to access emails sent to, or received from, the mxrru.com domain name; and (2) all emails listed in the privilege log RCI, LLC served on Plaintiff on or about October 26, 2023." *Id.*

7. Morettini is not a party to this action. Morettini is Group Vice President – Litigation, Consumer Affairs, and Intellectual Property, for Travel + Leisure Co., which owns RCI. *See* Declaration of Ryan Morettini attached hereto as **Exhibit B**, at ¶ 2.

8. The Subpoena therefore, on its face, is directed to a person whose relevant knowledge, if any, is protected by a privilege belonging to RCI, and the subpoena purports to require, in effect, production of documents as to which RCI has asserted privilege.

9. Federal Rule of Civil Procedure 45 permits the issuance of subpoenas to non-parties to appear and testify at a trial, hearing, or deposition, but imposes a geographic limitation on the scope of such subpoenas.

10. Pursuant to Rule 45(c), a subpoena may command a person to attend a trial, hearing, or deposition only:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> (i) is a party or a party's officer; or
> (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1).

11. The Subpoena is not compliant with the geographic limitation of Rule 45(c).

12. Morettini resides and works in Florida. *Id.* at ¶ 3.

13. Morettini does not regularly travel to New Mexico and does not transact business in New Mexico. *Id.* at ¶ 4.

14. As trial in this matter is outside the state of Florida and more than 100 miles from where Morettin resides and is employed, the Subpoena exceeds the allowable scope of Rule 45(c).

15. That, alone, is a sufficient basis to quash the Subpoena.

16. Howeverr, the Subpoena should also be quashed because it impermissibly requires Morettini to (1) bring privileged documents and (2) provide discovery outside of the discovery deadline.

17. First, the Subpoena, on its face, requires Morettini to bring privileged documents. Morettini serves as in-house counsel for Travel + Leisure Co, and its subsidiaries, including RCI. *Id.* at ¶ 6. Yet, the Subpoena specifically directs Morettini to bring "all emails listed in the privilege log RCI, LLC served on Plaintiff on or about October 26, 2023." *See* **Exhibit A.**

18. Rule 45(d)(3)(A)(iii) requires a court to quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(iii). RCI has expressly asserted the privilege of the very documents Plaintiff is requiring Morettini to bring. Plaintiff's attempt to circumvent the attorney-client privilege through a trial subpoena is improper.

19. Second, the Subpoena requires Morettini to bring "any personal electronic device, such as cell phones and laptops, able to access emails sent to, or received from, the mxrru.com domain name." *See* **Exhibit A.** Discovery in this matter closed on October 2, 2023, and Plaintiff did not seek any of Morettini's devices during discovery. The Subpoena plainly is an attempt to avoid the Court's prior ruling declining to extend that discovery deadline. [Dkt. 189.] Plaintiff's use of a trial subpoena to obtain discovery after the close of fact discovery is impermissible. *Equal Emp. Opportunity Comm'n v. BOK Fin. Corp.*, No. CIV 11-1132 RB/LAM, 2014 WL 11829321, at *2 (D.N.M. Feb. 4, 2014) ("While a trial subpoena can be used to obtain documents in certain circumstances, such as securing an original document previously disclosed during discovery, or for purposes of memory recollection or trial preparation, it should not be used for the provision of discovery.") (internal quotation marks and alterations omitted).

20. For each of these reasons, the Subpoena is facially improper and should be quashed.

WHEREFORE, Ryan Morettini respectfully requests that the Court grant this Motion and quash the Subpoena directed to him.

Dated: March 22, 2024

                                              Respectfully submitted,

                                              */s/ Joseph C. Wylie II*
                                              Joseph C. Wylie II (*pro hac vice*)
                                              K&L GATES LLP
                                              70 W. Madison Street, Suite 3100

Chicago, Illinois 60602
T: (312) 807-4439
F: (312) 345-9060
joseph.wylie@klgates.com

Melanie B. Stambaugh
Randy Taylor
RODEY, DICKASON, SLOAN, AKIN &
ROBB, P.A.
Post Office Box 1888
Albuquerque, New Mexico 87103
T: (505) 765-5900
F: (505) 768-7395
mstambaugh@rodey.com
rtaylor@rodey.com

*Attorneys for Defendant RCI, LLC*

# Exhibit A

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| RUBEN ESCANO | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-00360-DHU-GJF |
| RCI, LLC, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Ryan Morettini
6277 Sea Harbor Drive, Orlando, Florida 32821

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Pete v. Domenici, United States Courthouse, Mimbres Courtroom–4th Floor, 333 Lomas, N.W., Albuquerque, New Mexico. | Courtroom No.: Mimbres Courtroom |
|---|---|
| | Date and Time: 04/01/2024 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:
(1) any personal electronic device, such as cell phones and laptops, able to access emails sent to, or recieved from, the mxrru.com domain name; and
(2) all emails listed in the privelege log RCI, LLC served on Plaintiff on or about October 26, 2023.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/29/24

CLERK OF COURT
*Victoria Harvell*                                OR
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* RUBEN ESCANO
, who issues or requests this subpoena, are:
pro se; 2311 Ranch Club Road, Suite #2-180, Silver City, NM 88061; rubenescano@gmail.com; 201-527-8938.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RUBEN J. ESCANO, | § |
| | § |
| Plaintiff, | § |
| | §   2:22-CV-00360-DHU-GJF |
| vs. | § |
| | § |
| RCI, LLC, *et al.* | § |
| | § |
| Defendants. | § |

# DECLARATION OF RYAN MORETTINI

Pursuant to 28 U.S.C. § 1746, I, Ryan Morettini, hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information, and belief at the time I executed this Declaration.

1. I am at least 18 years of age and of sound mind.

2. I am Group Vice President – Litigation, Consumer Affairs, and Intellectual Property, for Travel + Leisure Co., which owns RCI, LLC.

3. I reside and work in Florida.

4. I do not regularly travel to New Mexico and do not transact business in New Mexico.

5. I am a member of the New York State Bar and am Authorized House Counsel in Florida.

6. I serve as in-house counsel for Travel + Leisure Co. and its subsidiaries, including RCI, LLC.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 22, 2024

/s/ Ryan Morettini
Ryan Morettini

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, I caused a true and correct copy of the foregoing Motion to Quash Subpoena to Appear and Testify at Trial to be served upon counsel of record by e-mail.

*/s/ Joseph C. Wylie II*
