UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RUBEN J. ESCANO, | § |
| | § |
| Plaintiff, | § |
| | §   2:22-CV-00360-DHU-GJF |
| vs. | § |
| | § |
| RCI, LLC, *et al.* | § |
| | § |
| Defendants. | § |

**REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA TO APPEAR AND TESTIFY AT TRIAL AND OPPOSITION TO PLAINTIFF'S MOTION TO TAKE REMOTE TESTIMONY OF INTERVENOR RYAN MORETTINI AT TRIAL**

Pursuant to Federal Rule of Civil Procedure 45(d)(3), intervenor Ryan Morettini ("Morettini"), through undersigned counsel, hereby submits this reply in support of his Motion to Quash Subpoena to Appear and Testify at Trial and his opposition to Plaitniff's Motion to Take Remote Testimony of Intervenor Ryan Morettini at Trial.

In his response opposing Morettini's motion, and in his subsequent motion seeking to take Morettini's trial testimony remotely, Plaintiff argues that the Court may authorize remote testimony under Rule 43. Rule 43(a) provides that a court, "[f]or good cause in compelling circumstances and with appropriate safeguards" may permit testimony in open court from a remote location. Fed.R.C.P. 43(a). Plaintiff essentially argues that this nullifies the geographical limitation in Rule 45. District courts have reached different conclusions about the interaction between Rule 43(a) and Rule 45, and neither this Court nor the Tenth Circuit have specifically considered it. The Ninth Circuit has considered this issue, however, and rejected Plaintiff's argument. *In re Kirkland*, 75 F.4th 1030 (9th Cir. 2023). As the Ninth Circuit explained:

1

> The fact remains that *all* witnesses – even those appearing remotely – must be compelled to appear, and a court can only compel witnesses who are within the scope of its subpoena power. Rule 43 does not give courts broader *power* to compel remote testimony; it gives courts *discretion* to allow a witness otherwise within the scope of its authority to appear remotely if the requirements of Rule 43(a) are satisfied. That is, neither the text of the rules nor the advisory committee's notes establish that the 100-mile limitation is inapplicable to remote testimony or that the "place of compliance" under Rule 45 changes the location of the trial or other proceeding to where the witness is located when a witness is allowed to testify remotely.

*Id.* at 1044 (original emphasis). Further, other courts in this Circuit have reached the same conclusion. *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2021 WL 2822535, at *4 (D. Kan. July 7, 2021) (declining to "circumvent Rule 45's requirements" by allowing remote testimony and predicting that the 10th Circuit would reach the same conclusion); *Moreno v. Specialized Bicycle Components, Inc.*, 2022 WL 1211582, at *2 (D. Colo. Apr. 25, 2022) (noting that there "is nothing in the language of Rule 43(a) that permits this court to compel the testimony of an individual who is indisputably outside the reach of its subpoena power"); *Black Card LLC v. Visa USA Inc.*, 2020 WL 9812009, at *4 (D. Wyo. Dec. 2, 2020) (noting that it could not compel remote testimony because "the Court is in fact limited by Rule 45"). The reasoning of the Ninth Circuit is highly persuasive, and the rationale applied by the Ninth Circuit is apparent in the earlier district court decisions noted above. This Court should reach a similar conclusion. Rule 45 constrains the *power* of this Court to compel Morettini to testify, whether in person or remotely, and Rule 43(a) does not change that fact. The Court, therefore, cannot compel Morettini's testimony, and Plaintiff's request for remote testimony should be denied and the Subpoena quashed.

Plaintiff also questions Morettini's claim of privilege. But as discussed in the Motion to Quash, the information and documents Plaintiff seeks relate to Morettini's capacity has in-house counsel for Travel + Leisure Co., which owns RCI. Motion at ¶¶ 7, 17. This Court has held that

2

confidential communications between a company's in-house counsel and the company's employees qualifies for the attorney-client privilege. *Sandia Vista L.L.C. v. Teresa I, L.L.C.*, 2006 WL 8443811, at *6 (D.N.M. Aug. 30, 2006). Further, even if Plaintiff were able to call Morettini as a witness, it is evident that Plaintiff intends to question Morettini only about privileged topics, which will result in testimony consisting solely of privilege assertions. That is improper, would be a waste of time, and could lead to prejudicial inferences in the minds of jurors.

WHEREFORE, Ryan Morettini respectfully requests that the Court deny Plaintiff's Motion to Take Remote Testimony of Ryan Morettini and grant Morettini's Motion to Quash the Subpoena directed to him.

Dated: April 15, 2024

Respectfully submitted,

*/s/ Joseph C. Wylie II*
Joseph C. Wylie II (*pro hac vice*)
K&L GATES LLP
70 W. Madison Street, Suite 3100
Chicago, Illinois 60602
T: (312) 807-4439
F: (312) 345-9060
joseph.wylie@klgates.com

Melanie B. Stambaugh
Randy Taylor
RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
Post Office Box 1888
Albuquerque, New Mexico 87103
T: (505) 765-5900
F: (505) 768-7395
mstambaugh@rodey.com
rtaylor@rodey.com

*Attorneys for Defendant RCI, LLC*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on April 15, 2024, I caused a true and correct copy of the foregoing Reply in Support of Motion to Quash Subpoena to Appear and Testify at Trial to be served upon counsel of record by e-mail.

                                                    */s/ Joseph C. Wylie II*