**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RUBEN ESCANO,

      Plaintiff,

v.

RCI, LLC, *et al.*,

      Defendants.

Case No. 2:22-cv-00360-DHU-GJF

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO TAKE**
**REMOTE TESTIMONY OF INTERVENOR RYAN MORETTINI AT TRIAL**

Plaintiff Ruben Escano, undersigned, hereby respectfully submits his reply in further support of his *Motion to Take Remote Testimony of Intervenor Ryan Morettini at Trial*, filed April 8, 2024 as Document 217 (the "Motion"). This reply is to Defendant RCI, LLC's ("RCI") *Opposition to Plaintiff's Motion to Take Remote Testimony of Intervenor Ryan Morettini at Trial*, filed April 15, 2024 as Document 221 (the "Opposition" or "Opp."). For the reasons set forth below, the Motion should be granted.

Now, with trial approaching, RCI seeks to limit the evidence introduced at trial by strategically leaving at home a key witness whose testimony it does not want the Court to hear, and whose documents it does not want the Court to see. The Court should not condone a strategy that will deny the Court an opportunity to fairly assess credibility and rule on a complete record.

The Opposition argues that "Rule 45 constrains the *power* of this Court to compel Morettini[1] to testify, whether in person or remotely[.]" (Opp. at 2) (emphasis in original). In

---

[1] "Morettini" refers to Intervenor Ryan Morettini.

support, the Opposition cites several cases from outside of this District.  However, RCI knows that such an interpretation of the rules is not the law in this District or the Tenth Circuit.  Indeed, *Kirkland* (one of the cases cited in the Opposition), notes that there is a "split among district courts" on the issue. *In re Kirkland*, 75 F.4th 1030, 1038 (9th Cir. 2023).

Courts throughout the Country have reached different conclusions than the Opposition and found that Rule 43(a) permits courts to compel remote testimony of a witness outside the physical geographic range of Rule 45. *See Kahn v. Sanofi U.S. Servs., Inc.*, No. 21-mc-01919, ECF No. 14, at *10–11 (E.D. La. Nov. 3, 2021) (finding that if a witness is permitted to testify from "a location within 100 miles of his residence . . . the geographical limits of Rule 45(c) are satisfied"); *see also United States v. $110,000 in U.S. Currency*, No. 21 C 981, 2021 WL 2376019, at *3 (N.D. Ill. June 10, 2021); *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, 2017 WL 2311719, at *4 (E.D. La. May 26, 2017); *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2021 WL 2605957, at *3–4 (N.D. Fla. May 28, 2021); *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, MDL Docket No. 3:11- MD-2244-K, 2016 WL 9776572, at *1–2 (N.D. Tex. Sept. 20, 2016).

Moreover, perhaps most importantly, the district court that even under the Opposition's argument would have authority to compel Morettini to testify, has rejected the Opposition's argument. *See Blue Cross v. Davita Inc.*, No. 3:19-CV-574-BJD-MCR, 2022 U.S. Dist. LEXIS 237003, at *2–4, 9–11 (M.D. Fla. May 27, 2022) (analyzing Rule 43 alongside Rule 45, and allowing plaintiffs to compel two witnesses to testify remotely for trial in Florida).

Based on RCI's privilege log (inappropriately produced weeks after the close of discovery), Morettini was integral in preparing RCI's responses to Plaintiff's discovery requests, and Plaintiff's questioning would not consist of privileged topics.  For example, Morettini's testimony

would include authentication of documents, and naming RCI employees who provided information for RCI's discovery responses.  District courts have the authority to ensure the factfinder "is provided with the best and most complete basis to evaluate evidence and witness credibility." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, MDL No. 551, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988) (internal quotation omitted).

WHEREFORE, Plaintiff respectfully requests leave to take testimony of Morettini remotely, at trial.

Dated this 29th day of April, 2024.

Respectfully submitted,

/s/ Ruben J. Escano

**Ruben J. Escano,** *pro se*
2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
rubenescano@gmail.com
(201) 527-8938

IT IS HEREBY CERTIFIED that on this 29th day of April, 2024, the foregoing was filed electronically through the CM/ECF system, causing all parties or counsel of record to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

By:   /s/ Ruben J. Escano
**Ruben J. Escano,** *pro se*