IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN ESCANO,

    Plaintiff,

v.

RCI, LLC, a Delaware Corporation et al.

    Defendants.

Case No. 2:22-cv-00360-DHU-GJF

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RCI, LLC'S MOTION TO SEAL DEPOSITION TRANSCRIPT OF CRYSTIAN ALATORRE**

    Plaintiff Ruben Escano, undersigned, hereby respectfully responds in opposition to Defendant RCI, LLC's ("RCI") *Motion to Seal Deposition Transcript of Crystian Alatorre* (Doc. 229) (the "Motion" or "Mot."). For the reasons set forth below, the Motion should be denied.

    1.    The public has a "general right to inspect and copy public records and documents[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, there is a presumption that the public should have access to judicial records. *Id.* at 602. To overcome this presumption, RCI "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the Court's] decision-making process." *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (internal quotation omitted).

    2.    The Motion requests that the Court "keep Mr. Alatorre's deposition transcript sealed in its entirety." (Mot. at ¶ 6). Without providing any detail or citations to any lines of the deposition transcript, the Motion argues that Mr. Alatorre testified about "various confidential matters, including but not limited to RCI's confidential operational and business development

practices, financial details relating to RCI's affiliate agreements, and confidential settlement details in other civil lawsuits." (Mot. at ¶ 2). As the Motion indicates (at ¶ 5), Plaintiff stipulated that settlement details in RCI's other telemarketing lawsuits can be kept confidential. However, RCI has not provided any explanation as to why the remainder of Mr. Alatorre's testimony should be sealed in its entirety.

3.  The Motion also appears to argue (at ¶ 3–4) that the transcript should be sealed because RCI designated the deposition transcript as confidential pursuant to the Court's Confidentiality Order (Doc. 101). However, RCI "cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court." *See Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *see also JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 826-27 (10th Cir. 2014) (reminding that "[c]ontrolling precedent in this circuit . . . explicitly rejects" designating materials as confidential under a protective order "as a sufficient justification for sealing documents").

4.  As to RCI's assertion (at ¶ 2) that the transcript reveals supposedly "confidential operational and business development practices[ and] financial details relating to RCI's affiliate agreements," the Motion does not present any specifics at all on this point. The Motion cites to a single case to support its argument that RCI "has a strong interest in preserving the confidentiality of business information that, if revealed to competitors, would harm its competitive standing." (Mot. at ¶ 8) (citing *Martinez v. Continental Tire the Americas*, LLC, 2023 WL 2914796, at *2 (D.N.M. Apr. 12, 2023)). But in *Martinez*, the party requesting that a trial transcript be sealed submitted several affidavits and declarations describing specifically how the trial testimony would "provide a competitive advantage to its competitors" and only requested that limited, specified portions of the transcript be sealed, not the entire transcript as the instant Motion requests.

*Martinez*, 2023 WL 2914796, at *5–8, 12.  The Motion does not even attempt to explain how RCI's competitors would gain a competitive advantage from Mr. Alatorre's deposition transcript.[1]

5. Additionally, RCI has not filed with the Court the full 133-page deposition transcript, which RCI could file provisionally under seal to allow the Court to evaluate RCI's confidentiality designation.  The Motion does cite (at 1, 3) to Exhibit J of Plaintiff's response to RCI's motion for summary judgment, filed under seal as Document 210-1, which is an excerpt of the full deposition transcript.  But even so, the Motion does not cite to any specific portions of the transcript or provide any further explanation to the Court.

6. Plaintiff cannot divine how Mr. Alatorre's deposition transcript can be deemed confidential.  The transcript in the instant case does not describe any secret formulas, recipes, manufacturing processes, finances, or elaborate business plans.  There is no material information that isn't already known to RCI's competitors within the timeshare exchange industry.  Rather, the transcript reveals RCI's association, and concomitant liability, for a decade-long telemarketing scheme that has garnered the interest of at least two federal government bodies.  As far as Plaintiff can tell, RCI wishes that the transcript remains sealed not for any reasons of genuine confidentiality, but rather to avoid further scrutiny from those with an interest in correcting bad business practices.

WHEREFORE, Plaintiff respectfully requests that the Court deny the Motion.

* * *

---

[1] And even if RCI's competitors would gain an advantage, the Court should still "weigh[] the public's interests, which it presumes are paramount, against those advanced by the parties." *See Martinez*, 2023 WL 2914796, at *2.

3

Dated this 15th day of May, 2024.

                                        Respectfully submitted,

                                        /s/ Ruben J. Escano

                                        **Ruben J. Escano,** *pro se*
                                        2311 Ranch Club Road
                                        Suite #2-180
                                        Silver City, NM 88061
                                        rubenescano@gmail.com
                                        (201) 527-8938

IT IS HEREBY CERTIFIED that on this 15th day of May, 2024, the foregoing was filed electronically through the CM/ECF system, causing all parties or counsel of record to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

By:  /s/ Ruben J. Escano
       **Ruben J. Escano**, *pro se*