## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| RUBEN J. ESCANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | 2:22-CV-00360-DHU-GJF |
| vs. | § | |
| | § | |
| RCI, LLC, *et al.* | § | |
| | § | |
| Defendants. | § | |

## REPLY IN SUPPORT OF MOTION TO SEAL DEPOSITION TRANSCRIPT OF CRYSTIAN ALATORRE

Pursuant to Local Rule 7, Defendant RCI, LLC ("RCI"), through undersigned counsel, hereby submits this Reply in Support of its Motion to Seal Deposition Transcript of Crystian Alatorre ("Motion").

Plaintiff's opposition to the Motion principally objects to the lack of citations to the transcript. Plaintiff does not present any basis to dispute that the transcript contains confidential information, other than his own conclusion that "[t]here is no material information that isn't already known to RCI's competitors within the timeshare exchange industry." Pl. Br. at 3. Respectfully, it is not for Plaintiff to decide what information RCI deems confidential, and Plaintiff has no basis of knowledge to make such an assertion.

As explained in the Motion, Mr. Alatorre testified throughout his deposition about RCI's internal business practices, which RCI maintains as confidential. *See, generally,* Transcript ("Tr.") of Deposition of Crystian Alatorre. This includes, for example, testimony about RCI's training programs, *see, e.g.,* Tr. at 76:1-77:4, RCI's process for onboarding new members, *see id.* at 80:9-82:7, and RCI's business development practices, *see id.* at 100:7-105:15. Plaintiff also introduced

exhibits during Mr. Alatorre's deposition that are confidential. *See id*., Exhibits 1, 4. Additionally, Mr. Alatorre testified about the resolution of previous cases, *see id.* at 114:6-122:12, which included testimony about confidential settlement agreements or negotiations, *see id.* at 117:21-118:5, 118:25-119:10, 119:11-120:3, 120:14-121:11, 121:18-122:2.

Courts have held that these categories of information constitute confidential information and justify the sealing of court records containing the information. *See Martinez v. Continental Tire the Americas, LLC*, 2023 WL 2914796, at *2 (D.N.M. Apr. 12, 2023) (finding that a defendant's interest in maintaining the confidentiality of confidential business information heavily outweighs the public's interest in viewing a transcript of testimony revealing the confidential business information); *Friedland v. TIC-The Indus. Co.*, 566 F.3d 1203, 1205 n. 1-2, 1211 (10th Cir. 2009) (permitting sealed filings relating to confidential settlement agreements). Plaintiff has not provided any reason to find otherwise, other than his own unfounded conclusions about what RCI should consider confidential.

WHEREFORE, RCI respectfully requests that the Court seal and maintain the confidentiality of Mr. Alatorre's deposition.

Dated: May 29, 2024

Respectfully submitted,

*/s/ Joseph C. Wylie II*
Joseph C. Wylie II (*pro hac vice*)
K&L GATES LLP
70 W. Madison Street, Suite 3100
Chicago, Illinois 60602
T: (312) 807-4439
F: (312) 345-9060
joseph.wylie@klgates.com

Melanie B. Stambaugh
Jeffrey R. Taylor

2

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
Post Office Box 1888
Albuquerque, New Mexico 87103
T: (505) 765-5900
F: (505) 768-7395
mstambaugh@rodey.com
rtaylor@rodey.com

*Attorneys for Defendant RCI, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2024, I caused a true and correct copy of the foregoing Reply in Support of Motion to Seal Deposition Transcript of Crystian Alatorre to be served upon counsel of record by e-mail.


*/s/ Joseph C. Wylie II*