# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RUBEN J. ESCANO,                           §
                                           §
                    Plaintiff,             §
                                           §   Case No. 2:22-CV-00360-DHU-GJF
        vs.                                §
                                           §
RCI, LLC, *et al.*                         §
                                           §
                    Defendants.            §

## DEFENDANT RCI, LLC'S MOTION *IN LIMINE* TO EXCLUDE FEBRUARY 8, 2018 CALL AS HEARSAY

Pursuant to Local Rule 7 and the Court's Trial Notice of April 10, 2024 [Dkt. 220], Defendant RCI, LLC ("RCI"), through undersigned counsel, hereby submits this Motion *in Limine* to preclude Plaintiff Ruben J. Escano from introducing the transcript or recording of the February 8, 2018 call, or otherwise referencing the substance of that call in testimony or otherwise, on the grounds that it constitutes inadmissible hearsay and occurred outside the scope of the applicable statute of limitations.  In support, RCI states as follows:

1.      District courts have "broad discretion to grant a motion *in limine* to exclude inadmissible evidence before it is offered at trial."  *Dentsply Sirona Inc. v. Edge Endo, LLC*, No. 1:17CV1041-JFB-SCY, 2020 WL 6392764, at *2 (D.N.M. Nov. 2, 2020) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)).

2.      This includes motions to exclude inadmissible hearsay statements.  *See United States v. Thompson*, 543 F. Supp. 3d 1156, 1162 (D.N.M. 2021) (granting motion *in limine* to exclude hearsay statements where no exceptions to the hearsay rule applied).

3.      "Hearsay is any out of court statement that is offered in evidence to prove the truth of the matter asserted in the statement."  *United States v. Perrault*, No. 17-02558-MV-1, 2019 WL

1178622, at *2 (D.N.M. Mar. 13, 2019) (citing Federal Rule of Evidence 801).  Hearsay statements are inadmissible unless a recognized exception to the hearsay rule applies.  Fed. R. Evid. 802, 803, 804.

4.      Here, throughout this litigation, Plaintiff has repeatedly referenced the recording of a call received on February 8, 2018 (the "Call"), in which the caller claims to be calling on behalf of RCI.

5.      There is no question that Plaintiff has offered the Call as evidence of the truth of what is asserted in the Call, namely, that the caller was employed by, acting at the direction of RCI, or acting on behalf of RCI.  But such out-of-court statements are hearsay and cannot be used to establish the fact of agency.  *See Atchison, Topeka and Santa Fe Railway Co. v. Bouziden*, 307 F.2d 230, 233 (10th Cir. 1962) ("Agency cannot be established by acts or declarations of the alleged agent."); *Fed. Deposit Ins. Corp. v. Glickman*, 450 F.2d 416, 419 (9th Cir. 1971) (holding that district court properly excluded statements of alleged agent used to establish agency on grounds that they constituted inadmissible hearsay)

6.      Most recently, in response to RCI's motion for summary judgment, Plaintiff cited the Call as a basis for finding that RCI is subject to direct liability for the calls that Plaintiff received. [Dkt. 209 at 11].

7.      In its Opinion and Order on RCI's Motion for Summary Judgment, this Court recognized that the Call constitutes hearsay but declined to rule on its admissibility at that time. [Dkt. 235 at 6, n.3].

8.      Although the Court noted that it could consider inadmissible hearsay for purposes of summary judgment, [Dkt. 235 at 6, n.3], the Court should now preclude Plaintiff from offering the Call as evidence during trial.

9.     Plaintiff has failed to establish that the Call is not hearsay under Rule 801 as an opposing party's statement, or that an exception under Rules 803 or 804 apply.  Plaintiff has not offered any admissible evidence as to the identity of the caller.  To the extent that Plaintiff intends to rely on the statements in the Call itself to establish a basis for admissibility, the Court should reject such an argument.  "Hearsay cannot 'bootstrap' itself into admission by asserting that it qualifies as a hearsay exception."  *Horton v. Rockwell Intern. Corp.*, 93 F. Supp. 2d 1048, 1055 (N.D. Iowa 2000); *see also Universal Analytics, Inc. v. The MacNeal-Schwendler Corp.*, 707 F. Supp. 1170, 1175 n.5 (C.D. Cal. 1989) (stating that a hearsay statement cannot alone form the basis for the application of an exception).

10.     Moreover, the Call itself cannot be part of Plaintiff's claims against RCI because it falls outside the scope of the applicable statute of limitations, which Plaintiff concedes. [Dkt. 209 at 11].  Plaintiff's only purpose for the Call, therefore, is to offer the Call for the truth of what is asserted in violation of the rule against hearsay.

WHEREFORE, Defendant RCI, LLC respectfully requests that the Court grant this Motion and preclude Plaintiff from offering the February 8, 2018 call as evidence during trial.

Dated: September 30, 2024                      Respectfully submitted,

By:  */s/ Melanie B. Stambaugh*
        Joseph C. Wylie II (*pro hac vice*)
        K&L GATES LLP
        70 West Madison, Suite 3100
        Chicago, Illinois 60602
        Telephone:  312-807-4419
        Facsimile:  312-345-9060
        joseph.wylie@klgates.com

        Melanie B. Stambaugh
        Jeffrey R. Taylor
        RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
        Post Office Box 1888
        Albuquerque, New Mexico 87103
        Telephone: (505) 765-5900

Facsimile: (505) 768-7395
mstambaugh@rodey.com
rtaylor@rodey.com

*Attorneys for Defendant, RCI, LLC*