IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN ESCANO,

    Plaintiff,

v.

RCI, LLC, a Delaware Corporation et al.

    Defendants.

Case No. 2:22-cv-00360-DHU-GJF

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT RCI, LLC'S MOTION *IN LIMINE***

    Plaintiff Ruben Escano, undersigned, hereby respectfully responds in opposition to Defendant RCI, LLC's ("RCI") Motion *in Limine* (Doc. 236) (the "Motion" or "Mot."). For the reasons set forth below, the Motion should be denied.

    1.    The Motion requests that the Court preclude Plaintiff from introducing the transcript, audio recording, or testimony of the February 8, 2018 call because, according to the Motion, such evidence is hearsay. *See* (Mot. at 1). During that call, a phone representative told Plaintiff, "We're a marketing division under RCI."[1] The Motion should be denied because evidence related to the February 8, 2018 call is not submitted only to prove the truth of the matter asserted (*i.e.*, that the caller was calling from the marketing division of RCI), and even if it were, it still would not be considered hearsay due to Federal Rule of Evidence 801(d)(2).

---

[1] A deficiency of the Motion is that, intentional or not, it omits the phrase which is supposedly hearsay. The Motion attempts to argue that the matter asserted, related to the February 8, 2018 call, is "that the caller was employed by, acting at the direction of RCI, or acting on behalf of RCI." (Mot. at ¶ 5). But the Motion does not point to an actual quote from either the audio recording or transcript of that call that it argues is hearsay. For that reason alone, the Motion should fail. Nonetheless, Plaintiff will construe the Motion as arguing that the matter asserted is that the caller was calling from RCI's marketing division and the associated quote is "We're a marketing division under RCI."

2. On the first point, the evidence related to the February 8, 2018 call (*i.e.*, the audio recording, transcript, and testimony) is not submitted only to prove the truth of the matter asserted. The evidence related to the February 8, 2018 call is submitted also to establish elements related to the subsequent call on April 3, 2018, in particular that Plaintiff told a phone representative during that call he was not interested in the vacation package being offered. This fact would establish the knowing and willful nature of the subsequent calls.

3. Additionally, the evidence of the call is submitted to establish that the subsequent call on April 3, 2018 violates prohibitions under Section 227(c)(5) of the Telephone Consumer Protection Act ("TCPA"). Counts Four through Eight of the Complaint, (Doc. 80 at ¶¶ 128–144), are brought under that section of the TCPA. *See* 47 U.S.C. § 227(c)(5) (promulgating that a "person who has received more than one telephone call within any 12-month period" may bring an action to recover damages). The section is only triggered once a called party receives two phone calls within a 12-month period. Because Plaintiff must establish that the subsequent April 3, 2018 call violates Counts Four through Eight, Plaintiff must also submit evidence that he had already received one call, the February 8, 2018 call.

4. The evidence is also submitted to establish RCI's vicarious liability for the actions of the callers. Specifically, the fact that the callers were authorized to use the "RCI" brand name demonstrates an agency relationship between RCI and the callers. This authorization is a key element in establishing vicarious liability under the TCPA, as it indicates that the callers were acting with the actual authority of RCI. Therefore, the February 8, 2018 call is critical in showing that RCI can be held responsible for the TCPA violations committed by its agents.

5. Even if the evidence is submitted to prove the truth of matter asserted, it is not considered hearsay due to Rule 801(d)(2). That rule allows such evidence to be submitted if the

statement "was made by the party in an individual or representative capacity[,] . . . was made by a person whom the party authorized to make a statement on the subject[, or] . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed[.]" FRE 801(d)(2).

6.      There are several facts showing that the caller of the February 8, 2018 call was either an RCI employee or an agent of RCI.  For example, during the February 8, 2018 call, a phone representative offered Plaintiff a vacation package to resorts within RCI's timeshare exchange network.  During that call, a phone representative offered a vacation package to Plaintiff for $999 on condition of attending a tour and sales presentation.  The price of $999 is the same price offered during the other calls in which pricing was provided.  The February 8, 2018 call began with a prerecorded message containing the same woman's voice, with similar excited intonations and cadence, in the prerecorded messages from the other calls.  All of the resorts offered during the calls were resorts within RCI's timeshare exchange network.  Plaintiff's credit card was charged during the April 3, 2018 call by Defendant Mexican Riviera Resorts Unlimited, S.A. de C.V. ("MXRRU").  Orlando Arroyo is an officer of MXRRU.  Mr. Arroyo is also a signatory to a contract with RCI permitting Mr. Arroyo's company to sell RCI's timeshare exchange memberships.  RCI's business development team trains sales persons at all of the resorts mentioned during the calls in how to sell RCI's timeshare exchange memberships.  Mr. Arroyo's company requested assistance from RCI on "increasing the closing percentage of sales" of RCI's timeshare exchange memberships, and is required by RCI to submit sales reports in a manner designated by RCI.  Lastly, RCI's parent company's Securities and Exchange Commission ("SEC") Form 10K states that it tracks not merely the membership enrollments generated at these resorts, but also the tours, whether or not a sale was made.

7. Additionally, as the Court noted in its Order on RCI's Motion for Summary Judgment, "Plaintiff could produce . . . a recording that could be authenticated." *See* (Doc. 235 at 6 n.3). Plaintiff indeed does intend to submit testimony at trial authenticating the audio recording of the February 8, 2018 call.

8. Citing decades-old cases from outside of the Tenth Circuit,[2] the Motion argues (at ¶ 9) that Plaintiff cannot "bootstrap" a statement from the February 8, 2018 call into admission by asserting that it qualifies under the Rule 801(d)(2) exception. But Plaintiff is not bootstrapping the statements of the February 8, 2018 call. Rather, Plaintiff is presenting a multitude of *different* facts, propounded above, to show that the caller of the February 8, 2018 call was either an employee or agent of RCI, or otherwise authorized to make the statement at issue: "We're a marketing division under RCI."

WHEREFORE, Plaintiff respectfully requests that the Court deny RCI's Motion *In Limine*.

Dated this 7th day of October, 2024.

Respectfully submitted,

/s/ Ruben J. Escano

**Ruben J. Escano,** *pro se*
2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
rubenescano@gmail.com
(201) 527-8938

---

[2] The case of *Rockwell Intern. Corp.* is inapposite because, unlike the instant case, the hearsay statements were made by independent contractors, not agents or employees. *See Horton v. Rockwell Intern. Corp.*, 93 F. Supp. 2d 1048, 1055 (N.D. Iowa 2000) ("This court is not convinced that the relationship these headhunters had with Rockwell was anything more than an independent contractor"). The case of *Universal Analytics, Inc.* is also inapposite because, unlike the instant case, it dealt with the conspiracy component of Rule 801(d)(2). *See Universal Analytics, Inc. v. The MacNeal-Schwendler Corp.*, 707 F. Supp. 1170, 1175 n.5 (C.D. Cal. 1989) ("No additional evidence of a conspiracy has been offered.").

4

IT IS HEREBY CERTIFIED that on this 7th day of October, 2024, the foregoing was filed electronically through the CM/ECF system, causing all parties or counsel of record to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

By: /s/ Ruben J. Escano
**Ruben J. Escano**, *pro se*