# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RUBEN ESCANO,

      Plaintiff,

v.

RCI, LLC, a Delaware Corporation et al.

      Defendants.

Case No. 2:22-cv-00360-DHU-GJF

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 26(a)(3) and the Court's Trial Notice of April 10, 2024, Defendant RCI, LLC ("RCI"), by and through its attorneys, proposes the following jury instructions to be read at trial. Plaintiff did not provide his proposed instruction until October 16, 2024. RCI's proposed instructions include any of Plaintiff's proposed instruction(s) to which RCI does not object.

| No. | UJI Number/Authority | Name | Given | Refused | Modified | Withdrawn |
|---|---|---|---|---|---|---|
| | 13-101 | Voir dire orientation statement. | | | | |
| | 13-102A (modified) | Introduction of court and staff. | | | | |
| | 13-103A (modified) | Scheduling during trial. | | | | |
| | 13-105A | Oath to jurors on voir dire examination. | | | | |
| | 13-106A (modified) | Voir dire explanation. | | | | |
| | 13-107A (modified) | Voir dire questioning by court. | | | | |
| | 13-108A | Oath to empaneled jury. | | | | |
| | 13-109 | Introduction to preliminary instructions. | | | | |

| | 13-110 | Conduct of jurors. | | | | |
|---|---|---|---|---|---|---|
| | 13-110A | Instruction to jury. | | | | |
| | 13-110B | Pre-deliberation oath to interpreter. | | | | |
| | 13-110C | Use of interpreter. | | | | |
| | 13-111 | Note taking permitted. | | | | |
| | 13-112 | Questions by jurors. | | | | |
| | 13-113 | The Court. | | | | |
| | 13-114 | Corporation a Party. | | | | |
| | 13-117 | Juror duty to consult. | | | | |
| | 13-118 | Exclusion of witness. | | | | |
| | 13-119 | Opening statements. | | | | |
| | 13-201 | Recess instruction. | | | | |
| | 13-202 | Discussion of exhibits prohibited. | | | | |
| | 13-203 | Deposition testimony. | | | | |
| | 13-204 | Interrogatories. | | | | |
| | 13-211 | Oath to witness. | | | | |
| | 13-212 | Oath to interpreter. | | | | |
| | 13-212A | Oath to signed language interpreter. | | | | |
| | 13-214 | Objections. | | | | |
| | 13-301 | Preliminary statement. | | | | |
| | | Statement of the Case; TCPA Instructions | | | | |
| | 13-307 | Rules of evidence. | | | | |
| | 13-308 | Circumstantial evidence. | | | | |
| | 13-1801 | Liability before Damages. | | | | |
| | 13-2001 | Performance of your duties. | | | | |
| | 13-2002 | Duty to follow instructions. | | | | |
| | 13-2003 | Jury sole judges of witnesses. | | | | |
| | 13-2004 (modified) | Witnesses impeached. | | | | |
| | 13-2005 | Jury sole judges of the facts. | | | | |
| | 13-2006 (modified) | All jurors to participate. | | | | |
| | 13-2007 | Closing Arguments. | | | | |
| | 13-2009 | Verdict of jury. | | | | |

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

Good morning, ladies and gentlemen:

You have been summoned here as prospective jurors.

Jury service is an honored tradition. From its beginning our country has relied on citizens to apply their collective wisdom, experience, and fact-finding abilities to decide disputes under the law.

UJI 13-101 Voir dire orientation statement.
Given                    _____
Refused                  _____
Modified                 _____
Withdrawn                _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

I am Judge David Urias. My courtroom deputy, who will escort you and assist in communicating with the court, is _____. My law clerk is _____. If you need anything during the trial either the courtroom deputy or the law clerk would be happy to help. There will be a certified court monitor. This person makes a record of everything said in court.

UJI 13-102A (modified) Introduction of court and staff.
Given                    _____
Refused                  _____
Modified                 _____
Withdrawn                _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

This trial is expected to last approximately _____ days. We will all do our best to move the case along, but delays will occur. During delays, I may be deciding legal questions in this case, or handling emergency matters in other cases.

The usual hours of trial will be from 9 a.m. to 5 p.m. with lunch and occasional rest breaks. Unless a different starting time is announced, please report to the jury room by 8:30 a.m. Do not come back into the courtroom until you are called by the courtroom deputy.

UJI 13-103A (modified) Scheduling during trial.
Given              _____
Refused            _____
Modified           _____
Withdrawn          _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

Do you and each of you solemnly swear or affirm that you will well and truly answer any and all questions asked you by the court or by the lawyers about your qualifications to serve as a juror in this case?

UJI 13-105A. Oath to jurors on voir dire examination.
Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

You now will be asked questions by me and by the lawyers so we can select the jury for this case. Each of you is under oath and must truthfully answer the questions. The court will not permit improper questions. Your answers should be straightforward and complete. You must speak out so the court and the lawyers for both sides can clearly hear your answers. If you would prefer not to answer any particular question in front of other people, please say so, and we will address your concerns privately.

We will select fourteen jurors to serve as the jury to hear this case. Two will be alternate jurors. We use alternates to avoid the time and expense of starting a new trial in the event one of you becomes sick or has an emergency. Twelve jurors will participate in final deliberations.

UJI 13-106A (modified) Voir dire explanation.
Given             _____
Refused           _____
Modified          _____
Withdrawn         _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

I will begin the preliminary questions. After my questions, the attorneys for the parties may have further questions. If your answer is "yes" to any of these questions, please raise your hand until you are noticed. Also, if, at any time, there is reason for you to change or add to the answers you made to the written questionnaire, please raise your hand.

I will first introduce the parties to the lawsuit.

Do any of you know the plaintiff Ruben Escano?

Do any of you know the family or friends of the plaintiff Ruben Escano?

Are any of you familiar with the defendant, RCI, LLC?

Have any of you ever been employed by RCI, LLC?

Are any of your family members employed by RCI, LLC?

I will now introduce the attorneys for the parties.

Do you know the attorneys for RCI, LLC, Joseph Wylie, Melanie Stambaugh, or Randy Taylor?

Do any of you know the friends or family of the attorneys for RCI, LLC?

Do any of you know any partners or associates or employees of the Rodey Law Firm?

Have you, any members of your family or any of your friends ever been sued or represented by any of the attorneys in this case or any of their partners or associates?

The following people may be called as witnesses in this case:

[]

Has anyone heard or do you know anything about this case, any parties, any witnesses or any of the circumstances surrounding the case?

Have you learned about this case in the newspapers, on radio or television, or over the internet?

Have you heard anyone discussing this case or anything about the case?

Have you or any close friend or family member ever experienced injuries as a result of a slip and fall?

(NOTE:  If so, When? Where? Who? What? How? Recovery?)

Can you think of any reason that would cause you to be uncomfortable, embarrassed, biased or prejudiced to serve as a juror in this case?

Is there any fact that might prevent you from returning a true verdict based solely upon the evidence presented here in court and the law which the court will later explain to you?

Do you now have an opinion, tendency or feeling, not known to the court, that might influence your verdict in this case?

Do you have any concern that if selected as a juror in this case you might not be able to render a fair and impartial verdict?

Does the anticipated time frame of this trial cause any hardships for any of you?  Are there any daycare issues or other unavoidable scheduling conflicts that we need to be aware of?

Do any of you have any physical or other impairments, taking of scheduled medications, that need to be addressed?  And I say this not to exclude you from service; however, there are special arrangements we can make for certain situations to assist you if you are selected as a juror.

The lawyers may now ask some questions.

UJI 107A Voir dire questioning by Court.
Given              _____
Refused            _____
Modified           _____
Withdrawn          _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

Do you and each of you solemnly swear or affirm that you will render a true verdict according to the law and evidence submitted?

UJI 13-108A Oath to empaneled jury
Given                    _____
Refused                  _____
Modified                 _____
Withdrawn                _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

I now have additional instructions for you about your job, my job and the job of the lawyers. I will have other instructions during and at the end of the trial. You will also receive a written copy of all instructions.

UJI 13-109 Introduction to preliminary instructions
Given                          _____
Refused                        _____
Modified                       _____
Withdrawn                      _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

Your job is to find and determine the facts in this case, which you must do solely on the evidence received in court. There are important rules you must follow during the trial.

First, you may discuss the evidence during the trial but only among yourselves and only in the jury room when all of you are present. During the recesses and adjournments, while the trial is in progress, do not discuss the case with anyone other than yourselves as a group. The kinds of things you may discuss include the witness testimony and exhibits. Be careful, however, not to make up your minds, or to try to convince others about the final outcome of the case, until you have heard everything—all the evidence, the final instructions of law, and the attorneys' closing arguments. It would be unfair to the parties if you attempt to decide the outcome of the case before you begin final deliberations.

Second, it is for you to decide whether the witnesses know what they are talking about and whether they are being truthful. You may give the testimony of any witness or other evidence whatever weight you believe it merits. You may take into account the witness's ability and opportunity to observe any interest, bias, or prejudice that the witness may have, and the reasonableness of the testimony considered in light of all the evidence in the case.

Third, to minimize the risk of accidentally overhearing something that is not evidence in this case, please continue to wear the jurors' badges while in and around the courthouse. If someone happens to discuss the case in your presence, report that fact at once to a member of the court's staff.

Fourth, though it is natural to visit with people you meet, please do not talk with any of the attorneys, parties, witnesses, or spectators, either in or out of the courtroom. If you meet in the hallways or elevators, there is nothing wrong with saying "good morning" or "good afternoon," but your conversation should end there. If the attorneys, parties, and witnesses do not greet you outside of court,

or avoid riding in the same elevator with you, they are not being rude. They are just carefully observing this rule.

Fifth, do not consider anything you may have read or heard about the case outside the courtroom. During the trial and your deliberations, avoid news accounts of the trial, whether on radio, television, in the newspaper, on the internet, or elsewhere. If you happen to see or hear any news account of the trial, please report that fact to a member of the court's staff.

Sixth, do not attempt any research, tests, experiments, visits to any locations involved in this case, or other investigation. It would be difficult or impossible to duplicate conditions shown by the evidence; therefore, your results would not be reliable. That conduct also runs contrary to the rule that your verdict must be based solely on the evidence presented to you. Nonetheless, in your deliberations, you need not ignore your backgrounds, including professional, vocational, and educational experience.

Seventh, because you are only to consider the evidence presented during the trial of this case, you may not refer to print or electronic resources before rendering your verdict. This means that you may not use a computer, telephone, smartphone, or any other electronic device to email, text, comment on, or research any issue that may arise during these proceedings. You may not use internet dictionaries, Google, Safari, Yahoo, Wikipedia, or any other search engine to research any issue, the parties, witnesses, or attorneys. This prohibition includes the use of blogs and social networking sites, such as Facebook, LinkedIn, Twitter, YouTube, Snapchat, and any and all others. Again, you may rely only on the evidence presented in the trial of this case.

Last, there are at least two sides to every lawsuit. It is important that you keep an open mind and not decide any part of the case until the entire case has been completed and submitted to you. Your special responsibility as jurors demands that throughout this trial you exercise your judgment impartially and without regard to any sympathy, prejudice, or any actual or implicit bias of which you are or may become aware.

These restrictions apply at all times during the trial, recesses, deliberations, and when you are away from the courthouse—twenty-four (24) hours a day, seven (7) days a week—until you return a verdict in open court and are discharged by me.

UJI 13-110 Conduct of jurors
Given            _____
Refused          _____
Modified         _____
Withdrawn        _____

### DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____

Ladies and gentlemen, we have at least one [non-English-speaking] [hearing-impaired] juror who is participating in this case. New Mexico law permits all citizens to serve on a jury whether or not [English is their first language] [they are hearing-impaired]. You must include this [these] juror(s) in all deliberations and discussions on this case. To help you communicate, the juror(s) will be using the services of the official court interpreter. The following rules govern the conduct of the interpreter and the jury:

1.      The interpreter's only function in the jury room is to interpret between [English and [the non-English-speaking juror(s)' native language]] [speech and sign language].

2.      The interpreter is not permitted to answer questions, express opinions, have direct conversations with other jurors or participate in your discussions or deliberations.

3.      The interpreter is only permitted to speak directly to a member of the jury to ensure that the interpreter's equipment is functioning properly and to advise the jury foreperson if a specific interpreting problem arises that is not related to the factual or legal issues in the case.

4.      No gesture, expression, sound or movement made by the interpreter in the jury room should influence your opinion or indicate how you should vote.

5.      If you can speak both English and [the language of the non-English speaker] [read sign language], you must speak only English in the jury room so the rest of the jury is not excluded from any conversation.

6.      Leave all interpretations to the official court interpreter. The interpreter is the only person permitted to interpret conversations inside the jury room and testimony in the courtroom.

7.      You must immediately report any deviation from these rules by submitting a note identifying the problem to the judge or court personnel.

UJI 13-110A Instruction to jury.

Given        _____
Refused      _____
Modified     _____
Withdrawn    _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

"Do you solemnly swear or affirm that you will not interfere with the jury's discussions or deliberations in any way by expressing any ideas, opinions or observations that you may have during discussions or deliberations and that you will strictly limit your role during discussions or deliberations to interpreting?"

[NOTE: This is advice to the user of this UJI, not text within the UJI. Effective 12-31-2014, the title of UJI 13-110B changes from "Oath" to "Pre-deliberation oath to interpreter." Also see the USE NOTE, which has added text.]

UJI 13-110B Instruction to jury.
Given           _____
Refused         _____
Modified        _____
Withdrawn       _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

No matter what language people speak, they have a right to have their testimony heard and understood.  You are about to hear a trial in which a court-certified interpreter will interpret for one or more of the [witnesses].  The interpreter is required to remain neutral.  The interpreter is required to interpret what is spoken, or translate documents, between English and _____ (specify other language) accurately and fairly to the best of the interpreter's skill and judgment.

Some of you may speak or understand _____ (specify other language).  Ordinarily because the court-certified interpreters must abide by an oath and with standards and the ethics of their profession, their interpretation is presumed to be accurate.  However, if based on your understanding of _____ (specify other language), you firmly believe that the interpreter has incorrectly interpreted either a question or a witness's response to the question, you may give the bailiff a note before the witness leaves the stand stating your concern.  I will decide whether and how to address your concern.


If I decide to leave the interpretation as expressed by the interpreter, you must only consider the interpreter's English interpretation, even if you still disagree with the interpreter's interpretation.  What the witness(es) may have said in _____( specify other language), before the interpreter's interpretation, is not evidence and may not be used by you in any way in your deliberations.

You must evaluate the interpreted testimony as you would any other testimony.  That is, you must not give interpreted testimony any greater or lesser weight than you would if the witness had spoken English.

Keep in mind that a person might speak some English without speaking it fluently.  That person has the right to the services of an interpreter.  Therefore, you shall not give greater or lesser weight to a person's interpreted testimony even if you think the witness speaks some English.

UJI 13-110C Use of interpreter.
Given           \_\_\_\_\_
Refused         \_\_\_\_\_
Modified        \_\_\_\_\_
Withdrawn      \_\_\_\_\_

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

You are allowed, but not required, to take notes during the trial. Notepaper will be provided for this purpose. Notes should not take the place of your independent memory of the evidence. When taking notes, please remember the importance of paying close attention to the trial. Listening to and watching witnesses during their testimony will help you to assess their appearance, behavior, memory and whatever else bears on their believability.

At each recess you may leave your notes on your chair or take them with you to the jury room. At the end of the day, the bailiff will store your notes and return them to you when the trial resumes. At no time will anyone read your notes. At the end of the case the notes will be collected and destroyed.

UJI 13-111 Note taking permitted
Given              _____
Refused            _____
Modified           _____
Withdrawn          _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

Ordinarily, the attorneys will develop all pertinent evidence. It is the exception rather than the rule that an individual juror will have a question that remains unanswered after all of the evidence is presented. However, if you feel an important question has not been asked or answered, write it down on a piece of your notepaper and give it to the bailiff before the witness leaves the stand. I will decide whether or when your question will be asked. Rules of evidence or other considerations apply to questions you submit and may prevent the question from being asked. If the question is not asked, please do not give it any further consideration, and please do not hold it against either side that you did not get an answer.

UJI 13-112 Questions by jurors
Given            _____
Refused          _____
Modified         _____
Withdrawn        _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

It is my job to preside over the trial, decide and instruct on questions of law and rule upon what evidence may be admitted for your consideration.

No gesture, remark or comment I make should influence your decision in this case. At times I may ask questions of witnesses. If I do, such questions do not in any way indicate my opinion about the facts or indicate the weight I feel you should give to the testimony of the witness.

UJI 13-113 The court
Given            _____
Refused          _____
Modified         _____
Withdrawn        _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

The Defendant in this case is a corporation. A corporation is entitled to the same fair and unprejudiced treatment as an individual and you should decide the case with the same impartiality as you would use in deciding a case between individuals.

UJI 13-114 Corporation a party
Given                    _____
Refused                  _____
Modified                 _____
Withdrawn                _____

4562496v1

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

In deliberating on this case, it is your duty to consult with one another and to decide the case only after an impartial consideration of the evidence.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is wrong, but do not give up your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.  Remember that you are not partisans but judges - judges of the facts.  Your sole interest is to determine the truth from the evidence in the case.

UJI 13-117 Jury duty to consult.
Given            _____
Refused          _____
Modified         _____
Withdrawn        _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

The rule of exclusion of witnesses is in effect. This means that, until excused as a witness by me, all witnesses will remain outside the courtroom except when testifying. They will wait in the areas directed by the bailiff unless other arrangements have been made with the attorney who has called them. The rule also forbids witnesses from telling anyone but the lawyers what they will testify about or what they have testified to. If witnesses do talk to the lawyers about their testimony, other witnesses and jurors should avoid being present or overhearing.

The lawyers are directed to inform all witnesses of these rules and to remind them of their obligations. The parties and their lawyers should keep a careful lookout to prevent any potential witness from remaining in the courtroom if they enter by mistake.

UJI 13-118 Exclusion of witnesses
Given                    _____
Refused                  _____
Modified                 _____
Withdrawn                _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

A trial begins with the lawyers telling you what they expect the evidence to show. These statements and other statements made by the lawyers during the course of the trial can be of considerable assistance to you in understanding the evidence as it is presented at trial. Statements of the lawyers, however, are not themselves evidence. The evidence will be the testimony of witnesses, the exhibits, and any facts agreed to by the parties. After you have heard all the evidence, I will give you final instructions on the law. The lawyers will argue the case, and then you will retire to the jury room to arrive at a verdict.

UJI 13-119 Opening statements
Given            _____
Refused          _____
Modified         _____
Withdrawn        _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

During recess, do not discuss this case with anyone other than yourselves and, then, only in the jury room when all of you are present.  Do not attempt to decide the outcome of the case before you begin final deliberations.  Please continue to wear the jurors' badges while in and around the courthouse.  If someone other than a fellow juror happens to discuss the case in your presence, report that fact at once to a member of the staff.  If you happen to see or hear any news accounts of this trial, please report that fact to a member of the staff.

UJI 13-201 Recess instruction.
Given            _____
Refused          _____
Modified         _____
Withdrawn        _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

When an exhibit is presented to you in open court, you should not discuss it with other jurors. You should not point out to another juror matters that seem important to you. You should not whisper back and forth with other jurors about the exhibit. You will have an opportunity to discuss the exhibits in the jury room.

UJI 13-202 Discussion of exhibits prohibited
Given                      _____
Refused                    _____
Modified                   _____
Withdrawn                  _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

A deposition is testimony taken under oath before trial and has been preserved in writing or by video. This testimony is entitled to the same consideration as any other testimony at this trial.

UJI 13-203 (modified) Deposition testimony
Given                    _____
Refused                  _____
Modified                 _____
Withdrawn                _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**


Interrogatories are written questions asked by one party to another before trial and answered under oath. The questions and answers may be read at trial as evidence. The answers read to you are entitled to the same consideration as any other testimony.

UJI 13-204 Interrogatories
Given          _____
Refused        _____
Modified       _____
Withdrawn     _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

Do you solemnly swear or affirm that you will truly and impartially interpret or translate from English to _____ (name of language) and from _____ (name of language) to English all questions and answers and matters pertaining to this cause in an understandable manner using your best skills and judgment in accordance with the standards and ethics of the interpreter profession, under penalty of law?

UJI 13-211 Oath to witness.
Given                    _____
Refused                  _____
Modified                 _____
Withdrawn                _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

Do you solemnly swear or affirm that you will truly and impartially interpret or translate from English to _____ (name of language) and from _____ (name of language) to English all questions and answers and matters pertaining to this cause in an understandable manner using your best skills and judgment in accordance with the standards and ethics of the interpreter profession, under penalty of law?

UJI 13-212 Oath to interpreter.
Given            _____
Refused          _____
Modified         _____
Withdrawn        _____

4562496v1

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

Do you solemnly swear or affirm that you will make a true interpretation in an understandable manner to the deaf person for whom you are appointed, under penalty of law?

UJI 13-212A Oath to signed language interpreter.
Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

It is the job of a lawyer to object to questions, testimony or exhibits the lawyer believes may not be proper. I will sustain objections if the question or evidence sought is improper for you to consider. When I "sustain" an objection, the question or evidence is not allowed. You must not consider such evidence, nor may you consider any evidence I have told you to disregard. By itself, a question is not evidence. You must not speculate about what would be the answer to a question that I rule cannot be answered. If I "overrule" an objection, then the question or evidence will be allowed.

UJI 13-214 Objections
Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

MEMBERS OF THE JURY:

The time has now come to give you final instructions that will guide your deliberations as the sole judges of the facts of this case.

First, I will summarize the issues between the parties. Second, I will state the rules of law governing this case.

Please pay close attention to these instructions. I will read them only once, but the written instructions will be given to you to take to the jury room.

UJI 13-301 Preliminary statement.
Given                      _____
Refused                    _____
Modified                   _____
Withdrawn                  _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

I.  **Summary of the Case**

The Plaintiff in this case is Ruben Escano.  The Defendant is a corporation named RCI, LLC.  Mr. Escano has alleged that RCI either transmitted several telemarketing calls to him, or should otherwise be held liable for the telemarketing calls.  It is your task to consider all of the evidence and determine if RCI should be held liable for the calls Mr. Escano received.

You have heard all the evidence and it will soon be your duty to find the facts of this case and then to apply the law that I am about to give you to those facts. Once I have instructed you on the law, you will go to the jury room and begin your deliberations.

You must make your decision only on the basis of the testimony and other evidence presented here in this courtroom during the trial. You must not be influenced in any way by bias, sympathy, or prejudice for or against any of the parties, or by anything that you have heard or read outside the courtroom.

You also must follow the law as I explain it to you—whether you agree with that law or not—and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law. If I do not specifically define words or terms, you should apply their ordinary, everyday meanings.

In a civil lawsuit, the person who makes a claim bears the burden of proving his claims by a preponderance of the evidence. This means that the plaintiff who brings a lawsuit, here, Mr. Escano, has the burden of proving each essential element of his claim by a preponderance of the evidence.

To prove something by a preponderance of the evidence means to prove that the facts supporting the claim are more likely true than not. A preponderance of the evidence refers to the persuasiveness of the evidence, not to the number of witnesses who testified or the number of

documents and other exhibits presented. In other words, a preponderance of the evidence means such evidence that, when compared to the evidence opposed to it, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. If you find the scales tip, however slightly, in favor of Mr. Escano, then you should find in his favor. If, however, Mr. Escano fails to establish any essential part of his claim by a preponderance of the evidence, then you should find against him and in favor of RCI.

I may, from time to time, refer to "the greater weight of the evidence." This has the same meaning as "a preponderance of the evidence."

You may remember some of my instructions from the beginning of the case. If anything you remember from those instructions is different from what I am telling you now, you must go by the instructions that I am giving you now, after all the evidence has been heard. I believe they are generally the same, though the instructions I am giving you now are much more detailed.

Federal law provides that no person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. Such do-not-call registrations must be honored indefinitely, or until the telephone number is cancelled by the consumer or removed by the government database administrator. Wireless customers are protected too, so long as the cell phone is primarily used for residential and not business purposes.

Mr. Escano has alleged that he received these calls despite his phone number being listed on the National Do Not Call Registry.

Mr. Escano has sued under the United States Telephone Consumer Protection Act, and the New Mexico Unfair Practices Act. Both laws allow ordinary Americans to sue and recover damages

for telemarketing calls.  Mr. Escano has also sued under a legal concept called trespass to chattel.

Trespass to chattel is a legal term that is used to describe an act that deprives someone of the use of

their property.  It will be your task to consider all of the evidence and determine the damages that

should be awarded to Mr. Escano.

## II.    An Explanation of Each Count

Mr. Escano has sued on fifteen separate counts under the Telephone Consumer Protection Act, the New Mexico Unfair Practices Act, and the legal concept of trespass to chattel.

**Count One** alleges that the calls violated subsection 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act.  This law prohibits the use of an automatic telephone dialing system to call a cell phone without the called person's prior express written consent.

**Count Two** alleges that the calls violated subsection 227(b)(1)(B) of the Telephone Consumer Protection Act.  This law prohibits calls that utilize an artificial or prerecorded voice without the called person's prior express written consent.

**Count Three** alleges that the calls violated subsection 227(b)(1)(D) of the Telephone Consumer Protection Act.  This law prohibits utilizing an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged at the same time.

**Count Four** alleges that the calls violated subsection 64.1200(a)(7)(i) of the regulations adopted by the Federal Communications Commission pursuant to the Telephone Consumer Protection Act.  This law prohibits telemarketing calls which are not connected within 2 seconds to a live phone representative, and do not play a prerecorded message containing a phone number that a called party can call to request not to be called again.

**Count Five** alleges that the calls violated subsection 64.1200(c)(2) of the regulations adopted by the Federal Communications Commission pursuant to the Telephone Consumer Protection Act.  This law prohibits telemarketing calls to a phone number listed on the National Do Not Call Registry. The National Do Not Call Registry was created by the federal government to give consumers a choice about whether to receive telemarketing calls at home. It allows a

consumer to register a telephone number on the National Do Not Call Registry to avoid receiving telemarketing calls. Under the law, a person whose residential number is on the National Do Not Call Registry and who receives at least two telephone calls within any 12-month period by or on behalf of the same entity may bring an action to receive up to $500 for each violation.

**Count Six** alleges that the calls violated subsections 64.1200(d)(1) or (d)(2) of the regulations adopted by the Federal Communications Commission pursuant to the Telephone Consumer Protection Act. Read together, these laws require that telemarketers not only have a written policy for maintaining a do-not-call list, but also train their phone representatives in how to use such a list.

**Count Seven** alleges that the calls violated subsection 64.1200(d)(3) of the regulations adopted by the Federal Communications Commission pursuant to the Telephone Consumer Protection Act. This law requires that telemarketers honor any requests to not be called again within a reasonable period of time after the do-not-call request.

**Count Eight** alleges that the calls violated subsection 64.1200(d)(4) of the regulations adopted by the Federal Communications Commission pursuant to the Telephone Consumer Protection Act. This law requires that any prerecorded voice in a telemarketing call provide the called party the name of the actual company on whose behalf the call is being made, and a telephone number or address at which the company may be contacted.

**Count Nine** alleges that the calls violated subsection 57-12-22(A) of the New Mexico Unfair Practices Act. This law prohibits telemarketing calls that use an automatic telephone dialing system with a prerecorded message without the called person's consent.

**Count Ten** alleges that the calls violated subsection 57-12-22(B)(1) of the New Mexico Unfair Practices Act. This law prohibits telemarketing calls that do not state the name of the actual company behind the phone call or the primary purpose of the phone call within the first 15 seconds of the call.

**Count Eleven** alleges that the calls violated subsection 57-12-22(B)(2) of the New Mexico Unfair Practices Act. This law prohibits telemarketing calls that misrepresent the primary purpose of a telemarketing call as a "courtesy call," a "public service information call" or some other euphemism. A "euphuism" is a phrase used to avoid saying something that the called person might find unpleasant or offensive.

**Count Twelve** alleges that the calls violated subsection 57-12-22(B)(7) of the New Mexico Unfair Practices Act. This law prohibits the use of an automatic telephone dialing system that dials multiple numbers at once but allows the possibility of a called person not being connected to the calling person for a period greater than two seconds.

**Count Thirteen** alleges that the calls violated subsection 57-12-22(C)(1) of the New Mexico Unfair Practices Act. This law prohibits making a telemarketing call to a phone number listed on the National Do Not Call Registry.

**Count Fourteen** alleges that the calls violated subsection 57-12-22(C)(2) of the New Mexico Unfair Practices Act. This law prohibits making a telemarketing call in a manner that causes a called person's phone to display inaccurate caller ID information. This is commonly referred to as caller ID "spoofing."

**Count Fifteen** alleges that the calls constituted a trespass to chattel.  This is a legal principle that allows a person to seek damages if they have been deprived of the use of their property.

## III.    <u>Direct and Vicarious Liability</u>

RCI can be held responsible for the calls in two ways.

The first way is if you find that RCI made the calls itself.  That means you are finding RCI is directly liable for the calls.  With respect to each call at issue, you must decide whether Mr. Escano has established by a preponderance of the evidence that an RCI employee placed the call.

The second way is if you find that MXRRU was RCI's agent.  In order for RCI to be liable for any TCPA violations committed by MXRRU, the plaintiff must prove three things by the greater weight of the evidence: first, that MXRRU placed a call; second, that MXRRU was RCI's agent and third, that MXRRU was acting in the course and scope of that agency when it made each of the phone calls at issue.

When an agent acts on behalf of its principal, and within the scope of its authority, then the principal is responsible for the act. If Mr. Escano proves to you by the greater weight of the evidence that MXRRU was acting on behalf of RCI in connection with its telemarketing, that is, that MXRRU was RCI's agent and was acting in the course and scope of that agency, then you would answer this issue Yes. If Mr. Escano fails to so prove, then you would answer the issue No.

An agent is a person or company empowered by another person or company to act on its behalf. The person granting the authority to the agent to act on its behalf is called the "principal." In deciding whether MXRRU was RCI's agent and acted within the scope of that agency in

connection with the telemarketing at issue in this case, you may consider direct evidence and circumstantial evidence.

Actual authority exists where the principal has expressly or impliedly authorized the agent to act on the principal's behalf as to a particular matter. Authority may be expressly granted by the principal by word of mouth, or by writing, or it may be implied from the circumstances, such as when the principal's reasonably interpreted words or conduct would cause an agent to believe that the principal consents to have an act done on its behalf. This could arise from conduct of the principal amounting to consent or acquiescence. An agent acts with actual authority when, at the time of the action, the agent reasonably believes, based on the principal's words or conduct, that the principal wishes the agent to so act.

In order for agency to exist, the principal must have the power to direct and control the agent's actions. It is not necessary that the power be exercised.

In determining whether MXRRU was RCI's agent in connection with MXRRU's telemarketing activities, you should consider all of the evidence. This includes any contracts between RCI and MXRRU, as well as any other writings between the parties and other conduct and statements by MXRRU and RCI. The parties' characterization of their relationship as one of independent contractor is not binding or controlling, though you may consider it, along with other evidence in the contract and elsewhere, as to whether RCI and MXRRU agreed or reasonably understood that RCI had the power to control and direct MXRRU's telemarketing activities.

A principal is not bound by the act of an agent unless that act falls within the scope of actual authority granted by the principal to the agent. In order to determine the scope of an agent's

authority, it is necessary to look to the conduct and statements of the principal. An agent may not extend its authority by its own conduct standing alone.

The act of the agent is treated in law as the act of the principal and for that reason an agent is expected to act for the benefit of the principal. Generally speaking, actions taken against the principal's interest are not within the scope of the agent's authority. The agent's determination that an action is in the principal's interest must be reasonable and based on its reasonable understanding of the principal's interests, as expressed by the principal. If the principal consents or acquiesces in the conduct, even if the conduct or act is illegal, then the agent may reasonably conclude that the conduct is in the principal's best interests. To decide that the principal acquiesced or consented, you must find that the principal knew of prior similar activities by the agent and consented or did not object to them.

Written limits on MXRRU's authority are relevant, but they are not necessarily conclusive. You will need to evaluate those written limits as well as RCI's actions and inactions, its conduct, and its other writings and statements to decide whether RCI's conduct was consistent with written limits and whether MXRRU reasonably understood it was authorized to act differently than the written limits stated.

So, in determining whether MXRRU acted within the course and scope of its authority, just as with the question of whether agency existed, you will need to examine and consider the written documents and agreements between the parties, as well as other statements and actions by RCI and MXRRU and prior dealings between the parties. In other words, you should consider all of the evidence, direct and circumstantial, in evaluating whether MXRRU acted within the course and scope of any agency relationship it had with RCI.

If you find that RCI made any of the calls at issue, or that MXRRU made such calls while acting as RCI's agent, you must decide whether MXRRU violated the Telephone Consumer Protection Act with respect to each such call.

Subsection (b)(1)(A) of the TCPA prohibits any person from making any call using any automatic telephone dialing system or an artificial or prerecorded voice. For each call at issue, you must decide if the call was made using an automatic telephone dialing system. An automatic telephone dialing system means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers. Under the TCPA, equipment that dials calls from a list of telephone numbers is not an automatic telephone dialing system. If Mr. Escano establishes that RCI violated this prohibition, he is entitled to an award of his actual damages or $500, whichever is greater.

Subsection (b)(1)(B) of the TCPA prohibits any person from initiating any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. For each call at issue, you must decide whether the call was made using an artificial or prerecorded voice. If Mr. Escano establishes that RCI violated this prohibition, he is entitled to an award of his actual damages or $500, whichever is greater.

Subsection (b)(1)(D) of the TCPA prohibits any person from using an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged simultaneously. For each call at issue, you must decide if Mr. Escano was operating a multi-line business, and whether two or more of his telephone lines were engaged simultaneously. If Mr.

Escano establishes that RCI violated this prohibition, he is entitled to an award of his actual damages or $500, whichever is greater.

Subsection (c)(5) of the TCPA allows a plaintiff to obtain a judgment if the plaintiff has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection. Mr. Escano has alleged that RCI has violated the following regulations prescribed under the TCPA:

Subsection (c)(2) of the regulations prohibits telephone solicitations to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. The parties have stipulated that Mr. Escano's phone number on the national do-not-call registry at all relevant times.

Subsection (d) of the regulations prohibits a caller from initiating any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity. Mr. Escano has alleged that RCI has violated this subsection in the following ways:

By failing to have a written policy, available upon demand, for maintaining a do-not-call list in violation of subsection (d)(1)

By failing to inform and train its personnel in the existence and use of the do-not-call list in violation of subsection (d)(2)

By failing to record a request to be placed on RCI's do-not-call list and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made, and by failing to honor that request within a reasonable time, in violation of subsection (d)(3); or

By failing to include in a prerecorded voice in a telemarketing call the name of the actual company on whose behalf the call is being made, and a telephone number or address at which the company may be contacted, in violation of subsection (d)(4).

If Mr. Escano establishes by the preponderance of the evidence that RCI violated subsection (c)(5) of the TCPA, he is entitled to an award of up to $500 for each call initiated in violation of the TCPA. Mr. Escano is only entitled to a single award of up to $500 for each call, regardless of whether each call violated subsection (d) of the regulations in multiple ways.

You can award any amount from $0 to $500 per call. The overall purpose of the Act is to prevent unwanted telephone calls to those on the Do Not Call Registry and to reduce the invasion of privacy these calls cause. In determining the appropriate amount, you can consider the severity or minimal nature of the violation, as you decide in light of the total number of unlawful calls made, the duration of the individual calls and in total, and the nature of the privacy invasion that results from the unlawful calls generally. Mr. Escano is not required to prove that he suffered monetary loss as a result of the violations, though as I stated you can consider the nature of the injury suffered in determining an appropriate award for each violation.

If you reach this issue, you should write the amount you find, by the greater weight of the evidence, to be an appropriate sum for each call that violates the Act.

Mr. Escano also alleges that the calls he received violate several subsections of Section 57-12-22(A) of the New Mexico Unfair Practices Act. Mr. Escano alleges that RCI violated the following subsections of Section 57-12-22(A):

Subsection (A) states that A person shall not utilize an automated telephone dialing or push-button or tone-activated address signaling system with a prerecorded message to solicit persons to purchase goods or services unless there is an established business relationship between the persons and the person being called consents to hear the prerecorded message. For each call, you must decide if RCI used an automated telephone dialing or push-button or tone-activated address signaling system with a prerecorded voice.

Subsection (B)(1) provides that it is unlawful under the Unfair Practices Act for a person to make a telephone solicitation for a purchase of goods or services without disclosing within fifteen seconds of the time the person being called answers the name of the sponsor and the primary purpose of the contact. For each call, you must decide if RCI made a telephone solicitation for a purchase of goods or services without disclosing within fifteen seconds of the time the person being called answers the name of the sponsor and the primary purpose of the contact.

Subsection (B)(2) provides that it is unlawful under the Unfair Practices Act for a person to make a telephone solicitation for a purchase of goods or services that misrepresents the primary purpose of a telephone solicitation of a residential subscriber as a "courtesy call", a "public service information call" or some other euphemism. For each call, you must decide if RCI made a telephone solicitation for a purchase of goods or services that misrepresents the primary purpose of a telephone solicitation of a residential subscriber as a "courtesy call", a "public service information call" or some other euphemism.

Subsection (c)(1) provides that it is illegal to make a telephone solicitation of a residential subscriber whose telephone number has been on the national do-not-call registry, established by the federal trade commission, for at least three months prior to the date the call is made. The parties have stipulated that Mr. Escano's telephone number was on the national do-not-call registry at all relevant times.

Subsection (C)(2) provides that it is illegal to use a method to block or otherwise intentionally circumvent a residential subscriber's use of a caller identification service pursuant to the Consumer No-Call Act.

Section 57-12-10(B) of the New Mexico Unfair Practices Act provides that [a]ny person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater. Mr. Escano is required to prove, with respect to each violation of the Unfair Practice Act, that he suffered any loss of money or property. If he cannot prove such loss by a preponderance of the evidence, he is not entitled to an award for such violation. Mr. Escano is entitled to a separate award of up to $100 for each violation of the Unfair Practices Act, even if multiple violations were the result of a single call.

Mr. Escano has alleged that RCI committed a tort called "trespass to chattels." This is based on Mr. Escano's claim that RCI interfered with his use or enjoyment of his personal property, in this case his telephone. It is Mr. Escano's burden to establish by a preponderance of the evidence that he had the right to possess his telephone; that RCI intentionally interfered with his telephone; that RCI deprived Mr. Escano of the use or possession of his telephone; and that the wrongful

interference caused damage to Mr. Escano.  In order for Mr. Escano to recover damages, he must

also establish to dollar value of the damage by a preponderance of the evidence.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

The evidence which you are to consider in this case consists of the testimony of the witnesses and the exhibits admitted into evidence by the court and any facts admitted or agreed to by counsel.

The production of evidence in court is governed by rules of law. From time to time, it has been my duty, as judge, to rule on the evidence. You must not concern yourselves with the reasons for these rulings. You should not consider what would or would not have been the answers to the questions which the court ruled could not be answered.

UJI 13-307 Rules of evidence.

Given            _____
Refused          _____
Modified         _____
Withdrawn        _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

A fact may be proved by circumstantial evidence.  Circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved.

UJI No. 13-308 Circumstantial Evidence
Given            _____
Refused          _____
Modified         _____
Withdrawn        _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

UJI No. 13-1801 Liability before Damages
Given            _____
Refused          _____
Modified         _____
Withdrawn        _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

Faithful performance by you of your duties is vital to the administration of justice.

UJI 13-2001 Performance of your duties.
Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

The law of this case is contained in these instructions, and it is your duty to follow them. You must consider these instructions, not picking out one instruction, or parts thereof, and disregarding others.

UJI 13-2002 Duty to follow instructions.
Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

4562496v1

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

You alone are the judges of the credibility of the witnesses and of the weight to be given to the testimony of each of them. In determining the credit to be given to the testimony of any witness, you may take into account the witness' ability and opportunity to observe, the witness' memory, the witness' manner while testifying, any interest, bias or prejudice that the witness may have and the reasonableness of the testimony, considered in light of all the evidence in the case.

UJI 13-2003 Jury sole judges of witnesses.
Given            _____
Refused          _____
Modified         _____
Withdrawn        _____

4562496v1

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct.

or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness.

or by evidence that the general reputation of the witness for truth, honesty or integrity is bad.

or by specific acts of wrongdoing of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

UJI 13-2004 (modified) Witnesses impeached.
Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

You are the sole judges of all disputed questions of fact in this case. It is your duty to determine the true facts from the evidence produced here in open court. Your verdict should not be based on speculation, guess or conjecture.

You are to apply the law, as stated in these instructions, to the facts as you find them and, in this way, decide the case. Neither sympathy nor prejudice should influence your verdict.

UJI 13-2005 Jury sole judges of the facts.
Given                    _____
Refused                  _____
Modified                 _____
Withdrawn                _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

The jury acts as a body. Therefore, on every question on the verdict form which the jury must answer it is necessary that all jurors participate regardless of the vote on another question. Before a question can be answered, at least ten of you must agree upon the answer; however, the same ten need not agree upon each answer.

UJI 13-2006 (modified) All jurors to participate.
Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

4562496v1

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

After these instructions on the law governing this case, the lawyers may make closing arguments, or statements, on the evidence and the law. These summaries can be of considerable assistance to you in arriving at your decision and you should listen carefully. You may give them such weight as you think proper. However, neither these final discussions nor any other remarks or arguments of the attorneys made during the course of the trial are to be considered by you as evidence or as correct statements of the law, if contrary to the law given to you in these instructions.

UJI 13-2007 Closing arguments.
Given           _____
Refused         _____
Modified        _____
Withdrawn       _____

4562496v1

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO._____**

Upon retiring to the jury room, and before commencing your deliberations, you will select one of your members as foreperson.

You will be given the Court's instructions and a special verdict form[s]. In this case it will be necessary for you to answer the preliminary questions presented to you on the verdict form.

When as many as ten of you have agreed upon a verdict and your answers to the questions presented on the special verdict form, your foreperson must sign the appropriate form[s] and you will all then return to open court.

UJI 13-2009 Verdict of jury.
Given             _____
Refused           _____
Modified          _____
Withdrawn         _____

Dated: October 21, 2024

Respectfully submitted,

*/s/ Joseph C. Wylie II*
Joseph C. Wylie II (*pro hac vice*)
K&L GATES LLP
70 W. Madison Street, Suite 3100
Chicago, Illinois 60602
T: (312) 807-4439
F: (312) 345-9060
joseph.wylie@klgates.com

Melanie B. Stambaugh
Randy Taylor
RODEY, DICKASON, SLOAN, AKIN &
ROBB, P.A.
Post Office Box 1888
Albuquerque, New Mexico 87103
T: (505) 765-5900
F: (505) 768-7395
mstambaugh@rodey.com
rtaylor@rodey.com

*Attorneys for Defendant RCI, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I caused a true and correct copy of the foregoing

Defendant RCI, LLC's Proposed Jury Instructions to be served upon counsel of record by e-mail.

*/s/ Joseph C. Wylie II*

4562496v1