IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN ESCANO,

    Plaintiff,

v.

RCI, LLC, a Delaware Corporation et al.

    Defendants.

Case No. 2:22-cv-00360-DHU-GJF

**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>**

Plaintiff Ruben Escano, undersigned, pursuant to Federal Rule of Civil Procedure 26(a)(3) and this Court's Order dated April 10, 2024 (Doc. 220), Plaintiff proposes the following jury instructions to be read at trial. Defendant RCI, LLC ("RCI") refused to confer on jury instructions prior to Plaintiff providing proposed jury instructions.

\*   \*   \*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____

Mr. Escano has sued on fifteen separate counts under the Telephone Consumer Protection Act, the New Mexico Unfair Practices Act, and the legal concept of trespass to chattel.

**Count One** alleges that the calls violated subsection 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act. This law prohibits the use of an automatic-telephone dialing system to call a cell phone without the called person's prior express written consent. Under the law, a person who is called in violation of this law may bring an action to receive up to $500 for each violation.

**Count Two** alleges that the calls violated subsection 227(b)(1)(B) of the Telephone Consumer Protection Act. This law prohibits calls that utilize an artificial or prerecorded voice without the called person's prior express written consent. Under the law, a person who is called in violation of this law may bring an action to receive up to $500 for each violation.

**Count Three** alleges that the calls violated subsection 227(b)(1)(D) of the Telephone Consumer Protection Act. This law prohibits utilizing an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged at the same time. Under the law, a person who is called in violation of this law may bring an action to receive up to $500 for each violation.

**Count Four** alleges that the calls violated subsection 64.1200(a)(7)(i) of the regulations adopted by the Federal Communications Commission pursuant to the Telephone Consumer Protection Act. This law prohibits telemarketing calls which are not connected within 2 seconds to a live phone representative, and do not play a prerecorded message containing a phone number that a called party can call to request not to be called again. Under the law, a person who is called in violation of this law may bring an action to receive up to $500 for each violation.

**Count Five** alleges that the calls violated subsection 64.1200(c)(2) of the regulations adopted by the Federal Communications Commission pursuant to the Telephone Consumer Protection Act. This law prohibits telemarketing calls to a phone number listed on the National Do Not Call Registry. The National Do Not Call Registry was created by the federal government to give consumers a choice about whether to receive telemarketing calls at home. It allows a consumer to register a telephone number on the National Do Not Call Registry to avoid receiving telemarketing calls. Under the law, a person whose residential number is on the National Do Not Call Registry and who receives at least two telephone calls within any 12-month period by or on behalf of the same entity may bring an action to receive up to $500 for each violation.

**Count Six** alleges that the calls violated subsections 64.1200(d)(1) or (d)(2) of the regulations adopted by the Federal Communications Commission pursuant to the Telephone Consumer Protection Act. Read together, these laws require that telemarketers not only have a written policy for maintaining a do-not-call list, but also train their phone representatives in how to use such a list. Under the law, a person who is called in violation of this law may bring an action to receive up to $500 for each violation.

**Count Seven** alleges that the calls violated subsection 64.1200(d)(3) of the regulations adopted by the Federal Communications Commission pursuant to the Telephone Consumer Protection Act. This law requires that telemarketers honor any requests to not be called again within a reasonable period of time after the do-not-call request. Under the law, a person who is called in violation of this law may bring an action to receive up to $500 for each violation.

**Count Eight** alleges that the calls violated subsection 64.1200(d)(4) of the regulations adopted by the Federal Communications Commission pursuant to the Telephone Consumer Protection Act. This law requires that any prerecorded voice in a telemarketing call provide the

called party the name of the actual company on whose behalf the call is being made, and a telephone number or address at which the company may be contacted. Under the law, a person who is called in violation of this law may bring an action to receive up to $500 for each violation.

**Count Nine** alleges that the calls violated subsection 57-12-22(A) of the New Mexico Unfair Practices Act. This law prohibits telemarketing calls that use an automatic telephone dialing system with a prerecorded message without the called person's consent. Under the law, a person who is called in violation of this law may bring an action to receive up to $500 for each violation. Under the law, a person who is called in violation of this law may bring an action to receive up to $100 for each violation.

**Count Ten** alleges that the calls violated subsection 57-12-22(B)(1) of the New Mexico Unfair Practices Act. This law prohibits telemarketing calls that do not state the name of the actual company behind the phone call or the primary purpose of the phone call within the first 15 seconds of the call. Under the law, a person who is called in violation of this law may bring an action to receive up to $100 for each violation.

**Count Eleven** alleges that the calls violated subsection 57-12-22(B)(2) of the New Mexico Unfair Practices Act. This law prohibits telemarketing calls that misrepresent the primary purpose of a telemarketing call as a "courtesy call," a "public service information call" or some other euphemism. A "euphuism" is a phrase used to avoid saying something that the called person might find unpleasant or offensive, or otherwise not engage with the phone call. Under the law, a person who is called in violation of this law may bring an action to receive up to $100 for each violation.

**Count Twelve** alleges that the calls violated subsection 57-12-22(B)(7) of the New Mexico Unfair Practices Act. This law prohibits the use of an automatic telephone dialing system that

dials multiple numbers at once but allows the possibility of a called person not being connected to the calling person for a period greater than two seconds. Under the law, a person who is called in violation of this law may bring an action to receive up to $100 for each violation.

**Count Thirteen** alleges that the calls violated subsection 57-12-22(C)(1) of the New Mexico Unfair Practices Act. This law prohibits making a telemarketing call to a phone number listed on the National Do Not Call Registry. Under the law, a person who is called in violation of this law may bring an action to receive up to $100 for each violation.

**Count Fourteen** alleges that the calls violated subsection 57-12-22(C)(2) of the New Mexico Unfair Practices Act. This law prohibits making a telemarketing call in a manner that causes a called person's phone to display inaccurate caller ID information. This is commonly referred to as caller ID "spoofing." Under the law, a person who is called in violation of this law may bring an action to receive up to $100 for each violation.

**Count Fifteen** alleges that the calls constituted a trespass to chattel. This is a legal principle that allows a person to seek damages if they have been deprived of the use of their property.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. \_\_\_\_\_**

RCI can be held responsible for the calls in two ways.

The first way is if you find that RCI made the calls itself. That means you are finding RCI is directly liable for the calls. With respect to each call at issue, you must decide whether Mr. Escano has established by a preponderance of the evidence that an RCI employee placed the call.

The second way is if you find that RCI is vicariously liable for the calls. That is when a corporation did not make the calls itself, but still can be held liable for the actions of another company who did make the calls or direct them. In other words, if another company made the calls (or directed them), the actions of that company can be viewed as if RCI did the actions.

You can find RCI is vicariously liable in a few different ways. You can find RCI is vicariously liable in as few or as many ways as you see fit, based on the evidence and any inferences you draw from the evidence.

The first way is if you find that RCI directed another company to make the calls. This is called express actual authority.

The second way is if you find that RCI's business activities with the company who made the calls (or directed the calls) led that other company to believe it should continue engaging in the telemarketing activities on behalf of RCI. In other words, RCI need not have explicitly told the other company to make the calls (or direct the calls) if RCI's actions led that company to believe it was okay to continue doing so. This is called implied actual authority.

The third way is if you find that a called person reasonably believed that the company making the calls has the authority to act on behalf of RCI, and that belief is traceable to RCI's

actions or statements.  Additionally, RCI would need to know that the company making the calls (or directing them) was violating telemarketing laws.  This is called apparent authority.

The fourth way is if you find that RCI had information that would lead a reasonable person to investigate further the company making the calls (or directing them), but that RCI continued to do business with that company and reward its activities.  This is called ratification.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. \_\_\_\_

Treble damages are triple damages awarded if you find that RCI was willful in its business activities for which it has been found liable.  To be found willful, RCI would either have knowledge of the underlying telemarketing activities or have information that would lead a reasonable person to investigate but RCI nonetheless failed to investigate.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. \_\_\_\_\_

If you find that Mr. Escano should recover damages, and if you further find that the conduct of RCI was willful, then you may award punitive damages against RCI. Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses. The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. \_\_\_\_\_**

Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing and/or by video. This testimony is entitled to the same consideration that you give any other testimony at this trial.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

You may hear evidence about the Form 10-K of RCI's parent company.  A Form 10-K is filed by publicly-traded companies with the United States Securities and Exchange Commission.  Under federal law, the statements made in these forms are certified by the Chief Executive Officer and Chief Financial Officer of the company filing the form.  Criminal penalties for false statements can result in up to 20 years in prison for the executives who falsely certify them.  Statements made in a Form 10-K may be read at trial as evidence and are entitled to the same consideration that you give any other testimony.

Dated this 21st day of October, 2024.

Respectfully submitted,

/s/ Ruben J. Escano

**Ruben J. Escano,** *pro se*
2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
rubenescano@gmail.com
(201) 527-8938

IT IS HEREBY CERTIFIED that on this 21st day of October, 2024, the foregoing was filed electronically through the CM/ECF system, causing all parties or counsel of record to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

By: /s/ Ruben J. Escano
**Ruben J. Escano**, *pro se*