**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

RUBEN ESCANO,

     Plaintiff,

v.                                                                          Civ. No. 22-360 DHU/GJF

RCI, LLC, et al.,

     Defendants.

**ORDER GRANTING MOTION TO COMPEL**
**POST-JUDGMENT DISCOVERY RESPONSES**

THIS MATTER comes before the Court upon Plaintiff's First Motion to Compel Post-Judgment Discovery Responses from Defendant Mexican Riviera Resorts Unlimited, S.A. de C.V. ("MXRRU"), filed January 9, 2026. Dkt. No. 269. MXRRU has not responded to Plaintiff's Motion, and the time for doing so has passed. *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion."); D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). For the reasons set out below, the Court **GRANTS** the Motion.

On September 22, 2025, the Court granted default judgment against MXRRU in favor of Plaintiff in the amount of $313,800, as well as post-judgment interest. Dkt. No. 267. Plaintiff now seeks post-judgment discovery from MXRRU on various matters, including its property, financial assets, and corporate interests. *See* Dkt. No. 269, Ex. B. Plaintiff represents that on November 17, 2025, he served post-judgment interrogatories on MXRRU by: (1) mailing them to the address provided in MXRRU's counsel's Motion to Withdraw (*see* Dkt. No. 103 ¶ 4); (2) mailing them to an address listed on MXRRU's registration documents with the State of Florida; and (3) e-mailing

them to one of two MXRRU corporate officers. *See* Dkt. No. 269 at 1-2; *see also* Dkt. No. 269, Exs. A–C. In addition, Plaintiff indicates that on December 23, 2025, he e-mailed the same requests to an attorney representing MXRRU who is also identified as MXRRU's registered agent in the State of Florida. Dkt. No. 269, Exs. A ¶ 3 & C. Plaintiff reports that, as of the date of his Motion, MXRRU has failed to respond to his discovery requests or to communicate with him in any manner concerning those requests.

Federal Rule of Civil Procedure 69 authorizes a judgment creditor, like Plaintiff, to obtain discovery in aid of execution from the judgment debtor, like MXRRU, as provided in the Federal Rules of Civil Procedure or by the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(2). Plaintiff relies on the Federal Rules of Civil Procedure by propounding interrogatories on MXRRU pursuant to Federal Rule of Civil Procedure 33. These interrogatories appear designed to uncover information about MXRRU's assets and to aid Plaintiff in execution of the Default Judgment. *See* Dkt. No. 269, Ex. B. In the Court's view, Plaintiff's post-judgment interrogatories comply with Rule 69 and appear to be relevant and proportional to the post-judgment needs of this case. Because MXRRU did not answer Plaintiff's interrogatories within the 30 days permitted for doing so, *see* Fed. R. Civ. P. 33(b)(2), Plaintiff moves to compel in accordance with Rule 37(a).

Plaintiff points out that this is not the District's first occasion to decide a motion compel post-judgment discovery on a defaulted party. Describing a similar motion as "unusual," Judge Fashing compelled responses to a plaintiff's post-judgment discovery requests served on a defaulted party in *Mohon v. Spiller*, No. 1:22-cv-108 DHU-LF, 2024 WL 4635198 (D.N.M. Oct. 31, 2024). In so doing, Judge Fashing noted that the Tenth Circuit had addressed and affirmed sanctions imposed by the district court for failure to comply with post-judgment discovery requests, thereby "indirectly supporting the notion that the discovery requests were proper in the

first place." *Id.* at *1 (citing *Porter Bridge Loan Co., Inc. v. Northrop*, 566 F. App'x 753, 755 (10th Cir. 2014)); *see also United States v. Mattison*, No. 24-cv-00158-GPG-CYC, 2025 WL 1504388 (D. Colo. May 27, 2025) (compelling responses to post-judgment discovery propounded on a defaulting party).

The Court concludes that there is authority supporting Plaintiff's request for an order compelling post-default judgment discovery from MXRRU, to include Rule 69 and implicit support from the Tenth Circuit. The Court will therefore authorize Plaintiff's attempt to gather discovery about MXRRU for purposes of executing on the September 22, 2025 Default Judgment and will compel MXRRU to respond to Plaintiff's post-judgment discovery requests within 21 days of entry of this Order.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

3